UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONVERGEN ENERGY LLC, L'ANSE WARDEN ELECTRIC COMPANY, LLC, EUROENERGY BIOGAS LATVIA LIMITED, and LIBRA CAPITAL US, INC.

       Plaintiffs,

-against-

STEVEN J. BROOKS, NIANTICVISTA ENERGY LLC, GREGORY MERLE, RIVERVIEW ENERGY CORPORATION, DANIEL ESCANDON GARCIA, RAMON URIARTE INCHAUSTI, CHIPPER INVESTMENT SCR, SA, URINCHA SL, THEODORE JOHN HANSEN, BRIAN R. MIKKELSON, and CONVERGEN ENERGY WI, LLC,

       Defendants.

Index No. **1:20-cv-03746**

**ORDER TO SHOW CAUSE**

  Plaintiff's Order to Show Cause for a temporary restraining order and preliminary injunction having been filed with the Court by The Seiden Law Group, LLP, attorneys for Plaintiffs Convergen Energy LLC, L'anse Warden Electric Company, LLC, Euroenergy Biogas Latvia Limited, LLC, and Libra Capital US, Inc., and the Court having considered Plaintiffs' Memorandum of Law dated May 19, 2020, Plaintiffs' Complaint and the Declaration of Phaedra S. Chrouos, and the Court having found that:

  (1) Plaintiffs will likely suffer immediate and irreparable harm if an injunction is not ordered;

  (2) Plaintiffs have a likelihood of success on the merits;

  (3) The balance of the hardships favors Plaintiffs; and

  (4) Relief is necessary to prevent further harm to Plaintiffs and to preserve evidence and/or other information that is relevant to the relief requested herein;

(5) Defendants will likely continue to misappropriate Plaintiffs' trade secrets;

**IT IS** on this _______ day of _____________, 2020,

**ORDERED**, that the above-named Defendants show cause before a motion term of this Court, through teleconference, or at Room 15C, United States Courthouse, 500 Pearl Street, New York, New York, on _________, 2020, at ____ o'clock, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure or in the alternative 18 U.S.C. §1836 (b)(3)(A) in favor of Plaintiff:

a. Enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise, from:

1. Accessing, disclosing, copying, or otherwise conveying Plaintiffs' electronic files during the pendency of this action.
2. Engaging in any activity that uses Plaintiffs' proprietary data or trade secrets during the pendency of this action.

b. Ordering that Defendants transfer to Plaintiffs the administrator rights to the euroenergybiogas.com Office 365 account and the euroenergybiogas.com domain;

c. Ordering that Defendants grant administrator rights to the convergenergy.com Office 365 account to Plaintiffs for the purpose of migrating Plaintiffs' emails and data in a manner that preserves all historical emails, data, and audit logs, and allows Plaintiffs to investigate the hacking and any access to their emails and data since January 31, 2020. Plaintiffs shall not view emails and data of Defendants, and Defendants shall not view emails and data of Plaintiffs;

    d. Ordering that Defendants Steven J. Brooks, Theodore John Hansen and Brian R. Mikkelson return to Plaintiffs all computers, cellphones and other hardware utilized during their employment with the respective Plaintiff entities; and

e. Ordering that Plaintiffs may take expedited discovery to determine who has had or continues to have access to Plaintiffs' trade secrets, and where such trade secrets are stored; and

e. Granting such other and further relief as the Court may deem proper to secure Plaintiffs trade secrets and stop the further misuse and dissemination of said trade secrets; and

f. Awarding reasonable attorney's fees and appropriate sanctions; and

**IT IS FURTHER ORDERED** that, sufficient reason having been shown therefore, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65 or in the alternative an injunction pursuant to 18 U.S.C. § 1836(b)(3)(A), the Defendants be temporarily restrained and enjoined in accordance with paragraphs (a) through (d) above.

**IT IS FURTHER ORDERED** that this temporary restraining order is binding upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon all other persons acting in concert or participation with them who receive actual notice of the order by personal service or otherwise.

**IT IS FURTHER ORDERED** that Plaintiff is not required to post a bond to secure the Order and temporary restraining order granted herein.

**IT IS FURTHER ORDERED** that security in the amount of $_________ be posted by Plaintiff prior to _______, 2020, at __ o'clock in the noon of that day.

**IT IS FURTHER ORDERED** that service of this Order and the papers upon which it is based and the Summons and Complaint be made by serving a copy of this Order and the papers and a copy of the Summons and Complaint on the Defendants on or before ________, 2020, via overnight mail; and

**IT IS FURTHER ORDERED** that answering papers, if any, shall be served to be received by counsel to Plaintiff no later than ___ day of _______, 2020 at 5:00 p.m.

**IT IS SO ORDERED.**

DATED: New York, New York
May ___, 2020

ISSUED: ________________

______________________________
**Lewis J. Liman**
**United States District Judge**