UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONVERGEN ENERGY LLC, L'ANSE WARDEN
ELECTRIC COMPANY, LLC, EUROENERGY
BIOGAS LATVIA LIMITED, and LIBRA CAPITAL
US, INC.

                         Plaintiffs,

-against-

STEVEN J. BROOKS, NIANTICVISTA ENERGY
LLC, GREGORY MERLE, RIVERVIEW ENERGY
CORPORATION, DANIEL ESCANDON GARCIA,
RAMON URIARTE INCHAUSTI, CHIPPER
INVESTMENT SCR, SA, URINCHA SL, THEODORE
JOHN HANSEN, BRIAN R. MIKKELSON, and
CONVERGEN ENERGY WI, LLC,

                         Defendants.

Index No. **1:20-cv-03746** (LJL)

---

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SERVE DEFENDANTS BY ALTERNATIVE MEANS OF SERVICE

Dated: June 18, 2020
New York, New York

SEIDEN LAW GROUP LLP

Michael Stolper
Dov B. Gold
469 Seventh Avenue, Fifth Fl.
New York, NY 10018
(646) 766-1703

*Counsel for Plaintiffs*

## **TABLE OF CONTENTS**

BACKGROUND ................................................................................................................................ 1

    Underlying Complaint ............................................................................................................. 1

    Investigation into Serving the Spanish Investors Through the Central Authority ..................... 1

ARGUMENT .................................................................................................................................... 2

    I.    The Circumstances Warrant Court Intervention ................................................................ 2

    II.    This Court Should Allow Personal Service Under Federal Rule 4(f)(2)(C)(i) ............... 3

    III.    This Court Should Service Allow Service By Alternative Means ................................ 4

        A.    Failed Hague Service Attempts Are Not Required To Order Alternative Service ......... 5

        B.    This Court Should Authorize Service By Postal Channels ............................................. 6

        C.    The Court Should Authorize Service By Email ............................................................. 6

        D.    The Court Should Authorize Service Through Counsel at KWM in New York ............ 7

CONCLUSION ................................................................................................................................. 8

**PRELIMINARY STATEMENT**

The fraudulent transaction set forth in the complaint was made possible by funding from co-conspirators in Spain (defined in the complaint as the "Spanish Investors"), specifically Defendants Daniel Escandon Garcia, Ramon Uriarte Inchausti, Chipper Investment SCR, SA, and Urincha SL. Due to COVID-19 and gamesmanship by counsel of the Spanish Investors, it is impossible to serve the Spanish Investors through the Central Authority in Spain per the Hague Convention. Consequently, Plaintiffs respectfully request permission to serve English and Spanish translations of the summons and complaint on the Spanish Investors through alternative means: personal service, email, postal channels, or on their counsel by email.

Article 10 of the Hague Convention permits alternative service (to which Spain did not object).[1] Additionally, service by personal service, email, postal channels, or on their counsel by email would pass constitutional muster since these alternative methods would reasonably apprise the Spanish Investors of the action. Accordingly, the Court should utilize its discretion and authorize Plaintiffs to serve the Spanish Investors by alternative methods.

**BACKGROUND**

**Underlying Complaint**

Plaintiffs initiated this action on May 14, 2020 by submitting a Complaint against the Spanish Investors and others. *See* Dkt. 1. The Complaint alleges, inter alia, that the Spanish Investors aided and abetted fraud and breaches of fiduciary duties against Plaintiffs. *Id*. at ¶74-79.

**Investigation into Serving the Spanish Investors Through the Central Authority**

---

[1] References herein to the "Hague Convention on Service" refers to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163; and "Article 10" refers to Article 10 of the Hague Convention on Service.

1

On May 18, 2020, Plaintiffs' counsel inquired with Spain's Central Authority (the "Central Authority") whether Covid has interrupted its service operations. *See* Declaration of Dov Gold, dated June 9, 2020 ("Gold Dec.") ¶ 4. The Central Authority responded that: (i) they cannot guarantee processing of all service applications because of Covid; and (ii) judicial proceedings are severely limited in Spain as they are only processing applications sent electronically and that are verified emergencies. On May 14, an attorney from King & Wood Mallesons' ("KWM") New York office advised counsel for Plaintiffs that all "[a]ll further correspondence . . . on this matter should be directed to me." *See* Gold Dec. ¶ 3.  Subsequently, Plaintiffs' counsel requested KWM confirm the addresses listed in the Complaint for the Spanish Investors and was ignored. *See* Gold Dec. ¶ 3.  Without a confirmed address and in light of the Central Authority ceasing normal operations, it would be futile, expensive and unnecessarily burdensome upon Plaintiffs to require first attempting service through the Central Authority. Plaintiffs do not seek to avoid the Central Authority and have begun the process of serving through the Central Authority despite the difficulties mentioned above.

## ARGUMENT

### I.     The Circumstances Warrant Court Intervention

Covid has placed unique and lasting challenges on service through the Central Authority, which has expressly explained to Plaintiffs that so long as Covid persists they cannot guarantee service will be made or even attempted.  *See* Gold Dec. ¶ 4.  Here, we are presented with an extraordinary situation where the Central Authority has grinded to a halt because of a global pandemic. *See Id*.  The Spanish Investors' counsel has refused to verify addresses for the Spanish Investors.  *See* Gold Dec. ¶ 3.  As the Central Authority requires an address, KWM's refusal to

provide Plaintiffs with the Spanish Investors address has made the likelihood of service through the Central Authority even more tenuous.

## II.     This Court Should Allow Personal Service Under Federal Rule 4(f)(2)(C)(i)

Under Federal Rule of Civil Procedure 4(f)(2)(C)(i) ("Rule 4(f)(2)(C)(i)"), if service is reasonably calculated to give notice, "in the absence of an internationally agreed-upon means of service, personal service of the summons and complaint on an individual in a foreign country will suffice unless that method of service used is prohibited by the law of the country where defendant is served." *S.E.C. v. Juno Mother Eatth asset Management, LLC*, 2012 WL 685302 at *4 (S.D.N.Y. Mar. 2, 2012) (internal citations omitted). New York courts have interpreted Rule 4(f)(2)(C)(i) to permit "personal service so long as the law of the foreign jurisdiction does not specifically forbid personal service." *S.E.C. v. Alexander*, 248 F.R.D. 108, 111 (E.D.N.Y. 2007) ("When Rule 4(f)(2)(C)(i) is read alongside Rule 4(f)(2)(A), it becomes clear that Rule 4(f)(2)(C)(i) permits any method of service that is not specifically proscribed by the foreign jurisdiction in which the service is effected.").

In *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273 (S.D. Fla. 1999), the Defendant was served through means of personal service in Spain. *Banco Latino, S.A.C.A.*, 53 F. Supp. 2d at 1276. Once served, the Defendant argued that service was improper under the Hague Convention on Service. The court in *Banco Latino* performed a two-step analysis, first, the court determined that "Article 19 [of the Hague Convention on Service] should be broadly construed so as to permit service by any means, subject to the Federal Rules of Civil Procedure, not proscribed by the foreign country." *Id.* at 1278-80. Second, the court dealt with the issue of whether Spain "expressly or impliedly prohibits service of process via delivery by a private individual." *Id.* The Court found that under Spanish law, "personal service by a private individual is not expressly

3

authorized or proscribed . . . Nor is there any indication that service of process by a private individual is contrary to any deeply rooted principles of Spanish law." *Id*. Therefore, the court found that service was proper under the Hague Convention as personal service was "not contrary to Spanish law and the service was sufficient under Federal Rule of Civil Procedure 4(f)." *Id*.

The facts here warrant the same ruling. As in *Banco Latino, S.A.C.A*, personal service is not forbidden under Spanish law and it would give Defendants Garcia and Inchausti proper notice, therefore, personal service complies with the Hague Convention and should be granted by this court.

### III.   This Court Should Service Allow Service By Alternative Means

The decision whether to allow alternative methods of serving process under FRCP 4(f)(3) is committed to the sound discretion of the district court. *See Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577 (VEC), 2018 WL 4804675, at *3 (S.D.N.Y. 2018). The Rule "provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *S.E.C. v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. 2009). Under Rule 4(f)(3), a "Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement [] and (2) comports with constitutional notions of due process." *Id*. (internal citations omitted). Under Rule 4(h), when serving corporations such as Defendants Urincha SL and Chipper Investment SCR, SA, service is proper under "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Federal Rule of Civil Procedure 4(h). This court should permit alternative service immediately because the Spanish Investors' counsel at KWM have refused to accept service on behalf of their clients or even confirm

the Spanish Investors' adresses, the Central Authority is unable to cooperate, Spain does not object to the below forms of service, and all forms of service comply with the Hague Convention.

### A. Failed Hague Service Attempts Are Not Required to Order Alternative Service

Although Plaintiffs are requesting service under multiple provisions of Rule 4(f), "[a] plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *Anticevic*, 2009 WL 361739, at *3.

Despite that there may be instances where a court may first require efforts to be made under the Hague Convention on Service, "nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (citing Wright & Miller, 4B Federal Practice & Procedure: Civil 3d § 1134, at 333 (2002) ("The only proscription on the district court's discretion is that the method not be prohibited by international agreement.")).

Indeed, "[s]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an international defendant."  *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (internal citation omitted).

Under the Federal Rules and this District's caselaw, Plaintiffs are not required to exhaust a service attempt through the Hague Convention on Service.  *See e.g.*, *Anticevic*, 2009 WL 361739, at *3 (S.D.N.Y. 2009).  Accordingly, and due to the circumstances detailed above, including the fact that Plaintiffs do not have a verified address for the Spanish Investors and that the Central Authority cannot guarantee the processing of applications, this Court should allow Plaintiffs to bypass the other provisions of Rule 4(f) and allow immediate service by alternative means.

**B.  This Court Should Authorize Service by Postal Channels**

Article 10 of the Hague Convention allows for service of process through alternative means such as "postal channels" unless a destination state objects to those means.  Hague Convention on Service, Article 10.  This principle has been applied to effectuate service inside of the United States as well other signatories of the Hague Convention.  *Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986) ("Since the United States has made no objection to the use of "postal channels" under Article 10(a), service of process by registered mail remains an appropriate method of service in this country under the convention. . . Federal courts construing the Hague Convention have apparently consistently upheld mail service thereunder to defendants in, for example, Japan, which, like the United States, is a signatory to the Convention and has not objected to mail service under Article 10(a)."); *see also Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 334 (S.D.N.Y. 2008) (finding service by mail proper under Article 10 of the Hague Convention in Mexico).  While service of mail is contemplated under the Federal Rules under Rule 4(f)(2)(C)(ii), in lieu of the current pandemic, it is impossible to guarantee a mail carrier will be able to obtain a signature upon delivery, thus, Plaintiffs ask this court to grant service by postal channels under Rule 4(f)(3).

As Spain has not objected to Article 10 of the Hague Convention, service by postal channels, such as Fedex or the United States Postal Service, is clearly allowed.  Therefore, this court should authorize service by mail to serve the Spanish Investors without requiring a signature upon delivery.

**C.  The Court Should Authorize Service by Email**

As personal service on the Spanish Investors via email is not explicitly referenced in Article 10 and Spain has not objected to Article 10, such service is not prohibited.  *Gurung v. Malhotra*,

6

279 F.R.D. 215, 219 (S.D.N.Y. 2011) ("Where a signatory nation has objected to only those means of service listed in Article X, a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article X.").

Furthermore, this Court has found that service through email is not precluded. *See Pecon Software Ltd.*, WL 4016272 at *5 ("Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); *see also U.S. S.E.C. v. China Intelligent Lighting & Elecs., Inc.*, No. 13 CIV. 5079 JMF, 2014 WL 338817, at *1 (S.D.N.Y. 2014) (holding that emailing Chinese nationals did not violate any international agreements); *see also Gurung*, 279 F.R.D. at 220 (collecting cases authorizing email service).

### D. The Court Should Authorize Service Through Counsel at KWM in New York

"[B]ecause service on counsel occurs domestically, and does not involve transmission of documents abroad, it does not even 'implicat[e]' the Hague Convention." *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013) (ordering service on foreign defendant's counsel in New York where foreign defendant had notice of the lawsuit and there was evidence of communication between defendant and counsel). Adequate communication is found where defendant and his counsel had "been in recent contact." *Prediction Co. LLC v. Rajgarhia*, No. 09 CIV.7459(SAS), 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010). Further, "[s]uch service 'is a common form of service ordered under Rule 4(f)(3).'" *Id.* (quoting *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011).

Plaintiffs' proposed alternative means of service pass constitutional muster. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir.2002). "Constitutional notions of due process require that any means of service be 'reasonably calculated, under all circumstances,

7

to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Anticevic*, 2009 WL 361739 at *4 (quoting, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, the proposed alternative means of service are reasonably calculated to apprise the Spanish Investors of the action. Because Defendant Ramon Uriarte Inchausti is a representative and attorney-in-fact of Defendant Chipper Investment SCR SA, and president, advisor and attorney-in-fact of Defendant Urincha SL emailing Defendant Ramon Uriarte Inchausti would provide notice to those corporate defendants. See Gold Dec. ¶ 5. Furthermore, the Spanish Investors have already engaged counsel in this matter and as such have been noticed of the pending litigation. *See* Gold Dec. ¶ 3. In fact, counsel for the Spanish Investors contacted counsel for Plaintiffs only after they received a communication directed to Defendant Ramon Uriarte Inchausti (ruriarte@moninvest.es). See Gold Dec. ¶ 6. "Service of process is not intended to be a game of cat and mouse. Rather, '[t]he purpose of service of process is to apprise the defendant that suit has been brought against him and to give him an opportunity to defend.'" *Unite Nat'l Ret. Fund*, 643 F. Supp. 2d at 336 (quoting, *National Equipment Rental, Ltd. v. Szukhent*, 311 F.2d 79, 83 (2d Cir.1962)).

## **CONCLUSION**

For all the foregoing reasons, and for those contained in the affidavit, declaration and other supporting papers submitted herewith, and upon all the other documents and proceedings in this action, the Court should order service of process on the Spanish Investors through personal service, postal channels, email, or on their counsel by email.

| | |
|---|---|
| Dated: June 18, 2020<br>New York, New York | SEIDEN LAW GROUP LLP<br><br>By:   /s/ Dov Gold<br>    Dov B. Gold<br>    Michael Stolper<br>    469 Seventh Avenue, Fifth Fl.<br>    New York, NY 10018<br>    (646) 766-1703<br><br>*Counsel for Plaintiffs* |