UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONVERGEN ENERGY LLC, L'ANSE WARDEN ELECTRIC COMPANY, LLC, EUROENERGY BIOGAS LATVIA LIMITED, and LIBRA CAPITAL US, INC.

                Plaintiffs,

-against-

STEVEN J. BROOKS, NIANTICVISTA ENERGY LLC, GREGORY MERLE, RIVERVIEW ENERGY CORPORATION, DANIEL ESCANDON GARCIA, RAMON URIARTE INCHAUSTI, CHIPPER INVESTMENT SCR, SA, URINCHA SL, THEODORE JOHN HANSEN, BRIAN R. MIKKELSON, and CONVERGEN ENERGY WI, LLC,

                Defendants.

Index No. **1:20-cv-03746** (LJL)

## DECLARATION OF DOV GOLD IN SUPPORT OF MOTION TO SERVE DEFENDANTS BY ALTERNATIVE MEANS OF SERVICE

Dov Gold, being duly sworn, deposes and says as follows under penalty of perjury:

1. I am an Associate of the Seiden Law Group. I am licensed to practice in the State of New York and I submit this declaration in support of the Motion to Serve Defendants by Alternative Means of Service.

2. I represent Plaintiffs Convergen Energy LLC, L'Anse Warden Electric Company, LLC, Euroenergy Biogas Latvia Limited, and Libra Capital US, Inc.

3. On May 11, 2020, Plaintiffs' counsel emailed the Spanish Defendants a copy of the complaint, seeking to negotiate a settlement prior to filing this action. *See* Dkt. 59-1.

4. On May 14, 2020, counsel for the Spanish Defendants responded by threatening to "seek appropriate sanctions" and stating, "we are not authorized to, nor will we accept, service of process." *See* Id.

5. On May 18, 2020, in response to notice of Plaintiffs' emergency application, Spanish Defendants' counsel took the opportunity to state that service "on our clients can only be properly effected through the Hague Service Convention." That email correspondence is attached as **Exhibit A**.

6. On May 22, 2020, Plaintiffs' counsel wrote to request confirmation of the Spanish Defendants' addresses; counsel for the Spanish Defendants never responded. *See* Dkt. 59-1.

7. On July 6, 2020, I responded to the Central Authority's May 19, 2020 email, and asked for guidance on what would be considered urgent requests, with due accreditation of said urgency. I did not receive a response. See email attached as **Exhibit B**.

8. Plaintiffs confirmed in the non-Spanish Defendants' interrogatory responses that the Spanish Defendants received Plaintiffs' trade secrets and confidential information presumably as part of their role in funding the fraudulent acquisition. *See* Responses to Interrogatories 1, 4, and 4A by the non-Spanish Defendants attached as **Exhibit C and D.**

9. *The New York Times* reported Spain's justice system is on the verge of collapse because of Covid among other reasons. See article attached as **Exhibit E**. Spain's Central Authority is part of Spain's Ministry of Justice. The article was published on May 25, 2020 and updated on June 26, 2020.

10. Plaintiffs have requested the clerk issue a summons for Daniel Escandon Garcia with a newly obtained address. *See* Dkt. 70.

11.     Plaintiffs have sent their formal request for the Central Authority to serve Ramon Uriarte Inchausti, Chipper Investment SCR, S.A. and Urincha, SL.

12.     Plaintiffs have translated the issued summonses and Complaint into Spanish.

Dated: New York, New York
July 9, 2020

*/s/ Dov Gold*
Dov Gold