CONVERGEN ENERGY LLC, et al.,

                Plaintiffs,

v.                               CASE NO.: 1:20-CV-03746 (LJL)

STEVEN J. BROOKS, et al.,

                Defendants.

## SPECIALLY APPEARING DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:    CONVERGEN ENERGY LLC, L'ANSE WARDEN ELECTRIC COMPANY, LLC, EUROENERGY BIOGAS LATVIA LIMITED, and LIBRA CAPITAL US, INC.
c/o Michael T. Stolper, Esq.
SEIDEN LAW GROUP LLP
469 7th Avenue
New York, NY 10018

Pursuant to Federal Rule of Civil Procedure 33, Specially Appearing Defendants Steven J. Brooks ("Brooks"), NianticVista Energy, LLC ("Niantic"), Gregory Merle ("Merle"), and Riverview Energy Corporation ("Riverview," collectively "Defendants") hereby provide their Objections and Responses ("Responses") to the Interrogatories ("Requests") of Plaintiffs Convergen Energy LLC, ("CE"), L'Anse Warden Electric Company, LLC ("L'Anse"), Euroenergy Biogas Latvia Limited ("Latvia"), and Libra Capital US, Inc. ("Libra") (collectively, "Plaintiffs") as follows:

## GENERAL OBJECTIONS

1. Defendants' Responses are limited solely to answers based on documents and information within Defendants' possession, custody or control at this time. Defendants object to each Request to the extent that it seeks a response based on documents or information beyond

**EXHIBIT 4**

Defendants' possession, custody or control. Defendants reserve all rights to update these Responses as additional information or discovery is received.

2. Defendants object to the Requests to the extent they differ from or conflict with the obligations set forth in the Federal Rules of Civil Procedure, the Local Rules, the Rules of the Court or applicable law.

3. Defendants object to the Requests to the extent they are not narrowly tailored and targeted at documents or information needed to resolve Plaintiffs' motion for a preliminary injunction, the sole subject on which the Court has permitted expedited discovery, or to the extent the Requests otherwise exceed or vary from the scope of the Court's Order permitting expedited discovery.

4. Defendants object to the Requests to the extent they are duplicative, seeking documents or information both from Convergen Energy WI, LLC, and the same documents or information from employees, owners or agents of Convergen Energy WI, LLC. If documents or information are being provided by Convergen Energy WI, LLC, Defendants will not provide duplicative documents or information.

5. Defendants object to the Requests to the extent they seek disclosure of information protected from discovery or other involuntary disclosure by reason of the attorney-client privilege, work product privilege or other rule of privilege or confidentiality provided by law, including, but not limited to, information concerning internal memoranda, notes and records prepared by Defendants' counsel.

6. Defendants object to the Requests to the extent they seek documents or information that are a matter of public record, or documents or information within the possession, custody or control of Plaintiffs or a third-party.

**EXHIBIT 4**

7. Defendants object to the Requests to the extent they seek information or documents that are not relevant to the claims or defenses of any party or not proportional to the needs of the case, and are therefore beyond the scope of discovery under Rule 26(b)(1).

8. Defendants object to the definition of "Trade Secrets and Confidential Information of Plaintiffs" as vague, ambiguous, overly broad, unduly burdensome, and seeking documents or information that are not relevant to the claims or defenses of any party, not proportional to the needs of the case, or not within the scope of the Court's limited Order permitting expedited discovery.

9. Defendants object to the provision of sensitive discovery in advance of the parties' negotiation and the Court's entering of an appropriate Protective Order.

10. Defendants reserve the right to amend or supplement their Responses after discovery and investigation from Plaintiffs and appropriate third parties has been completed.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify any person that has received non-public information about Plaintiffs or Convergen Energy WI, LLC.

**ANSWER TO INTERROGATORY NO. 1:** Defendants incorporate their General Objections into their Response to this Request as if fully stated herein. Defendants further object to this Request on the ground that the phrase "non-public information" is vague, ambiguous, overly broad, unduly burdensome, and seeks documents or information that are not relevant to the claims or defenses of any party, not proportional to the needs of the case, or not within the scope of the Court's limited Order permitting expedited discovery. Defendants further object to this Request on the grounds that it seeks proprietary information about Convergen Energy WI, LLC's post-sale operations that have no relevance to Plaintiffs' preliminary injunction motion, and such information is not within the scope of the Court's limited Order permitting expedited discovery

**EXHIBIT 4**

nor within the scope of discovery. Defendants further object to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product doctrine or other rules of confidentiality or privilege. Defendants further object to the provision of sensitive information in advance of the parties' negotiation and the Court's entering of an appropriate Protective Order. Defendants further object that that this Request seeks information already known to the Plaintiffs or subject to the Plaintiffs' possession, custody or control, as Plaintiffs have made numerous disclosures of non-public information relating to the Plaintiffs or Convergen Energy WI, LLC, during the relevant time period, including but not limited to in connection with Convergen Energy LLC's sale of 100% of its membership interest in Convergen Energy WI, LLC. Subject to and without waiving these objections, Defendants respond to this Request as follows: Any number of directors, officers, managers, owners, employees or agents of the Plaintiffs, Convergen Energy WI, LLC, BMO Harris Bank N.A., or their lenders, vendors, owners, affiliates and potential or actual business partners, including but not limited to George Logothetis, Nicholas Logothetis, Bert Diaz, Adamantios Tomazos, Camilo Patrignani, Fidel Andueza, Phaedra Chrousos, Nikolaos Baziotis, Neil Mortimer, Chris Watson, Emma Belchier, Kerry O'Toole, Aaron Weiss, Michael Todd Stolper, Dov Byron Gold, Aaron Nelson, Ramon Uriarte Inchausti, Daniel Escandon Garcia, Steven J. Brooks, Gregory Merle, Theodore Hansen, and Brian Mikkelsen.

**INTERROGATORY NO. 2:** Identify all persons who have or had the ability to access the Office 365 Accounts and Domain Names as an administrator or with similar privileges to view all emails and data.

**ANSWER TO INTERROGATORY NO. 2:** Defendants incorporate their General Objections into their Response to this Request as if fully stated herein. Defendants further object that the phrase "similar privileges" is vague and ambiguous. Defendants further object to this

**EXHIBIT 4**

Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product doctrine or other rules of confidentiality or privilege. Defendants further object to the provision of sensitive information in advance of the parties' negotiation and the Court's entering of an appropriate Protective Order. Defendants further object that that this Request seeks information already known to the Plaintiffs or subject to the Plaintiffs' possession, custody or control. Defendants further object to this Request on the grounds that it is duplicative, as it is directed both at Convergen Energy WI, LLC, and employees, owners or agents of Convergen Energy WI, LLC. To the extent Defendants have knowledge or information in their capacity as employees, owners or agents of Convergen Energy WI, LLC, that information is provided in Convergen Energy WI, LLC's Response to this Request, and need not be duplicated here. Subject to and without waiving these objections, Defendants respond to this Request as follows: Brian Mikkelsen.

**INTERROGATORY NO. 3:** Identify the members and officers of NianticVista Energy LLC and any members and officer of any LLCs in the chain of ownership.

**ANSWER TO INTERROGATORY NO. 3:** Defendants incorporate their General Objections into their Response to this Request as if fully stated herein. Defendants further object to this Request on the grounds that the term "officer" is ambiguous in the setting of an LLC. Defendants further object to this Request on the ground that it seeks information or documents that are not relevant to the Plaintiffs' preliminary injunction motion, and therefore not within the scope of the Court's limited Order permitting expedited discovery. Defendants further object to the provision of sensitive information in advance of the parties' negotiation and the Court's entering of an appropriate Protective Order. Defendants further object to this on the grounds that Plaintiffs have already made representations, purportedly on personal knowledge, to the United States District Court for the Eastern District of Wisconsin as to the members of NianticVista Energy,

**EXHIBIT 4**

LLC, and therefore the information sought is already within Plaintiffs' possession, custody or control. Subject to and without waiving these objections, Defendants respond to this Request as follows: 4406 Cypress Lane, L.L.C., and Gregory Merle.

**INTERROGATORY NO. 4:** Identify the members and officers of Convergen Energy WI, LLC and any members and officer of any LLCs in the chain of ownership.

**ANSWER TO INTERROGATORY NO. 4:** Defendants incorporate their General Objections into their Response to this Request as if fully stated herein. Defendants further object to this Request on the grounds that the term "officer" is ambiguous in the setting of an LLC. Defendants further object to this Request on the ground that it seeks information or documents that are not relevant to the Plaintiffs' preliminary injunction motion, and therefore not within the scope of the Court's limited Order permitting expedited discovery. Defendants further object to the provision of sensitive information in advance of the parties' negotiation and the Court's entering of an appropriate Protective Order. Defendants further object to this on the grounds that Plaintiffs have already made representations, purportedly on personal knowledge, to the United States District Court for the Eastern District of Wisconsin as to the members of Convergen Energy WI, LLC, and therefore the information sought is already within Plaintiffs' possession, custody or control. Defendants further object to this Request on the grounds that it is duplicative, as it is directed both at Convergen Energy WI, LLC, and employees, owners or agents of Convergen Energy WI, LLC. To the extent Defendants have knowledge or information in their capacity as employees, owners or agents of Convergen Energy WI, LLC, that information is provided in Convergen Energy WI, LLC's Response to this Request, and need not be duplicated here. Subject to and without waiving these objections, Defendants respond to this Request as follows: *see* above Response to Interrogatory No. 3.

# EXHIBIT 4

**INTERROGATORY NO. 5:** Identify the members and officers of 4406 Cypress Lane LLC and any members and officer of any LLCs in the chain of ownership.

**ANSWER TO INTERROGATORY NO. 5:** Defendants incorporate their General Objections into their Response to this Request as if fully stated herein. Defendants further object to this Request on the grounds that the term "officer" is ambiguous in the setting of an LLC. Defendants further object to this Request on the ground that it seeks information or documents that are not relevant to the Plaintiffs' preliminary injunction motion, and therefore not within the scope of the Court's limited Order permitting expedited discovery. Defendants further object to the provision of sensitive information in advance of the parties' negotiation and the Court's entering of an appropriate Protective Order. Defendants further object to this on the grounds that Plaintiffs have already made representations, purportedly on personal knowledge, to the United States District Court for the Eastern District of Wisconsin as to the members of 4406 Cypress Lane, L.L.C., and therefore the information sought is already within Plaintiffs' possession, custody or control. Subject to and without waiving these objections, Defendants respond to this Request as follows: *see* above Response to Interrogatory No. 3.

Dated June 11, 2020.

As to Objections:

By: *Ryan M. Billings*

Ryan M. Billings
S.D.N.Y. Bar No. RB0378
**KOHNER, MANN & KAILAS, S.C.**
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone: (414) 962-5110
Facsimile: (414) 962-8725
Email: rbillings@kmksc.com

Attorneys for Defendants Steven J. Brooks, NianticVista Energy, LLC, Gregory Merle, and Riverview Energy Corporation

# EXHIBIT 4

## VERIFICATION

STATE OF CONNECTICUT )
) ss.
FAIRFIELD COUNTY )

Steven J. Brooks makes the following declaration under penalty of perjury:

1. I have read the foregoing *Specially Appearing Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories*, and know the contents thereof.

2. The Responses were prepared with the assistance and advice of counsel, and based in part upon information and verification obtained from others.

3. The answers set forth in the Responses, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of such answers.

4. Consequently, I reserve the right to make changes in such answers if it appears at any time that omissions or errors have been made therein or that additional or more accurate information is available.

5. Subject to the limitations set forth herein, such answers are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 8TH day of June, 2020.

_____
Steven J. Brooks

8

**EXHIBIT 4**

# VERIFICATION

STATE OF FLORIDA        )
                        ) ss.
Palm Beach COUNTY       )

Gregory Merle makes the following declaration under penalty of perjury:

1. I am a duly-appointed representative of Defendants NianticVista Energy, LLC, and Riverview Energy Corporation. In that and in my personal capacity, I have read the foregoing *Specially Appearing Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories*, and know the contents thereof.

2. The Responses were prepared with the assistance and advice of counsel, and based in part upon information and verification obtained from others.

3. The answers set forth in the Responses, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of such answers.

4. Consequently, I reserve the right to make changes in such answers if it appears at any time that omissions or errors have been made therein or that additional or more accurate information is available.

5. Subject to the limitations set forth herein, such answers are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 11th day of June, 2020.

_____
Gregory Merle

**EXHIBIT 4**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June, 2020, a true and correct copy of the foregoing document, *Specially Appearing Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories* was served by electronic mail to the following counsel:

Michael T. Stolper, Esq.
SEIDEN LAW GROUP LLP
469 7th Avenue
New York, NY 10018
mstolper@seidenlegal.com

*[signature]*
Ryan M. Billings

# EXHIBIT 4