EMPLOYMENT AGREEMENT

EMPLOYMENT AGREEMENT, dated as of January 31, 2020, between CONVERGEN ENERGY WI LLC, a Delaware limited liability company having an office at 600 Liberty Street, Green Bay, WI 54304 (the "Company"), and Brian R. Mikkelson, an individual residing at 2144 Barberry Lane, Green Bay, WI 54304 (the "Employee").

WHEREAS, the Company desires to employ the Employee and the Employee desires to be employed by the Company under the terms and conditions set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. <u>Retention as Employee; Duties</u>. The Company hereby employs the Employee in the position of Controller at its offices located in Green Bay, Wisconsin. The Employee hereby accepts such employment and agrees to devote the Employee's full business time, attention and energies to the performance of the Employee's duties hereunder.

2. <u>Compensation</u>. For all services rendered hereunder by the Employee, the Company shall pay the Employee a base salary ("Base Salary") at an annual rate of $130,000.00 payable in periodic installments in accordance with the Company's regular payroll practices as in effect from time to time. The Company, in its sole and absolute discretion, may determine to increase the Base Salary from time to time. The Company, in its sole and absolute discretion, may determine to award the Employee a bonus for services performed during any calendar year, which, if awarded, would be payable on or about April 1 of the year following the year in which such services were provided. All amounts of compensation, and such other amounts payable to the Employee under this Agreement, are subject to all applicable tax, Social Security and other legally required withholding pursuant to any law or regulation.

3. <u>Benefits and Reimbursement</u>. During the term of this Agreement, the Employee shall be entitled to the following benefits (collectively, "Benefits"):

(a) The Employee shall be entitled to twenty (20) paid vacation days per calendar year in addition to regular paid holidays, which amount shall be pro-rated for any year in which the Employee is employed for less than the full calendar year. Vacation may be taken at the mutual convenience of the Employee and the Company. Up to five (5) unused vacation days may be carried over to any succeeding calendar year.

(b) The Employee shall be entitled to participate in the Company's employee benefit plans maintained for employees generally, in accordance with the provisions of the plan documents under which such plans are maintained. Such benefit plans are subject to unilateral amendment by the Company in its sole and absolute discretion, except to the extent such discretion may be limited by applicable law.

(c) The Employee shall be reimbursed by the Company for all reasonable business expenses incurred by the Employee in connection with the performance of the Employee's services under this Agreement, subject to the Company's policies in effect from time

**EXHIBIT 13**

to time with respect to such expenses, including the Company's requirements with respect to reporting and documentation of such expenses.

4. No Other Business Activities. The Employee shall not, during the term of this Agreement, be engaged in any other business activity without the prior written consent of the Company, except that the foregoing shall not be deemed to prevent the Employee from making and supervising passive investments in other and different businesses, provided that the same (a) are not in competition with the business of the Company and (b) do not interfere with the performance of the Employee's duties hereunder; provided, however, that notwithstanding the foregoing, the Employee may own, directly or indirectly, solely as an investment, securities of any such person which are traded on any national securities exchange or NASDAQ if the Employee (A) is not a controlling person of, or a member of a group which controls, such person and (B) does not, directly or indirectly, own 5% or more of any class of securities of such person. The Employee shall be allowed to assist in the transition of the Employee's former responsibilities with Convergen Energy LLC for a reasonable time period.

5. Company Policies. The Employee will be subject to all rules and policies applicable to employees of the Company generally or at Employee's level as set forth in the Convergen Energy WI LLC Employee Handbook ("Handbook"), which is subject to unilateral amendment by the Company in its sole and absolute discretion, or as otherwise provided by the Company.

6. Representations. The Employee represents and warrants to the Company that the Employee is not party to any agreement or any other contractual or other binding obligations or subject to any applicable policy that would prevent or restrict the Employee from performing the Employee's duties and responsibilities for the Company, including, without limitation, any agreements or other obligations or documents relating to non-competition, non-solicitation of clients, customers or employees, confidentiality, trade secrets or proprietary information.

7. Proprietary Information of the Company. The Employee acknowledges and agrees that Employee is and shall remain subject to the terms and provisions of that certain Employee and Proprietary Information Agreement entered into by the Employee and the Company on the date hereof (the "Proprietary Information Agreement").

8. Term; Employment-At-Will. This Agreement is for an indefinite term, with the understanding that the Employee's employment with the Company is at-will. The Employee may resign at any time for any reason by giving written notice to the Company of the date of such resignation at least two weeks in advance of the resignation date. The Company may terminate the Employee's employment at any time for any reason by giving written notice to the Employee of the date of such termination at least two weeks in advance of the termination date, except that: (a) the Company may terminate employment for Cause without advance notice; and (b) for a termination for reasons other than Cause, the Company may, it is sole and absolute discretion, provide a shorter or no notification period, and pay the Employee's base salary for the number of additional working days the Employee would have worked if the Employee had received two weeks notice. For purposes of this Section 8, "Cause" means shall mean (i) violation of Company policies; (ii) refusal to perform the Employee's duties, responsibilities or obligations, or other insubordination; (iii) fraud, theft, misappropriation of funds, embezzlement

**EXHIBIT 13**

or dishonesty; or (iv) conviction of a crime or plea of guilty or *nolo contendre* involving a crime, whether or not involving the Company. If the Employee's employment ceases for any reason, this Agreement shall terminate as of the date of such termination, except for the obligations set forth in Section 7 of this Agreement which shall be subject to the terms of the Proprietary Information Agreement, which shall continue in effect after employment ceases for any reason, and the provisions in Sections 9, 10 and 11 as such provisions apply to any dispute between the Employee and the Company that arose before the termination of employment.

9. <u>Arbitration</u>. The Company and the Employee agree that any claim, dispute or controversy arising under or in connection with this Agreement, or otherwise in connection with the Employee's employment by the company or termination of the Employee's employment (including, without limitation, any such claim, dispute or controversy arising under any federal, state or local statute, regulation or ordinance or any of the company's employee benefit plans, policies or programs). The arbitration shall be held in Wisconsin. The arbitration shall be conducted in accordance with the National Rules for the Resolution of Employment Disputes (the "Rules") of the American Arbitration Association ("the AAA") in effect at the time of the arbitration, except that the Company shall pay all filing fees, forum fees and arbitrator fees in connection with such arbitration. The award of the arbitrator shall be set forth in writing, and be binding and conclusive on all parties. Any action to enforce or vacate the arbitrator's award shall be governed by the Federal Arbitration Act, if applicable, and otherwise by Wisconsin state law.

10. <u>Miscellaneous</u>.

(a) This Agreement shall be governed by and construed in accordance with the laws of the State of Wisconsin, except as otherwise provided in Section 9.

(b) This Agreement sets forth the entire agreement between the parties hereto with respect to the subject matter hereof and is intended to supersede all prior negotiations, understandings and agreements between the parties hereto.

(c) No provision of this Agreement may be waived or amended, except by a writing signed by the parties hereto.

(d) This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and together which shall constitute one and the same instrument.

(e) This Agreement shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors, assigns and personal representatives.

(f) Any and all notices or other communications hereunder shall be sufficiently given if sent by hand, overnight courier or by certified mail, return receipt requested, postage prepaid, addressed to the party to receive the same at its or the Employee's address as set forth on page 1 hereof, or to such other address as the party to receive the same shall have specified by written notice given in the manner provided for in this Section 10(f). Such notices or other communications shall be deemed to have been given upon receipt if given by hand or by overnight courier, and five days after the date deposited in the mail.

**EXHIBIT 13**

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

CONVERGEN ENERGY WI LLC

By: _____
Its:

_____
Brian R. Mikkelson

# EXHIBIT 13