UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONVERGEN ENERGY LLC, L'ANSE WARDEN
ELECTRIC COMPANY, LLC, EUROENERGY
BIOGAS LATVIA LIMITED, and LIBRA CAPITAL
US, INC.

       Plaintiffs,

-against-

STEVEN J. BROOKS, NIANTICVISTA ENERGY
LLC, GREGORY MERLE, RIVERVIEW ENERGY
CORPORATION, DANIEL ESCANDON GARCIA,
RAMON URIARTE INCHAUSTI, CHIPPER
INVESTMENT SCR, SA, URINCHA SL, THEODORE
JOHN HANSEN, BRIAN R. MIKKELSON, and
CONVERGEN ENERGY WI, LLC,

       Defendants.

Index No. **1:20-cv-03746** (LJL)

# PLAINTIFFS' OPPOSITION TO ELMERINA BROOKS' MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER

Dated: July 20, 2020
New York, New York

SEIDEN LAW GROUP LLP

Michael Stolper
Dov B. Gold
469 Seventh Avenue, Fifth Fl.
New York, NY 10018
(646) 766-1703

*Counsel for Plaintiffs*

ii

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

I.      The Subpoenas are Appropriate and Narrowly Tailored ..................................................... 1

II.     The Motion Is Not Supported by Relevant Facts................................................................. 2

III.    The Motion Is the Latest Delay Tactic by Defendants ....................................................... 4

CONCLUSION................................................................................................................................ 5

**PRELIMINARY STATEMENT**

Plaintiffs seek highly relevant discovery from Elmerina Brooks ("Ms. Brooks") who admittedly funded the fraudulent scheme but claims discovery from her would be useless because she has never seen a single document related to the investment. Ms. Brooks would have us think she is the unwitting instrument of her son, Steven Brooks ("Mr. Brooks"), who is jointly represented by counsel.

Ms. Brooks does not submit any declaration to support this or any other statement in the motion. Instead, Ms. Brooks relies on counsel to falsely paint the Plaintiffs as villains who will stop at nothing to harass the Defendants and have now stooped so low as to subpoena a "senior citizen." Ms. Brooks' documents and testimony are highly relevant because she participated in the scheme and, therefore, is an obvious recipient of pilfered trade secrets and other non-public information at issue in this litigation.

I. **The Subpoenas are Appropriate and Narrowly Tailored**

In Plaintiffs' request for a Temporary Restraining Order, Plaintiffs requested "narrowly tailored discovery to determine the scope of dissemination beyond the Defendants to determine what further acts Plaintiffs must take to protect their trade secrets and plug any leaks that have been overlooked." *See* Dkt. 25. The Court ordered that "the parties may take expedite discovery to address all issues relevant to the application for a preliminary injunction." *See* Id. That is exactly what Plaintiffs served on Ms. Brooks.

Ms. Brooks claims that trade secrets are too broadly defined and includes "non-public" information, placing an unreasonable burden on her. Plaintiffs' motion was not limited to trade secrets and discusses confidential information as well. *See* Dkt. 25. More importantly, even the broadest trade secret definition should not place an undue burden upon her because she should not have any trade secrets or confidential information to produce. That is in fact what she claims.

1

The definition only becomes burdensome is she has a large volume of trade secrets and confidential information belonging to Plaintiffs. In either scenario Ms. Brooks should be required to comply with the subpoenas.

Ms. Brooks contradicts Mr. Brooks' interrogatory responses with this motion. Ms. Brooks admits to having received confidential information that, "Convergen Energy LLC was selling its subsidiary [CEW] to Niantic." In response to interrogatories to identify any person with Plaintiffs' non-public information or financial interest in CEW, Mr. Brooks failed to disclose his own mother. *See* Declaration of Dov Gold, Exhibit 1 ("Gold Dec."). Ms. Brooks' suggestion that we should simply redirect all questions to Mr. Brooks is not only silly but it also demonstrably wrong and has yielded inconsistent statements thus far.

Plaintiffs are attempting to track down their trade secrets and identify evidence to support their request for a preliminary injunction. A necessary and predictable first step of this effort is obtaining evidence from and about those who participated in the fraudulent scheme. Plaintiffs do not know who at the various defendant entities have come into possession of Plaintiffs' trade secrets or information about their theft. *See* Gold Dec. at 3. It is simply an open question as to what role Ms. Brooks played and whether she or her entity possesses or disclosed information pertinent to Plaintiffs.

II.     **The Motion Is Not Supported by Relevant Facts**

The motion is littered with misrepresentations by counsel that are not supported by any declaration. *See* Local Civil Rule 7.1(a)(3). In fact, Ms. Brooks does not even swear as to her own status as an "at-risk" person and relies on her counsel for this statement. Ms. Brooks' attempt to allege facts without any sworn statement only serves to highlight the necessity for production and sworn testimony. Ms. Brooks' make two sweeping and unsupported statements:

(1) that she has no knowledge of her investment beyond it was requested by her son and she complied; and (2) that "[t]his is the Sum total of Ms. Brooks' relationship to the case."

Ms. Brooks' counsel surprised Plaintiffs with the present motion. *See* Gold Dec. at 4-7. On June 29, 2020, at about 7 PM in New York, Plaintiffs' counsel sent defense counsel a Notice of Subpoena on Elmerina Brooks. *See* Gold Dec. at 4. The next day at 1:40 PM the process server placed a call to Ms. Brooks' home after no one responded to knocking on the door. *See* Gold Dec., Exhibit 3. Ms. Brooks answered the phone and put her "husband" on the phone. *See* Id. Her "husband" then "stated that he will call his attorney to arrange service via email." *See* Id. On June 30, at about 2 PM, after Plaintiffs' server attempted service on Elmerina Brooks, Mr. Brooks' counsel (Mr. Billings) emailed Plaintiffs' counsel that Ms. Brooks will waive service and deem service completed as of June 29, 2019. *See* Gold Dec. at 5. Mr. Billings also requested that the process server immediately cease attempts at service. *See* Id. Counsel for Plaintiffs immediately contacted the server who terminated additional attempts at service. *See* Id. Ms. Brooks' husband is deceased, and upon information and belief Mr. Brooks was at the home and pretended to be his mother's husband. *See* Gold Dec., Exhibit 4. Mr. Brooks employed a similar subterfuge when investigators were locating him for service of the complaint. *See* Dkt. 26, FN. 3.

On July 7, at 11 PM, Ms. Brooks' counsel emailed Plaintiffs' counsel that Ms. Brooks intended to move to quash the subpoena. *See* Billings Dec. Ex. 2. Contrary to Plaintiffs' assertion, Mr. Billings did not offer to meet and confer regarding the subpoenas and in fact stated that he did not represent Ms. Brooks. *See* Id. On Sunday, July 12, Ms. Brooks changed her mind and offered to meet and confer. *See* Gold Dec. at 6. On July 13, before Plaintiffs' counsel had time to consider the request, Mr. Billings filed the 18-page motion before 6 PM. *See* Gold Dec. at 7. There was never a genuine attempt to meet and confer, only a last minute Sunday afternoon

3

request for an extension. Plaintiffs are of course open to working out a deposition compromise that limits the risk to Ms. Brooks' health, but no such request was ever made. There is now also more than sufficient time for Ms. Brooks to produce responsive documents and appear for a deposition prior to the August 12 Preliminary Injunction Hearing.

### III.     The Motion Is the Latest Delay Tactic by Defendants

Ms. Brooks casts herself as the most recent casualty in a series of abusive litigation tactics. This could not be further from the truth and one federal court has already found that to be the case. *See Convergen Energy WI, LLC v. L'Anse Warden Elec. Co., LLC*, No. 20-CV-543-WMC, 2020 WL 3833075, at *1-2 (W.D. Wis. July 8, 2020) (stating defendant CEW had engaged in a "classic race to the courthouse" and that it did not explain its "unorthodox (and confusing) strategy."). Ms. Brooks claims that Mr. Brooks did not have even enough time to find counsel in the 72 hours provided before filing the Complaint. However, his co-defendants filed a Declaratory Judgment action in Wisconsin state court (the "DJ Action") within that 72-hour window. *See* Id.

One anticipatory filing was not enough, and a second action was filed in another state court in Wisconsin, this time seeking a Preliminary Injunction. *See* Id. The second action has been transferred to the Southern District of New York. *See Convergen Energy WI, LLC v. L'Anse Warden Elec. Co., LLC*, at *5.

Ms. Brooks complains that Mr. Brooks, Greg Merle, Niantic and Riverview Energy Corporation had not been served by the time of the temporary restraining order hearing. At best, this is misleading and irrelevant. For the sake of clarity, Mr. Billings had requested Plaintiffs cease their service attempts and advised that he would waive service for them. *See* Billings Dec. Ex 3, at 39:4-16.

4

Plaintiffs would also point out that although they do continue to meet and confer, Mr. Brooks, Greg Merle, Niantic and Riverview Energy Corporation have produced only a single email in response to Plaintiffs' requests for production. *See* Gold Dec. at 3. The "Libra work phone" that Mr. Brooks recovered from his apartment also has yet to be turned over to Plaintiffs. *See* Id.

## **CONCLUSION**

Ms. Brooks is requesting a "free pass" from all discovery obligations. Plaintiffs have issued discovery to a participant in the fraudulent scheme; a scheme that required the unauthorized dissemination of trade secrets, which formed the basis of the expedited discovery request. The subpoenas should be upheld, and production should commence immediately.

| | |
|---|---|
| Dated: July 20, 2020<br>New York, New York | SEIDEN LAW GROUP LLP<br><br>By:  /s/ Dov Gold<br>     Dov B. Gold<br>     Michael Stolper<br>     469 Seventh Avenue, Fifth Fl.<br>     New York, NY 10018<br>     (646) 766-1703<br><br>*Counsel for Plaintiffs* |

5