UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONVERGEN ENERGY LLC, L'ANSE WARDEN ELECTRIC COMPANY, LLC, EUROENERGY BIOGAS LATVIA LIMITED, and LIBRA CAPITAL US, INC.

      Plaintiffs,

-against-

STEVEN J. BROOKS, NIANTICVISTA ENERGY LLC, GREGORY MERLE, RIVERVIEW ENERGY CORPORATION, DANIEL ESCANDON GARCIA, RAMON URIARTE INCHAUSTI, CHIPPER INVESTMENT SCR, SA, URINCHA SL, THEODORE JOHN HANSEN, BRIAN R. MIKKELSON, and CONVERGEN ENERGY WI, LLC,

      Defendants.

Index No. **1:20-cv-03746** (LJL)

---

### DECLARATION OF DOV GOLD IN OPPOSITION TO ELMERINA BROOKS' MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER

Dov Gold, being duly sworn, deposes and says as follows under penalty of perjury:

1. I am an Associate at Seiden Law Group. I am licensed to practice in the State of New York, and I submit this declaration in opposition to Elmerina Brooks' Motion to Quash Subpoenas and Motion for Protective Order.

2. I am counsel to Plaintiffs Convergen Energy LLC, L'Anse Warden Electric Company, LLC, Euroenergy Biogas Latvia Limited, and Libra Capital US, Inc ("Libra").

3. Plaintiffs have uncovered evidence resulting from the Court's May 19 Order that demonstrates Mr. Brooks has been divulging Plaintiffs' trade secrets since at least September 2018, necessitating disclosure over a longer period of time. However, Mr. Brooks, Greg Merle, Niantic and Riverview Energy Corporation have produced only a single email in response to

Plaintiffs' requests for production. The Libra-owned iPhone 8 that Mr. Brooks claims to have recovered from his apartment has also yet to be turned over to Plaintiffs. Finally, Plaintiffs do not have access to Mr. Brooks or Mr. Andueza's personal email accounts. Because defendants have been so obstructive to date, Plaintiffs cannot be certain who at the various defendant entities have come into possession of Plaintiffs' trade secrets or information about their theft. It is therefore no surprise that Plaintiffs do not know the identity of the members, agents, employees, officers, or directors of Clark Kent LLC.

4. On June 29, 2020, at about 7 PM in New York and 6 PM in Wisconsin, Plaintiffs' counsel sent defense counsel a Notice of Subpoena on Elmerina Brooks.

5. On June 30, at about 2 PM, after Plaintiffs' server attempted service on Elmerina Brooks, Mr. Billings emailed me that Ms. Brooks will waive service and deem service completed as of June 29, 2019. Mr. Billings also requested that the process server immediately cease attempts at service. Counsel for Plaintiffs immediately contacted the server who terminated additional attempts at service.

6. On Sunday, July 12, Ms. Brooks apparently changed her mind and offered to meet and confer. Plaintiffs are of course open to working out a deposition compromise that limits the risk to Ms. Brooks' health, but no such request was ever made.

7. On July 13, before Plaintiffs' counsel had time to consider the request, Mr. Billings filed the 18-page motion before 6 PM.

8. Attached as Exhibits 1, 2, 3, and 4 are true and correct of the following documents:

Exhibit 1:   Steven Brooks, NianticVista Energy, LLC, Gregory Merle, and Riverview Energy Corporation's Responses to Plaintiffs' Amended First Set of Interrogatories numbered 1, 4 and 4A dated June 24, 2020.

Exhibit 2:   Email reportedly sent from Steven Brooks (Gmail) to Fidel Andueza (Hotmail) regarding the fraudulent scheme.

Exhibit 3:   Affidavit of Non-Service on Elmerina Brooks.

Exhibit 4:   State Death Record of Steven Henry Brooks.

Dated: New York, New York
July 20, 2020

<u>/s/ Dov Gold</u>
Dov Gold