UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONVERGEN ENERGY LLC, et al., <br><br> Plaintiffs, <br><br> -v- <br><br> STEVEN J. BROOKS, et al., <br><br> Defendants. | Civil Action No. 20-cv-3746 (LJL) |

**MOTION TO ALLOW SURREPLY IN OPPOSITION TO
PLAINTIFFS' MOTION TO STAY ARBITRATION**

Specially appearing defendant Convergen Energy WI, LLC ("CE-Wisconsin") hereby moves the Court to allow the proposed Surreply in Opposition to Plaintiffs' Motion to Stay Arbitration, filed herewith. The grounds for this motion are as follows:

1. On June 23, 2020, Plaintiff L'Anse Warden Electric Company ("LWEC") filed its motion to stay the AAA arbitration that was initiated because of LWEC's continuing failure to pay for hundreds of thousands of dollars' worth of fuel pellets that LWEC requested and burned. (Doc. Nos. 63-65.) That motion was supported only by the Declaration of Dov B. Gold, one of the attorneys for LWEC in this case. (Doc. No. 64.)

2. On July 7, 2020, CE-Wisconsin filed its response in opposition to LWEC's motion to stay arbitration. (Doc. Nos. 67-69.) CE-Wisconsin's response was supported by the Declaration of Theodore J. Hansen. (Doc. No. 67.) Among other points, the Hansen Declaration established that the Supply Agreement was drafted by Bert Diaz, Libra's general counsel.

3. On July 14, 2020, LWEC filed its reply in support of its motion to stay arbitration. (Doc. Nos. 83-85.) That reply was supported by the Declaration of Bert Diaz. (Doc. No. 85.) The Diaz Declaration makes a number of statements regarding Mr. Diaz's involvement in

the drafting of the Supply Agreement that is at issue in the Arbitration, confirming Mr. Diaz was the source of the arbitration clause and the choice of venue in Madison, Wisconsin. (*Id*., ¶¶ 4-6.) Mr. Diaz also makes vague assertions regarding Defendant Brooks' involvement in the acquisition of CE-Wisconsin from Libra. (*Id*., ¶¶ 7-8.)

4. The Diaz Declaration offers new evidence on reply in support of LWEC's motion to stay arbitration, which could have been offered by LWEC at the time it filed its motion, and is therefore improper. *Revise Clothing, INc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (SDNY 2010).

5. The interests of justice require that CE-Wisconsin be given a chance to respond to avoid undue prejudice. *Revise*, 687 F. Supp. 2d at 387. Leave to file a surreply to avoid prejudice is a matter of discretion. *Id*.; *Lee v. Coughlin*, 26 F. Supp. 2d 615, 617 n.2 (SDNY 1998).

WHEREFORE, CE-Wisconsin respectfully asks the Court for leave to file the proposed surreply, filed herewith.

Dated this 21st day of July, 2020.

*s/Benjamin LaFrombois, Esq.*
Benjamin D. LaFrombois, Esq.
WI State Bar No. 1027910

William E. Fischer
WI State Bar No. 1045725

von BRIESEN & ROPER, s.c.,
*Attorneys for Defendants, Theodore John Hansen, Brian R. Mikkelson and Convergen Energy WI, LLC*

Direct contact information:
Benjamin D. LaFrombois, Esq.
2905 Universal Street, Suite 2
Oshkosh, WI 54904
920.233.4704 direct dial
blafrombois@vonbriesen.com

William E. Fischer
920.232.4843 direct dial
wfischer@vonbriesen.com