## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

CONVERGEN ENERGY LLC, et al.,

        Plaintiffs,

v.                                CASE NO.: 1:20-CV-03746 (LJL)

STEVEN J. BROOKS, et al.,

        Defendants.

## ELMERINA BROOKS' REPLY BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER

Non-party Elmerina Brooks ("Ms. Brooks") respectfully submits this reply brief in support of her Motion to Quash and Motion for a Protective Order concerning the third-party subpoenas Plaintiffs served on Ms. Brooks.

## **INTRODUCTION**

Plaintiffs' Opposition is filled with irrelevant accusations, totally devoid of any legal authority, and fails to respond to the issues raised by Ms. Brooks. Ms. Brooks raised a number of significant issues with the subpoenas that support her motion. Plaintiffs do not deny many of the issues, and for those few that are addressed, Plaintiffs offer nothing more than conclusory and unsupported statements. Ms. Brooks has set forth numerous, compelling reasons why this Court must quash the third-party subpoenas served on her, with no meaningful opposition by Plaintiffs. The Court should quash the subpoenas, and issue a Protective Order barring Plaintiffs from harassing Ms. Brooks further during expedited discovery.

1

**ARGUMENT**

**I.      Plaintiffs do not address the Court's limitations on depositions.**

In its May 22 order, the Court limited the parties' ability to take depositions to those individuals who submit a declaration in support of or in opposition to Plaintiffs' motion for a preliminary injunction.  (ECF  32, p. 1.)  Ms. Brooks has not submitted any declaration.  Plaintiffs do not acknowledge the Court's order in their opposition, or deny that they are attempting an impermissible end-run around the Court's order.

**II.     Plaintiffs offer nothing to dispute the fact that Ms. Brooks has no substantive ties to the events at issue in this case.**

Plaintiffs offer nothing more than speculation to dispute that Ms. Brooks sole tie to this litigation is the fact that a company of which she is the sole member loaned money to one of the defendants.  In that process, she learned the single non-public fact that Convergen Energy LLC was selling Convergen Energy WI, LLC (hence the need for a loan).  Plaintiffs cannot credibly contend that this now-public fact is a trade secret they are trying to track down and protect.  Moreover, Plaintiffs can point to nothing that suggests that Ms. Brooks role was anything beyond providing a loan that was requested by her son.  Nor do they explain how providing a loan in any way equates to "participat[ing] in the scheme" or being the "obvious recipient of pilfered trade secrets."[1]  (ECF 94, p. 1.)

Instead of offering any actual support for their assertions, Plaintiffs spend an entire page making unfounded, unsupported, and - most importantly - irrelevant accusations about Ms. Brooks actions and statements in connection with accepting service of the subpoenas.  For example,

---

[1] In his declaration, Mr. Gold asserts that "Plaintiffs have uncovered evidence resulting from the Court's May 19 Order that demonstrates Mr. Brooks has been divulging Plaintiffs' trade secrets since at least September."  (ECF  95, ¶ 3.) The only "evidence" attached to the declaration is a single email from Mr. Brooks to Fidel Andueza, a high-ranking executive with the Libra Group.  Mr. Gold does not explain how this email demonstrates Mr. Brooks divulging trade secrets, and does not even suggest that such evidence demonstrates any disclosures to Ms. Brooks.

Plaintiffs make the bizarre accusation that Mr. Brooks "pretended to be his mother's husband" when the process server called, which was an intentional "subterfuge" by Ms. Brooks (ECF  94, p.3.)  The declaration of the process server on which Plaintiffs' rely for this accusation does use the words "husband" and "wife" when describing conversations with individuals at Ms. Brooks phone number, but does not indicate that his assumption was based on anything Ms. Brooks said and not simply his own guess as to the relationship of the parties.  (ECF 95-3.)  Even if Ms. Brooks made such a statement, however, Plaintiffs do not explain how that could possibly have resulted from ill-intent or have any relevance, as Ms. Brooks accepted service.

The simple reality is that Ms. Brooks had nothing to do with the issues involved in the motion for a preliminary injunction, and the subpoenas are improper, beyond the scope of the limited discovery allowed by the Court, and should be quashed.

### III.     Plaintiffs do not dispute that it is unduly burdensome to demand that an at-risk senior travel into Manhattan to attend an in-person deposition.

Plaintiffs don't even address the fact that demanding that Ms. Brooks travel into Manhattan to attend an in-person deposition is inappropriately burdensome.  Although they bemoan the lack of a declaration from Ms. Brooks confirming her at-risk status, they don't dispute the fact that she is a senior citizen and therefore at-risk in the current pandemic.  Plaintiffs ignore the requirements of Rule 45 and the supporting caselaw identified by Ms. Brooks, and make no attempt to satisfy their burden to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *City of Almaty, Kazakhstan v. Sater*, No. 19CV2645AJNKHP, 2020 WL 2765084, at *2 (S.D.N.Y. May 28, 2020) (quoting Fed. R. Civ. P. 45(d)(1).)  There is no good faith reason for Plaintiffs' demand for an in-person deposition, and the obvious true purpose is to harass.

IV.    **Plaintiffs do not dispute that their definition of trade secrets is impermissibly vague and overly broad**.

Plaintiffs only response to Ms. Brooks complaint that Plaintiffs have never actually defined their trade-secrets is an argument that their lack of definition is only a problem if Ms. Brooks has a large volume of trade secrets and confidential information in her possession, but not an issue if she does not. (ECF 94, pp.1-2.)  This misses the point.  It is not the responsibility of a third-party to try to guess the appropriate scope of impossibly broad requests.  Moreover, an improper discovery request is not spared simply because it is presumed to be easy to comply with.

> A subpoena that pursues material with little apparent or likely relevance to the subject matter, ... is likely to be quashed as unreasonable even where the burden of compliance would not be onerous, particularly where, as here, the person or entity on whom the demand is made is not a party to the action.

*Corbett v. eHome Credit Corp.*, No. 10-CV-26 (JG)(RLM), 2010 WL 3023870, at *3 (E.D.N.Y. Aug. 2, 2010) (internal quotes and citations omitted). The fact that Ms. Brooks likely does not have responsive documents doesn't remove the burden on her of an improper request, or the propriety of quashing the request.

V.    **Plaintiffs do not dispute that the subpoenas are cumulative and duplicative of other discovery in this case**.

Ms. Brooks specifically identified other discovery that has been served and answered in this case, and of which the subpoenas are duplicative.  (ECF 79, pp.13, 16).  The information sought from Ms. Brooks is more easily obtained from the various defendants, and in large part has already been provided by those defendants.  (*See Id*.)  Plaintiffs only response, with no legal authority, is that it is somehow silly to expect Plaintiffs to seek discovery directly from defendants and not to permit them to duplicate that discovery with Ms. Brooks. (ECF  94 p. 2.)  But third-party subpoenas are subject to Rule 26(b)(1), and therefore the discovery sought must also be proportional to the

needs of the case. *KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, No. 19CV2918 (PMH)(LMS), 2020 WL 1989487, at *2 (S.D.N.Y. Apr. 24, 2020). Fed. R. Civ. P. 26(b)(2)(C) requires limiting discovery where "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

### VI.   Plaintiffs do not materially address the fact that the discovery sought primarily goes to the merits of the underlying dispute and is not limited to issues relevant to the preliminary injunction.

Plaintiffs pay lip-service to the Court's limitations on discovery at this stage, and argue that they are merely trying to "track down their trade secrets and identify evidence to support their request for a preliminary injunction." (ECF 94, p. 2.) They make no effort, however, to explain how broad topics such as "Your knowledge of the Complaint…and the allegations therein," or "Your knowledge of your son, Steven Brooks' work at Libra Group or Convergen Energy WI, LLC concerning the Acquisition" have any relevance to, let alone are narrowly tailored to, the trade secret claims at issue in their request for a preliminary injunction. Unable to escape their prior representations to the Court that all Plaintiffs need is information about who has access to their purported trade secrets and where they are (See ECF 79, p.5), and unable to demonstrate that any deposition topic or document request is limited to that narrow category, Plaintiffs cannot demonstrate a need for the requested discovery or show that they made any effort to narrowly tailor their requests.

### VII.   Plaintiffs' accusation of delay is immaterial to the issues involved in this motion.

Rather than address the serious issues raised by Ms. Brooks in her motion, Plaintiffs try to misdirect the Court by arguing that the motion is some sort of delay tactic. Their primary support is discussion of other litigation, in which Ms. Brooks is not a party and has had no involvement. In

fact, Ms. Brooks brings this motion to protect herself from onerous, harassing, unfounded and improper subpoenas that were issued by Plaintiffs in an attempt to avoid discovery limitations imposed by the Court during this stage of the proceedings.

## **<u>CONCLUSION</u>**

For the foregoing reasons and in the interests of justice, Ms. Brooks respectfully asks the Court to quash the third-party subpoenas served upon her, and to enter a Protective Order barring Plaintiffs from seeking discovery from Ms. Brooks during the limited expedited discovery the Court permitted.

Dated this 22nd day of July, 2020

By:     s/ Ryan M. Billings
Ryan M. Billings
S.D.N.Y. Bar No. RB0378
**KOHNER, MANN & KAILAS, S.C.**
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone:     (414) 962-5110
Facsimile:     (414) 962-8725
Email:          rbillings@kmksc.com

Attorneys for Non-Party Elmerina Brooks, for purposes solely of the subpoenas