UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

CONVERGEN ENERGY LLC, et al.,

              Plaintiffs,

v.                                          CASE NO.: 1:20-CV-03746 (LJL)

STEVEN J. BROOKS, et al.,

              Defendants.

## DECLARATION OF RYAN M. BILLINGS

Ryan M. Billings makes the following declaration under penalty of perjury.

1. I am a shareholder with Kohner, Mann & Kailas, S.C. Our firm represents Specially Appearing Defendants Steven J. Brooks, Gregory Merle, NianticVista Energy, LLC, and Riverview Energy Corporation (the "SA Defendants"). I base this Declaration on personal knowledge, and submit it in support of Defendants' Motion to Dismiss Plaintiffs' ("Libra's") Complaint.

2. On May 20, 2020, the Court permitted all parties to take expedited discovery on matters pertinent to Libra's Motion for a Preliminary Injunction. (ECF No. 28.) On June 11, 2020, the SA Defendants served document requests on Libra. A true and correct copy of the June 11, 2020 document requests is attached to this Declaration as Exhibit A. This is the sole written discovery request made by any Defendant pursuant to the Court's Order permitting expedited discovery.

3. The June 11, 2020 requests sought two things: (1) documents Plaintiffs intend to offer in support of their Motion for a Preliminary Injunction (which the Court independently ordered Plaintiffs to provide by August 4); and (2) a copy of the alleged "recorded conversation"

1

that Libra has referenced repeatedly in its filings and argument. Responses were originally due on July 9, but Defendants agreed to extend that deadline at Libra's belated request (made after the deadline expired) to noon eastern on August 4. August 4 came and went without any written responses or production of any kind by Libra, and Plaintiffs have not responded to multiple inquiries as to the status of their discovery responses.

4. Thus, other than evidence Libra would have had to submit anyway to support its Motion for a Preliminary Injunction, Defendants asked on June 11 for just one item—the recording (which Libra should have had readily available to it at the time it filed its Complaint). 57 days later, Libra has not provided a copy of the recording, objected to or explained why it will not provide the recording, or otherwise responded to Defendants' June 11 requests or repeated follow-up requests. A true and correct copy of my most recent communication with Plaintiffs' counsel as to the June 11 discovery is attached to this Declaration as Exhibit B.

5. Shortly before this Declaration was filed, Dov Gold, counsel for Plaintiffs, reached out to me to confer about Plaintiffs' Preliminary Injunction Motion, given the Court's Order this afternoon cancelling the August 12 Hearing, but Mr. Gold did not mention the overdue discovery. Until we heard from Mr. Gold this evening, Defense counsel has been in the dark as to Plaintiffs' intentions on their Preliminary Injunction Motion. I apologize to the Court and its staff for not reporting back by July 31, as promised in the parties' July 10 letter. Defendants will promptly confer with Plaintiffs' counsel to discuss the parties' positions as to that Motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 7th day of August, 2020.

/s Ryan M. Billings
Ryan M. Billings