| | |
|---|---|
| **From:** | Ryan M. Billings |
| **To:** | Dov B. Gold |
| **Cc:** | Michael Stolper; Benjamin D. LaFrombois; William E. Fischer |
| **Subject:** | RE: Convergen: Outstanding Requests |
| **Date:** | Thursday, August 6, 2020 1:53:00 PM |

Dov,

My clients find your email (sent 30 days after my July 7 email, to which it responds) to be most perplexing.

The Court permitted expedited discovery solely for purposes of collecting evidence to present to the Court concerning Plaintiffs' Motion for a Preliminary Injunction. The required time to exchange evidence in support of or opposition to Plaintiffs' Motion expired on Tuesday (8/4) at noon eastern, without Plaintiffs having exchanged any evidence (or having responded to our clients' June 11 document requests, including requests for evidence Plaintiffs intended to submit in support of their Motion). Thus, the window to present evidence on the Motion is closed, and with it expedited discovery.

I note as well that Plaintiffs have not responded to my correspondence from Tuesday, which I sent shortly after expiration of the deadline, inquiring as to Plaintiffs' intentions given that they did not serve any evidence. With no evidence to be presented to the Court by the Plaintiffs, we assume that Plaintiffs' Motion is withdrawn.

Ryan

**Ryan M. Billings, Esq.**
Kohner, Mann & Kailas, S.C.
4650 N. Port Washington Rd.
Washington Bldg., 2nd Floor
Milwaukee, WI  53212-1059
Phone:  414.962.5110
Fax:  414.962.8725
**Email:  rbillings@kmksc.com**
**Web** / **Bio**

---

**From:** Dov B. Gold <dgold@seidenlegal.com>
**Sent:** Thursday, August 6, 2020 11:47 AM
**To:** Ryan M. Billings <RBillings@kmksc.com>
**Cc:** Michael Stolper <mstolper@seidenlegal.com>
**Subject:** Convergen: Outstanding Requests

Ryan,

Please see the outstanding requests below.

# EXHIBIT B

**iPhone 8** - The iPhone 8 is just like the laptop and Libra property so we should get it all. Brooks has no right to privacy on a company device.

**iPhone 11** - In the attached December 2019 email, Brooks tells Libra's IT department that he uses his personal iPhone for work purposes. We continue to request imaging of this device.

**Production** - We are entitled to production; a blanket denial because you responded to interrogatories is not acceptable. We need to know what trade secrets and confidential information has been shared. We also need to know who at each of the LLCs obtained the information. Production is not a replacement for interrogatories.

The email account referenced for Mr. Andueza in the document request is a personal hotmail account. Of course Plaintiffs do not have access to these email records, which would have been sent outside the ordinary course of business. However, Hansen and CEW do have access to such emails as they attached one to their Wisconsin complaint, likely provided by Brooks.

You have wrongly and admittedly taken a very narrow view of our requests such that you could not find a single responsive document. Our requests concerning Trade Secrets and Confidential Information to Ms. Brooks (a non-party) survived your motion to quash.

Please confirm that you were not able identify any contingent interests in CEW and any entities in the chain of ownership of CEW. This would include convertible loans, warrants, options or other financial interests.

**iCloud** - Libra has no access to the iCloud account(s) used by the iPhones. A forensic backup of the iCloud can be done remotely with the username and password to the associated accounts, which we do not have. This has already been explained.

**One Drive and other cloud services** - As part of our ongoing forensic analysis, we have learned that Brooks saved a significant amount of Plaintiffs' data onto a Onedrive account that was disconnected from his Libra laptop before he allowed us to image it. Brooks also used the Onedrive to store documents related to the fraudulent scheme. We have also learned that Brooks accessed the following cloud services from his Libra laptop: Box, Dropbox, Skydrive, and Google Drive. We also understand that at least one of these additional accounts was used as part of the fraudulent scheme. We demand a forensic backup of each of these accounts and for a complete disclosure listing all documents names (with file paths) stored on these accounts. Brooks' cloud storage of Plaintiffs' data was not disclosed to Plaintiffs.

**External Drives** - We also learned in our forensic analysis that Brooks backed up Plaintiffs' data from the Libra laptop onto at least one (and possibly 5) external memory device(s) before he allowed us to image it and *after* this lawsuit was filed and *after* the Court issued the TRO. This also is a significant amount of data that Mr. Brooks retained without disclosing to Plaintiffs. We demand immediate disclosure of all custodians of Plaintiffs' data and their immediate removal from Brooks' possession.

# EXHIBIT B

**Email accounts** - Brooks uses other email accounts besides stevebrooks17@gmail.com. Please advise what email accounts you have placed a hold on and searched as part of our requests.

**Dov Byron Gold, Esq.**
Seiden Law Group LLP
Attorneys at Law
469 7th Avenue
New York, NY 10018
(Office) +1.646.766.1703
seidenlawgroup.com

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

**保密申明**：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正**确的收件人**，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容。

# EXHIBIT B