

469 Seventh Avenue
New York, NY 10018
212.523.0686
www.seidenlegal.com

August 13, 2020

Via ECF
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

Re: Convergen Energy LLC et al. v. Brooks et al., No. 20-cv-3746 (LJL)

Dear Judge Liman:

We are writing in response to the Court's August 7, 2020 order to itemize the relief we seek concerning four issues: (i) Defendant Steven Brooks' ("**Brooks**") violation of the TRO; (ii) the Defendants' continued possession of Plaintiffs' non-public information, including trade secrets; (iii) Brooks' attempted intimidation of Plaintiffs by inappropriately contacting lenders, vendors and joint venture partners of Plaintiffs; and (iv) Defendants' ongoing discovery deficiencies that, among other things, impact issues (i) and (ii) above.

## I.      Violation of the Court's Temporary Restraining Order

The Court's May 19, 2020 Order (the "**Order**") enjoined defendants from "[a]ccessing, disclosing, copying, or otherwise conveying Plaintiffs' electronic files during the pendency of this action" and "[d]estroying, deleting, or otherwise modifying" Plaintiffs' data. Plaintiffs obtained a forensic image of Brooks' company-owned laptop (which was wrongfully in Brooks' possession) and are in the midst of conducting a computer forensic investigation into its contents. To date we have uncovered that, in violation of the Order, on May 31, 2020, a Western Digital My Passport external USB hard drive was connected to the laptop and a large volume of Plaintiffs' proprietary files were copied. Many files were also simultaneously deleted from the laptop, including a cache of programs relating to hacking, penetration testing, forensic data recovery and possibly data deletion. Plaintiffs will be seeking a contempt order against Mr. Brooks for this contumacious conduct and reserve the right to seek sanctions for any spoliation of evidence that is uncovered by the forensic review.

## II.     A Preliminary Injunction Remains Necessary

Due to Defendants' continued and concealed possession of Plaintiffs' non-public information and simultaneous failure to produce information sufficient to identify what exactly of Plaintiffs was shared with non-parties, Plaintiffs need injunctive relief along the lines initially requested. Our forensic exam has uncovered that Brooks stored Plaintiffs' data on a cloud-based Microsoft OneDrive account (a fact not disclosed by Brooks or his counsel). We also discovered that Brooks

**SEIDEN LAW GROUP** LLP

accessed other cloud-based services from his company issued laptop such as Dropbox, Box, Skydrive, and Google Drive, but Brooks has refused to provide Plaintiffs access to these accounts and to allow Plaintiffs to forensically image these accounts, even those to which we know for certain he copied Plaintiffs files. Similarly, Brooks has refused to allow Plaintiffs to forensically image or otherwise provide Plaintiffs with complete copies of data on two iPhones and the associated iCloud accounts he used in connection with work for Plaintiffs.

It should be noted that Benjamin LaFrombois, counsel for Defendants Brian Mikkelson ("**Mikkelson**"), Theodore Hansen ("**Hansen**") and Convergen Energy WI, LLC ("**CEW**"), has been more cooperative in providing information and facilitating the migration of Plaintiffs' Latvia emails. We also agreed with Mr. LaFrombois on a process for segregating and reviewing trade secrets of Plaintiffs and CEW and pre-closing files that remain in CEW's possession. That said, despite the passage of time, Mr. LaFrombois has not yet provided any such files to Plaintiffs, including Plaintiffs' own trade secrets within CEW's possession (we are told this production is imminent). Further, Plaintiffs have not been provided with forensic copies of the Convergen Energy, LLC ("**CE**") laptops used by Mikkelson and Hansen, although counsel has offered encrypted (unreadable) data.

## III.    Mr. Brooks' Intimidation and Interference with Non-Parties

Plaintiffs have recently learned that Brooks and the other defendants orchestrated a series of communications to non-parties with whom Plaintiffs maintain business relationships, including lenders, with no legitimate purpose other than to defame Plaintiffs and interfere with Plaintiffs' relationships. These improper communications include, by way of example, the following:

- On June 2, 2020, Brooks called the manager of Powergen, a specialized vendor that operates CE's power plants in Manhattan, to "warn" Powergen about CE's creditworthiness. The Powergen manager subsequently explained to CE that he understood this communication to be a "warning" that Powergen should terminate its relationship with CE and shut the plant down because CE would not be able to pay. Aside from being untrue, at the time of Brooks' statement, made several months after Brooks' termination from Plaintiffs' employ and with no legitimate purpose, Brooks had not spoken with the manager at Powergen for over six months.
- At some time in May 2020 Defendant Mikkelson received a pro forma letter from a vendor of CE seeking payment on an overdue invoice for services provided to a Manhattan hotel client of CE. Mikkelson received the letter after his employment terminated presumably because he never notified this particular vendor that he no longer served as the contact person. The overdue payment was the result of COVID-19's impact on CE's hotel client and the vendor was subsequently paid off. Nevertheless, Mikkelson chose not to send the vendor letter to CE but instead on June 11, 2020 forwarded it to CE's auditors. There was absolutely no basis for doing so other than to manufacture problems for CE with its auditors. Indeed, the pro forma demand letter will now appear in CE's audited financials and may impair CE's ability to secure financing.
- On July 7, 2020 one or more of the defendants sent an email to a business partner of Plaintiffs, Luminor Bank in Latvia (the "**Bank**"), claiming that Plaintiffs breached an agreement with the Bank by failing to disclose the sale of the pellet plant (CEW) to the Bank. It was Brooks' responsibility to notify the Bank of the sale of the pellet plant while he worked for Plaintiffs.

2

**SEIDEN LAW GROUP** LLP

He apparently decided months after-the-fact and after litigation ensued to report his own breach to the Bank. The intent is obvious: Brooks was trying to negatively impact Plaintiffs' relationship with the Bank.

- Over the last few months Brooks spoke with a lender of an affiliate of Plaintiffs, again with no legitimate basis for doing so. After speaking with Brooks, the lender unexpectedly opted not to extend the loan to the affiliate. Plaintiffs uncovered Brooks' effort after-the-fact.
- On or about July 29, 2020, Brooks' mother had a lawyer send a misleading demand letter to a joint venture partner of Plaintiffs with information about Plaintiffs in connection with the joint venture. Brooks' mother had no privity with that joint venture partner or any other reason to correspond except to negatively impact Plaintiffs' relationship with that partner.

Since his recorded confession on February 3, 2020, Brooks has had no express or implied authority to contact Plaintiffs' counterparties, vendors, or business partners.  It is self-evident that Brooks' unauthorized contacts (which have already caused harm to Plaintiffs' business) are intended to intimidate Plaintiffs into withdrawing this action. There are federal statutory prohibitions against intimidating parties or witnesses and the Court has inherent powers to curtail misconduct and discovery violations, all of which we intend to set forth in our brief.

### IV.    Defendants' Discovery Deficiencies

Aside from the discovery deficiencies mentioned above, defendants Brooks, Nianticvista Energy LLC, Gregory Merle, and Riverview Energy Corporation have produced only a single email in this litigation and have not adequately described their financial relationship with CEW in their interrogatory responses. Emails and phone calls with Mr. Billings, who represents these defendants, have been a total waste of time. *See, e.g.,* email correspondence attached as **Exhibit A.** Counsel for the remaining defendants has been more cooperative but to date we have only received a limited production.

In accordance with the August 7, 2020 order, Plaintiffs proposed submitting its brief and supporting declarations on August 21, 2020 with responses due August 28, 2020. Defendants objected. The parties engaged in a meet and confer call yesterday in which I agreed to share (and did share yesterday) the portions of this letter containing open issues in a last ditch effort to minimize what was to be presented to the Court. Despite our efforts, we could not reach an agreement on a briefing schedule so we defer to the Court to do so.

Respectfully,

*/s/ Michael Stolper*
Michael Stolper, Esq.

cc:     Defense counsel via ECF