| | |
|---|---|
| **From:** | Michael Stolper |
| **To:** | Ryan M. Billings; Benjamin D. LaFrombois |
| **Cc:** | Dov B. Gold; William E. Fischer |
| **Subject:** | RE: Meet and Confer Process |
| **Date:** | Thursday, August 13, 2020 9:41:36 AM |

**Ryan,**

**You're seriously claiming to be waiting on Aaron Weiss's "delivery information" when you yourself have already sent Brooks' imaged hard drive to Aaron?**

**Where do you come up with an agreement that declarations were limited to IT consultants and lawyers? We never agreed to that.**

**Since you're writing on behalf of Ben's clients, we'll assume you're speaking on behalf of Ben. In emails a week ago to Ben, we requested non-encrypted copies of the Hansen and Mikkelson hard drives to allow a forensic review, in part based on what we found on your client's hard drives (real incriminating stuff). Your offer below to provide what Ben already agreed to provide is non-responsive to what we asked for.**

**Bottom line, consistent with our past dealings with you (total waste of time), as distinct from Ben, I will just let the court know that we couldn't agree on a schedule and would therefore request that the court provide one.**

**Michael**

---

**From:** Ryan M. Billings <RBillings@kmksc.com>
**Sent:** Thursday, August 13, 2020 9:50 AM
**To:** Michael Stolper <mstolper@seidenlegal.com>; Benjamin D. LaFrombois <blafrombois@vonbriesen.com>
**Cc:** Dov B. Gold <dgold@seidenlegal.com>; William E. Fischer <wfischer@vonbriesen.com>
**Subject:** RE: Meet and Confer Process

Michael,

Setting aside the misrepresentations of the record in the excerpts you provide, the Court asked for a schedule, not a brief. Further, Defendants' position is that their Motion to Dismiss presents threshold issues that should be decided in advance of the Preliminary Injunction. The dates we proposed are expressly subject to that caveat, and the other agreements the parties reached yesterday (no depositions, new Declarations of IT consultants and counsel only, no replies). Please

ensure that our position is accurately reported to the Court.

As to the issues you raise, such as the data Libra did not remove from the Convergenenergy.com email account, Defendants have sorted approximately 264,000 emails. Of those, 47,791 have been identified as Libra-related emails. Preparations are being made to provide those emails from Andreas, and they may be ready as early as today. Regarding the hard drives of Mr. Hansen and Mr. Mikkelson, the encrypted backup drives are ready for delivery. Defendants have requested delivery information from Mr. Weiss, which has yet to be provided despite repeated requests. Further, the ESI at issue has been preserved for merits discovery, and Defendants remain willing to conciliate further with Plaintiffs to address any concerns that cannot wait.

Ryan

**Ryan M. Billings, Esq.**
Kohner, Mann & Kailas, S.C.
4650 N. Port Washington Rd.
Washington Bldg., 2nd Floor
Milwaukee, WI   53212-1059
Phone:  414.962.5110
Fax:  414.962.8725
**Email:  rbillings@kmksc.com**

**Web** / **Bio**

---

**From:** Michael Stolper <mstolper@seidenlegal.com>
**Sent:** Wednesday, August 12, 2020 11:52 AM
**To:** Benjamin D. LaFrombois <blafrombois@vonbriesen.com>; Ryan M. Billings <RBillings@kmksc.com>
**Cc:** Dov B. Gold <dgold@seidenlegal.com>
**Subject:** Meet and Confer Process

**Counsel,**

**As we just discussed, I am sending you portions of the letter we intend to submit  to the Court for the purpose of seeing whether we can resolve any of the stated issues before placing the issues with the Court. We are making this disclosure to you with the understanding that you will use it to try and resolve issues and not attempt to front issues with the Court before we file our letter. If I am mistaken, please advise immediately so we can simply file our letter.**

**The following are those portions of the letter that are potentially resolvable without judicial intervention:**

We discovered that Brooks accessed other cloud-based services from his company issued laptop such as Dropbox, Box, Skydrive, and Google Drive, but Brooks has refused to provide Plaintiffs access to these accounts and to allow Plaintiffs to forensically image these accounts, even those to which we know for certain he copied Plaintiffs files. Similarly, Brooks has refused to allow Plaintiffs to forensically image or otherwise provide Plaintiffs with complete copies of data on two iPhones and the associated iCloud accounts he used in connection with work for Plaintiffs

We agreed with Mr. LaFrombois on a process for segregating and reviewing trade secrets of Plaintiffs and CEW pre-closing files that remain in CEW's possession. That said, despite the passage of time, Mr. LaFrombois has not yet provided any such files to Plaintiffs, including Plaintiffs' own trade secrets within CEW's possession. Further, Plaintiffs have not been provided with forensic copies of the Convergen Energy, LLC ("**CE**") laptops used by Mikkelson and Hansen, although counsel has offered encrypted (unreadable) data.

Defendants Brooks, Nianticvista Energy LLC, Gregory Merle, and Riverview Energy Corporation have produced only a single email in this litigation and have not adequately described their financial relationship with CEW in their interrogatory responses. Emails and phone calls with Mr. Billings, who represents these defendants, have been a total waste of time. *See, e.g.,* email correspondence attached as **Exhibit A.** Counsel for the remaining defendants has been more cooperative but to date we have only received a limited production.

In accordance with the August 7, 2020 order the parties jointly propose the following briefing schedule of the aforementioned issues: Plaintiffs submit a moving brief with supporting declarations on August 21, 2020 and Defendants submit opposition papers on or before September 4, 2020.

**Please let me know if there is anything to resolve. If I don't hear from you, we will proceed with filing the letter tomorrow morning.**

**Michael**

# Ryan M. Billings

| | |
|---|---|
| **From:** | Ryan M. Billings |
| **Sent:** | Tuesday, August 11, 2020 5:01 PM |
| **To:** | Dov B. Gold; Michael Stolper |
| **Cc:** | Benjamin D. LaFrombois; William E. Fischer |
| **Subject:** | RE: Convergen: PI Briefing Schedule |

Dov,

Thanks for reaching out. Given the Court's ruling on arbitration in the Supply Agreement action, and the fact that Defendants' Motion to Dismiss is now fully briefed, we believe the most efficient path forward is for the Court to decide Defendants' Motion first. If the Court determines that this dispute must be arbitrated, then the arbitrators should decide interim relief.

If the Court decides to take up the Preliminary Injunction first, we have several concerns.

First, Plaintiffs have twice (in July and in August) ignored the deadlines for exchanging Declarations and evidence. We timely served our Declarations and exhibits both times, so Plaintiffs have had the advantage of seeing Defendants' cards in what was supposed to be a simultaneous exchange.

Second (as noted), expedited discovery closed when the deadline for PI submissions expired. We are not willing to re-open discovery and allow our clients and third-parties to be further burdened with requests and issues (as you know, our view is that Plaintiffs overreached in the discovery they sought).

Third, Defendants' Declarants set aside time in both July and August to be deposed. They should not have to do that a third time. In any event, both sides agreed that Plaintiffs' PI Motion is not the right forum for a dive into the merits, and the issues relate primarily to what the IT firms have done. We both have access to that information, and we don't see any need for depositions if the schedule is extended.

Thus, we believe the PI schedule should not be reset while the MTD is pending. If the Court prefers to address the PI first, then we propose that the PI Motion be briefed on the evidence and Declarations the parties have already exchanged. Due to other commitments, we would like 14 days (or until 9/4, assuming Plaintiffs submit their brief on 8/21) to submit our opposition brief. (If Plaintiffs want more time for their opening brief, we are fine with that, and we agree there should be no reply.) If the Court decides to accept new evidence, we expect that Plaintiffs will promptly produce the recording and otherwise respond to Defendants' June 11 discovery requests.

We are happy to discuss all of these issues by telephone, but we wanted to explain our thoughts in advance of a call. If you would like to discuss by phone, please propose some times in advance of the Court's Friday deadline so that we can timely inform the Court of the parties' positions.

Ryan

**Ryan M. Billings, Esq.**
Kohner, Mann & Kailas, S.C.
4650 N. Port Washington Rd.
Washington Bldg., 2nd Floor
Milwaukee, WI  53212-1059
Phone:  414.962.5110
Fax:  414.962.8725
**Email:**  rbillings@kmksc.com

1

**From:** Dov B. Gold <dgold@seidenlegal.com>
**Sent:** Friday, August 7, 2020 5:02 PM
**To:** Ryan M. Billings <RBillings@kmksc.com>; Benjamin D. LaFrombois <blafrombois@vonbriesen.com>
**Cc:** Michael Stolper <mstolper@seidenlegal.com>
**Subject:** Convergen: PI Briefing Schedule

Ben and Ryan,

We do intend to pursue the preliminary injunction. Pursuant to the Court's order today please advise if the below briefing schedule is acceptable

August 21 - Brief in Support with declarations and supporting evidence.
August 28 - Brief in Opposition with declarations and supporting evidence.

Thanks,

Dov

**Dov Byron Gold, Esq.**
Seiden Law Group LLP
Attorneys at Law
469 7th Avenue
New York, NY 10018
(Office) +1.646.766.1703

seidenlawgroup.com

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容。