UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONVERGEN ENERGY LLC, L'ANSE WARDEN ELECTRIC COMPANY, LLC, EUROENERGY BIOGAS LATVIA LIMITED, and LIBRA CAPITAL US, INC. | Index No. 1:20-cv-03746 (LJL) |
| Plaintiffs, | |
| -against- | |
| STEVEN J. BROOKS, NIANTICVISTA ENERGY LLC, GREGORY MERLE, RIVERVIEW ENERGY CORPORATION, DANIEL ESCANDON GARCIA, RAMON URIARTE INCHAUSTI, CHIPPER INVESTMENT SCR, SA, URINCHA SL, THEODORE JOHN HANSEN, BRIAN R. MIKKELSON, and CONVERGEN ENERGY WI, LLC, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

Dated: August 19, 2020
New York, New York

SEIDEN LAW GROUP LLP

Michael Stolper
Jake Nachmani
Dov B. Gold
469 Seventh Avenue, Fifth Fl.
New York, NY 10018
(646) 766-1703

*Counsel for Plaintiffs*

Pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), Plaintiffs Convergen Energy LLC ("**Convergen**"), L'Anse Warden Electric Company, LLC ("**L'Anse**"), Euroenergy Biogas Latvia Limited ("**Euroenergy**"), and Libra Capital US, Inc. ("**Libra**") (collectively, "Plaintiffs"), by and through their undersigned counsel, submit this memorandum of law in support of their motion for leave to file an amended complaint.

## PRELIMINARY STATEMENT

This case and, consequently, the Complaint is about defendant Steven Brooks' ("**Brooks**") self-dealing at the expense of his former employer and affiliated entities (Plaintiffs) and with the assistance of the other defendants. Plaintiffs' principal contention is that Defendants had hoped to acquire a pellet plant, a valuable renewable energy asset, for millions less than it was worth because they knew that those responsible for selling the pellet plant were compromised.

Plaintiffs and, consequently, the Complaint did not anticipate that defendants would attempt to evade liability for their misconduct suggesting that it was blessed by one of Brooks' former colleagues, Fidel Andueza ("**Andueza**"), who conspired with him. In reply and sur-reply submissions Defendants have contended that Andueza, a senior Libra Capital employee, adequately represented Plaintiffs in the sale of the pellet plant and knew of Brooks' double-dealing. The Court, in turn, concluded that Andueza's authority to execute the operative agreements was uncontested even though the Complaint was silent with respect to Andueza.[1]

Plaintiffs now move to correct the record with respect to Andueza. Contrary to Defendants' suggestion, Andueza was compromised just like Brooks in connection with the pellet plant sale. Andueza, was a co-conspirator of Brooks. He knew of Brooks' double-dealing and conspired with Brooks to conceal this information from Plaintiffs' senior management. Andueza made

---

[1]     *See* the August 5, 2020 opinion and order denying Plaintiffs' motion to stay the arbitration.

misrepresentations to Plaintiffs' senior management about the buyers of the pellet plant. Further, after the Complaint was filed, Defendants produced a document identifying Andueza as a source of funding to acquire the pellet plant (*e.g.*, he had intended to have a financial interest in the pellet plant like Brooks). Thus, like Brooks, Andueza: (i) was an employee of Plaintiff Libra Capital who, undisclosed to Plaintiffs, was considering secretly self-dealing and on both sides of the deal; (ii) was considering contributing hundreds of thousands of dollars to the purchase of the Pellet Plant; and (iii) agreed to keep their fraudulent self-dealing a secret from Libra. Defendants knew all along that Andueza, like Brooks, was compromised and operating in secret against Plaintiffs' interests. Andueza would be a defendant in this lawsuit if not for the fact that he opted to cooperate with Plaintiffs once confronted with his wrongdoing (in sharp contrast to Brooks). Libra Group is an international socially responsible organization and tries to avoid conflict where possible. Thus, Plaintiffs respectfully seek leave to file the accompanying amended complaint ("**Amended Complaint**") to allege facts pertinent to Andueza to eliminate the false suggestion that he had the authority to act on behalf of Plaintiffs, including the authority to execute the operative contracts.[2]

Plaintiffs maintain that these new allegations demonstrate that, because Defendants knew of Andueza's fraudulent intent at the time he appeared to be working on behalf of Plaintiffs, any agreement he executed on Plaintiffs' behalf is void and never came into existence. These newly-added allegations demonstrate that critical, formation-related issues exist as to both the Acquisition and Supply agreements – and the issue of whether a valid arbitration agreement contained in the Supply Agreement ever came into existence is one for this Court, not an arbitrator, to decide.

Under the liberal standards for granting leave to amend under Rule 15(a), justice requires

---

[2]     Plaintiffs' proposed Amended Complaint is Exhibit A to the accompanying Notice of Motion. All references to "¶__" are to the numbered paragraphs in the Amended Complaint.  All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Amended Complaint. Unless otherwise noted, all emphasis is added, and all internal quotations and citations are omitted.

that this case be tried on its merits, based on a fully developed factual record. Additionally, granting leave to amend here will cause Defendants no meaningful prejudice. Accordingly, Plaintiffs respectfully submit that request for leave to amend should be granted.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs filed the Complaint on May 14, 2020. *See* ECF 1. On June 4, 2020, defendant Convergen Energy WI, LLC ("**CEW**") initiated an arbitration against plaintiff L'Anse pursuant to a purported arbitration provision in the Supply Agreement.  On June 23, 2020, Plaintiffs filed their motion to stay the arbitration (ECF 65), maintaining that the arbitration provision in the Supply Agreement was void because it was formed as a result of fraud. CEW challenged Plaintiffs' motion to stay the arbitration and (on a proposed sur-reply) maintained that Andueza, as the signer of the Supply Agreement, had the authority to bind Plaintiffs to the Supply Agreement's terms. *See* ECF 97 at 5 fn. 4. On August 5, 2020, the Court issued its opinion and order, holding that, because Plaintiffs did not challenge Andueza's purported authority, the Supply Agreement was fully formed, the arbitration provision came into existence, and any arbitrable issues were to be determined by the arbitrator, not the Court.  ECF 109 at 10. In connection with the arbitration filed by CEW, the American Arbitration Association has directed L'Anse to file an arbitrator list by August 26, 2020.

In their motion to dismiss reply brief, Defendants raised similar arguments concerning Andueza's purported authority to bind Plaintiffs to the terms of the Acquisition and Supply Agreements, maintaining that Andueza's authority to enter into these agreements vitiates Plaintiffs' case, supposedly contradicting the Complaint's allegations of fraud and breach of fiduciary duty. *See* ECF 111 at 2, 3 fn. 3, 9, 12, 13.

## **ARGUMENT**

Leave to amend a complaint should be "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loreley Fin. No. 3 Ltd. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 190 (2015) (vacating the district court's judgment and ordering the district court to grant plaintiffs leave to amend); *see also* Fed. R. Civ. P. 15(a). The Rule 15(a)'s "permissive standard is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F3d 208, 213 (2d Cir. 2011) (internal citations and quotations omitted); *see also Artec Constr. & Dev. Corp. v. New York City Dep't of Hous. Pres. & Dev.*, 2017 WL 782911, at *6 (S.D.N.Y. Feb. 27, 2017) (granting leave to file a second amended complaint after motion to dismiss had been fully briefed); *Fullwood v. Wolfgang's Steakhouse, Inc.*, 2014 WL 6076733, at *8 (S.D.N.Y. Nov. 14, 2014) (same). A plaintiff should be granted leave to amend "in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (internal citations and quotations omitted).

Given the permissive standard for granting leave to amend, the Court should allow Plaintiffs to replead their complaint so that this dispute can be resolved on its merits. Moreover, there exists no prejudice or bad faith that would otherwise prohibit such an amendment. Accordingly, leave to file an amended complaint should be granted.

### I.    **Allowing the Amendment Will Serve the Interest of Justice**

Plaintiffs seek leave to amend the complaint to address a falsehood perpetuated by Defendants, namely, that Andueza had clean hands and had authority to bind Plaintiffs to contracts with Defendants. To refute this, the Amended Complaint sets forth the following about Andueza:

- He conspired with Brooks in the alleged fraud. AC¶¶ 7, 36, 46, 55, 57, 58, 59, 60;

- He had a secret agreement with Brooks not to tell Plaintiffs about their plan to intentionally sell the Pellet Plant at below-market value to Defendants; AC¶ 57;

- He helped secure financing for Defendants in connection with the purchase of the Pellet Plant; AC¶¶ 46, 57;

- Due to his desire to keep his own conflicts in another deal involving Libra Group secret (among other reasons), he opted to maintain the secrecy of Brooks' scheme; AC¶ 36;

- A December 15, 2019 email from Brooks' personal email to Andueza's personal email, evidences that Andueza and Brooks planned to jointly contribute $500,000 in funding for the fraudulent acquisition to obtain an economic interest in the pellet plant;[3] AC¶ 58;

- At all relevant times Defendants knew that both Brooks and Andueza were conspiring to betray and defraud their employer.  AC¶¶ 36, 59, 60;

Based on these new allegations, Plaintiffs contend that Andueza lacked the authority to bind Plaintiffs to any agreement he signed on their behalf – and that any agreement he did sign therefore suffers from a critical formation defect, causing the agreement to never have come into existence. L'Anse is in the process of transitioning to a new pellet supplier and, once that is accomplished, will cease any further business relationship with CEW. These new allegations clarify Plaintiffs' fraud-in-the-formation argument, raised in connection with Plaintiffs' motion to stay the arbitration. These same facts also directly address arguments raised by Defendants in their motion to dismiss concerning Andueza's purported authority, as they relate to Plaintiffs' purported failure to state a claim for fraud or breach of fiduciary duty (ECF 109 at 8-9, 12-13).

---

[3]      The May 14, 2020 anticipatory complaint filed by Hansen and CEW in Wisconsin attached the email, which had not previously been made available to Plaintiffs.

Justice requires that Plaintiffs be allowed to file a first amended complaint and avoid a potential dismissal on grounds that the case must be arbitrated. *See In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 2011 WL 4357166, at *3 (S.D.N.Y. Sept. 13, 2011) (noting that defendants' arguments regarding the viability of a complaint are better left for full argument and consideration on a motion to dismiss); *Long Island Neuroscience Specialists v. Fringe Benefit Funds Loc. 14-14b Intl. Union of Operating Engineers*, 17-3341 (JMA) (ARL), 2018 WL 3912283, at *5 (E.D.N.Y. July 31, 2018), *report and recommendation adopted sub nom. Long Island Neuroscience Specialists v. Fringe Beenfit Funds Loc. 14-14B Intl. Union of Operating Engineers*, 17CV3341JMAARL, 2018 WL 3898168 (E.D.N.Y. Aug. 15, 2018) (Granting leave to amend as "[t]he Federal Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.") (citing *Foman*, 371 U.S. at 181-82); *Abessinio v. Ernst & Young, LLP*, 06CIV2777LTSFM, 2007 WL 9812740, at *1 (S.D.N.Y. May 21, 2007) (granting leave to amend after a motion to stay the action pending arbitration had been fully briefed); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

## II.    No Prejudice Exists To Warrant Denial Of Plaintiffs' Motion

In line with Rule 15's permissive standard for granting leave to amend, leave to amend will be freely granted absence a showing of prejudice such that an amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Pasternack*, 863 F.3d at 174 (internal quotations and citations omitted). However, "mere delay" or "complaints of the time, effort and money" expended in

litigation do "not provide a basis for a district court to deny the right to amend." *Id.* (internal quotations and citations omitted).

No prejudicial basis exists here to deny Plaintiffs' leave to amend. By Plaintiffs' repleading, no significant additional resources will be required to conduct discovery or trial, as discovery has not begun, and any marginal expansion of discovery as a result of amendment is an insufficient basis for denying leave to amend. *See Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 455 (S.D.N.Y. 2016) ("While some additional discovery will certainly be necessary, the possibility that an amendment will require the expenditure of additional time, effort, or money [does] not constitute undue prejudice.") (internal quotations and citations omitted); *Margel*, 2010 WL 445192, at *12 (noting that any "prejudice that would flow from any additional required discovery can generally be mitigated by adjustments to the discovery schedule."; collecting cases).

Nor will Defendants be able to meet the heavy burden of showing that the proposed amendment is the result of "undue delay, bad faith, [or] dilatory motive[.]" *Loreley*, 797 F.3d at 190. In particular, courts have specifically found that justice requires leave to amend be granted when there has been a "revelation of new evidence." *See Bear Stearns*, 2011 WL 4357166, at *3.

Indeed, amendment will also cause no additional undue delay in resolving this case. This action is only three months old, Plaintiffs have not sought leave after any deadline for filing an amended complaint pursuant to a scheduling order, the parties have produced no documents and taken no depositions, and that Defendants will in all likelihood file another motion to dismiss does not amount to prejudicial delay. *See Apotex Corp. v. Hospira Healthcare India Private Ltd.*, 2019 WL 3066328, at *9-10 (S.D.N.Y. July 12, 2019) (no undue delay where case was a year old, no discovery had taken place and, pursuant to an amended complaint, defendants would file a second motion to dismiss). Moreover, part of the information that forms the basis of this amendment was

only recently uncovered, as a result in large part of Defendants' filings in related actions. *See Am. Med. Ass'n v. United Healthcare Corp.*, 2006 WL 3833440, at \*4 (S.D.N.Y. Dec. 29, 2006) (no undue delay where Plaintiffs waited two and half years to file amended complaint, because new information was uncovered during that time which formed the basis of the amended complaint); *see also Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 2017 WL 466468, at \*1 (S.D.N.Y. Feb. 1, 2017) (that plaintiffs could have sought leave to amend sooner does not constitute basis to deny leave to amend where plaintiffs learned of "all of the relevant facts" near to when plaintiffs sought leave); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016) ("alleging that the plaintiff could have moved to amend earlier than she did, however, is insufficient to demonstrate undue delay."); *see also Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) (collecting cases where leave to amend granted after delays ranging from two to five years); *Affiliated FM Insurance Co. v. Liberty Mechanical Contractors, Inc.*, 2013 WL 4526246, at \*5 (S.D.N.Y. Aug. 27, 2013) (allowing amendment after nine months despite movant's knowledge of relevant information at time of initial pleading because party "need not prove that they uncovered new facts or law" to receive leave to amend).

## CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiffs' motion.

Dated: August 19, 2020
New York, New York

SEIDEN LAW GROUP LLP

By: */s/ Michael Stolper*
Michael Stolper
Dov B. Gold
Jake Nachmani
469 Seventh Avenue, Fifth Fl.
New York, NY 10018
(646) 766-1703
*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System"). The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsels of record.

Dated: August 19, 2020                                    SEIDEN LAW GROUP LLP


                                                          /s/ Michael Stolper
                                                             Michael Stolper