UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CONVERGEN ENERGY LLC, L'ANSE WARDEN
ELECTRIC COMPANY, LLC, EUROENERGY
BIOGAS LATVIA LIMITED, and LIBRA CAPITAL
US, INC.

                           Plaintiffs,

-against-

STEVEN J. BROOKS, NIANTICVISTA ENERGY
LLC, GREGORY MERLE, RIVERVIEW ENERGY
CORPORATION, DANIEL ESCANDON GARCIA,
RAMON URIARTE INCHAUSTI, CHIPPER
INVESTMENT SCR, SA, URINCHA SL, THEODORE
JOHN HANSEN, BRIAN R. MIKKELSON, and
CONVERGEN ENERGY WI, LLC,

                           Defendants.

Index No. **1:20-cv-03746** (LJL)

# DECLARATION OF DOV GOLD

I, Dov Gold, declare as follows:

      1.      I am an attorney with the Seiden Law Group LLP and am counsel for Plaintiffs.

      2.      I am licensed to practice in the State of New York, and I submit this declaration in support of the Motion for Injunctive and Interim Relief. I have personal knowledge of all facts set forth herein.

      3.      On May 19, 2020, the Court ordered (the "**Order**") the parties "may take expedited discovery to address all issues relevant to the application for a preliminary injunction."

### Expedited Discovery Requests

      4.      Pursuant to the Order, on May 21, 2020, Plaintiffs sent their First Request for Production ("**First Requests**") and First Set of Interrogatories ("**First Interrogatories**") to Defendants Steven J. Brooks ("**Brooks**"), NianticVista Energy, LLC ("**Niantic**"), Gregory Merle

1

("**Merle**"), Riverview Energy Corporation ("**Riverview**"), Convergen Energy WI, LLC ("**CEW**"), Theodore Hansen ("**Hansen**"), and Brian Mikkelson ("**Mikkelson**") (collectively "**Defendants**").

5. On June 11, 2020, Ryan Billings ("**Billings**") provided objections and responses to the First Requests and First Interrogatories on behalf of Brooks, Niantic, Merle, and Riverview (collectively "**Billings Clients**"). In the same email, Billings Clients produced one document (because the production is redacted it is unclear if it is one or two email chains). The production is an email chain with Libra Capital US, Inc. ("**Libra**") and a letter from Brooks' condominium, both concerning COVID-19, which are not responsive to the production request. Billings Clients have made no further production.

6. On June 11, 2020, Benjamin LaFrombois ("**LaFrombois**") provided objections and responses to the First Requests and First Interrogatories on behalf CEW, Hansen, and Mikkelson ("**LaFrombois Clients**").

7. On June 15, 2020, Plaintiffs participated in a meet confer by phone with LaFrombois and Billings to discuss Defendants' inadequate responses. After this conference, on June 16, 2020, Plaintiffs sent their Amended First Request for Production ("**Amended Requests**") and Amended First Set of Interrogatories ("**Amended Interrogatories**") to Defendants to address Defendants' objections. These new requests were designed to address Defendants' objection (1) that "non-public information" was too broad a term and not narrowly tailored to the case; and (2) the interrogatories were not sufficient to require responses to identify parties with a financial interest in CEW.

8. In part the Amended Interrogatories are listed below.

    a. Interrogatory No. 1: Identify any person that has received non-public information about Plaintiffs or Convergen Energy WI, LLC ("CEW") outside the ordinary course of business prior to January 30, 2020, including information about a potential sale of CEW.

    b. Interrogatory No. 4: Identify anyone with a current or past financial interest in CEW and any entities in the chain of ownership of CEW, including all current and past members and officers of CEW and any entities in the chain of ownership.

    c. Interrogatory No. 4A: Describe the current and historical financial relationship of each of the defendants in this action in CEW and in any entities in the chain of ownership of CEW.

9. The Amended Requests are listed below.

    a. Document Request No. 1A: Communications concerning Trade Secrets and Confidential Information of Plaintiffs or Convergen Energy WI, LLC ("CEW") in connection with a potential or actual sale of CEW, including but not limited to emails to or from stevebrooks17@gmail.com.

    b. Document Request No. 1B: Communications concerning Trade Secrets and Confidential Information of Plaintiffs or CEW outside of the ordinary course of business of CEW, including but not limited to emails to or from stevebrooks17@gmail.com.

    c. Document Request No. 1C: To the extent not responsive to prior requests, all emails to or from stevebrooks17@gmail.com between January 1, 2019 and January 31, 2020. For defendant Steven J. Brooks only, this request is further limited to emails concerning Plaintiffs or CEW.

    d.   Document Request No. 1D: To the extent not responsive to prior requests, all emails to or from fidel.andueza@hotmail.com between January 1, 2019 and January 31, 2020.

    e.   Document Request No. 2: To the extent not responsive to prior requests, emails in which information about Plaintiffs or CEW was provided to Third Parties outside the ordinary course of business of CEW between January 1, 2019 and January 30, 2020.

10.    On June 22, 2020, LaFrombois Clients made their only production to date. LaFrombois noted this was a "preliminary production" and he reserved the right to supplement. On June 29, 2020, after reviewing the production, I pointed out to LaFrombois that the production seemed "haphazardly collected" and asked when Plaintiffs could expect a more complete production. On July 2, 2020, LaFrombois responded that my request was too vague.

11.    On June 24, 2020 LaFrombois and Billings responded with responses and objections to the Amended Interrogatories, which are attached as **Exhibit 1 and 2** respectively.

## Plaintiffs' Data and Devices

12.    Concurrently with the expedited discovery, Michael Stolper and I began communicating with Defendants' counsel to obtain a copy of the Plaintiffs' data wrongly in Defendants' possession and obtain a forensic image of Brooks, Hansen, and Mikkelson's work devices.

13.    Billings has not contested that Libra provided Brooks with an iPhone 8 that belongs to Libra. However, Billings maintains that because it contains personal information, he is not obligated to turn over the phone or a forensic image without removing Brooks' personal information.

14. Plaintiffs have also requested to image an iPhone 11 in Brooks' possession. To evidence the basis of this request Plaintiffs have shared with Billings a December 12, 2019 email where Brooks requested to access Libra's network from his personal iPhone 11. Brooks explained, "[t]his is a personal phone, which I use as my primary phone when I am not traveling." That email correspondence is attached as **Exhibit 3** and the dates are shown in the format of day/month/year. In the same email Brooks also discusses his intent to sync the iPhone to an iCloud account, which Plaintiffs have requested to image but were denied. Billings has also denied Plaintiffs' request to image the iPhone 11 because it is a personal device.[1] Billings' repeated denials on July 7, 2020 and August 6, 2020 in response to Plaintiffs' requests are attached as **Exhibit 4 and Exhibit 5**.

15. LaFrombois does contest the ownership of the individual laptops that Hansen and Mikkelson used while employed by Convergen Energy LLC. LaFrombois has offered to have his forensic expert recover any deleted emails on the hard drive of each laptop for review as part of the email migration process but has refused to allow Plaintiffs' forensic expert to analyze the forensic image. LaFrombois then had his forensic expert unilaterally image each laptop and offered an unreadable copy to Plaintiffs. In our subsequent emails described below, Plaintiffs explained that merely recovering deleted emails is not sufficient; all data must be recovered and sorted similar to the Convergen emails. A forensic review is also required to assess whether the data was copied elsewhere as already demonstrated by our forensic review of Brooks' Libra laptop.

**Attempts to Resolve TRO Issues**

---

[1] Billings also complains about a ministerial detail as a basis not to provide an image of the iPhone 11.

16. On July 6, 2020, and again on August 6, 2020, Michael Stolper and I emailed LaFrombois and Billings with respect to outstanding issues with respect to the TRO.

17. We explained that the LaFrombois Clients' interrogatory responses were insufficient for the following reasons.

   a. The response to Interrogatory 4A was unresponsive and refers to CE's relationship with L'Anse.

   b. Clark Kent LLC's affiliation with Brooks was described in the past tense; it is unclear if this is a typo.

   c. It is not clear whether Clark Kent LLC and Javier Busto are currently lenders to CE, CEW, or both.

   d. It is not clear whether LaFrombois' Clients are not able identify any contingent interests in CEW and any entities in the chain of ownership of CEW.

18. We also explained that LaFrombois and Billings had taken a narrow view of what documents Plaintiffs were entitled to as part of expedited discovery and explained that the Court had allowed a request to Brooks' mother Elmerina Brooks for both trade secrets and confidential information.

19. On August 6, 2020, I emailed LaFrombois with regard to the outstanding requests. On August 7, 2020, LaFrombois responded that he would follow up on the issues that I had flagged but has only followed up with respect to the production of Convergen emails pre-sale. That email thread is attached as **Exhibit 6**. Billings' response and blanket rejection to my July 6, 2020 and August 6, 2020 emails are attached as **Exhibits 4 and 5**.

20. On August 12, 2020, Michael Stolper had a phone conversation with Billings and LaFrombois to avoid unnecessarily raising issues with the Court and then sent them excerpts of

the letter that he intended to file with the Court if the issues were not resolved. Billings responded on behalf of Defendants to reject Plaintiffs' offer. The complete email thread is attached as **Exhibit 7**.

### Improper Highly Confidential Designations

21. On about July 17, 2020, LaFrombois designated all production from BMO as Highly Confidential without reviewing any of the data. I have not seen any basis for this designation, which prevents my clients from reviewing the production. The Highly Confidential designation has not been removed to date.

22. On July 30, 2020, Billings produced documents on behalf of Elmerina Brooks. Certain documents that were highly relevant to the fraudulent scheme were marked as Highly Confidential without any basis. On August 3, 2020, I asked Billings to remove the Highly Confidential designations. Billings provided an explanation that disclosure of his clients' bank would provide plaintiffs with a competitive edge. Billings took the position that it is "not relevant which accounts provided funding, when the fact and amount of funding is not in dispute." Nevertheless, Billings agreed to remove the designation from one document but redacted certain information and refused to remove the designation from second document, which he claimed, "had the same information." The second document has additional information and there is no basis to designate one but not the other when Billings claimed the information is the same.

### Plaintiffs Demand Brooks Cease His Interference

23. On July 10, 2020, Libra Group's General Counsel emailed Brooks a letter requesting that he cease certain interference with Plaintiffs. Billings responded the same day only

to say that the General Counsel should email Billings and not Brooks and did not address the substance of the letter.

24. On August 3, 2020, I emailed Billings to request that Brooks cease and desist from his pattern of misconduct and listed specific examples. Billings responded on August 4, 2020, saying among other things that "[i]t also seems that Plaintiffs assume (without evidence), whenever something happens that they don't like, that Mr. Brooks was responsible." The email thread is attached as **Exhibit 8**.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
          August 25, 2020

*/s/ Dov Gold*
Dov Gold
