UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONVERGEN ENERGY LLC, et al.,

            Plaintiffs,

-v-

STEVEN J. BROOKS, et al.,

            Defendants.

Civil Action No. 20-cv-3746 (LJL)

**RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (AS AMENDED) TO DEFENDANTS HANSEN, MIKKELSON AND CONVERGEN ENERGY WI, LLC**

---

Defendants, Convergen Energy WI, LLC (hereinafter "**CEW**"), Theodore Hansen and Brian Mikkelson ("**Answering Defendants**"), specially appearing by their counsel, Benjamin LaFrombois and William Fischer of von Briesen & Roper, s.c., submit the following Responses to Plaintiffs' First Set of Interrogatories (as amended).

## PRELIMINARY STATEMENT

These discovery responses are made solely for the purpose of, and in relation to, this action. The information supplied in these discovery responses may not be based solely upon the knowledge of the executing individual, but may include knowledge from the corporate Defendant, its agents, representatives and attorneys, unless privileged. The Defendants are engaged in a continuing investigation regarding the matters inquired into by Plaintiffs' discovery. Therefore, the Defendants reserve the right to amend these responses if new or more accurate information becomes available or if errors are discovered. Furthermore, these discovery responses are given without prejudice to Defendants' right to rely on subsequently discovered information or on information inadvertently omitted from these discovery responses as a result of mistake, error or oversight. To the extent the information contained herein differs in any material respect from any prior discovery responses, these discovery responses shall be deemed to update and supersede such prior responses to the extent the prior discovery responses may be inconsistent.

1

**GENERAL OBJECTIONS**

1. Discovery in this matter is ongoing, and information which may be responsive to the Interrogatories may be within the possession, custody or control of other parties.

2. Answering Defendants object to each and every Interrogatory to the extent it seeks the discovery and production of any information that falls outside of the Court's May 19, 2020 Order allowing limited expedited discovery to address issue relevant to Plaintiffs' application for a preliminary injunction.

3. Answering Defendants object to each and every Interrogatory to the extent it seeks the discovery and production of any information which involves privileged attorney/client communications, privileged work product, or any other privileged or confidential information, documents, materials and communications. Any inadvertent disclosure or production of privileged or protected information shall not constitute a waiver of any such privilege or protection.

4. Answering Defendants object to the Interrogatories to the extent they seek information not reasonably calculated to lead to the discovery of admissible evidence.

5. Answering Defendants object to the Interrogatories to the extent that they differ from the Federal Rules of Civil Procedure and local rules of procedure of the United States District Court for the Southern and Eastern Districts of New York. These responses are provided pursuant to the Federal Rules of Civil Procedure and local rules of procedure of the United States District Court for the Southern and Eastern Districts of New York.

6. Answering Defendants objects to the Interrogatories to the extent they require unreasonable investigation by Answering Defendants, place unreasonable burden and expense on Answering Defendants, are oppressive, overbroad, harassing or overly burdensome.

7. Answering Defendants object to the Interrogatories as being unduly burdensome to the extent that they are redundant and/or duplicative of other material or information already in Plaintiffs' possession, custody or control, or material or information over which Plaintiffs could gain possession, custody or control at no greater expense or burden than CEW et al.

8. Answering Defendants object to the Interrogatories to the extent that they seek the disclosure of information or the identification or production of materials that are confidential to third parties not within CEW et al.'s control and to the extent the information requested is of a confidential nature.

9. The production of materials or disclosure of information is not and shall not be deemed a waiver of any objection Answering Defendants might have with respect to whether any such materials or information are admissible at trial. By making production or by responding to an Interrogatory, Answering Defendants do not concede that the material or information produced is relevant in any way to the issues in this lawsuit.

10. All of these General Objections are incorporated in the following specific responses and objections as if stated fully therein. To the extent specific objections are cited in response to a specific Interrogatory, those specific citations are provided because they are believed to be particularly applicable to the Interrogatory and are not to be construed as a waiver of any other objection applicable to information and/or materials falling within the scope of the Interrogatory.

11. Answering Defendants are providing responses to Plaintiffs' Interrogatories without in any way waiving the right to object, on any ground, to use of the answers, responses, and produced documents by Plaintiffs or any other party to this action. Answering Defendants reserve the right at any time to revise, correct, supplement, clarify, or amend the answers,

responses, and produced documents and reserves the right to object to any demand for further discovery relating to the subject matter of the answers, responses and produced discovery.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify any person that has received non-public information about Plaintiffs or Convergen Energy WI, LLC ("**CEW**") outside the ordinary course of business prior to January 30, 2020, including information about a potential sale of CEW.

**RESPONSE TO INTERROGATORY NO. 1:** Object to this Interrogatory on the grounds that "non-public information" is vague and ambiguous, and that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence relating to Plaintiffs' application for preliminary injunction, and is therefore outside the bounds of permissible discovery pursuant to the Court's May 19, 2020 Order.

Subject to the above objections and the General Objections and without waiving any statements therein, persons whom Answering Defendants believe may have received non-public information about Plaintiffs or Convergen Energy WI, LLC include any number of directors, officers, managers, employees or agents of the Plaintiffs, Convergen Energy WI, LLC, Diane Ewen (Controller, Americas – based in New York) and David Bates (Director, Group Accounting – based in London), BMO Harris Bank N.A., or their lenders, vendors, owners, affiliates and potential or actual business partners, including but not limited to George Logothetis, Nicholas Logothetis, Bert Diaz, Adamantios Tomazos, Camilo Patrignani, Fidel Andueza, Phaedra Chrousos, Nikolaos Baziotis, Neil Mortimer, Chris Watson, Emma Belchier, Kerry O'Toole, Diane Ewen, David Bates, Aaron Weiss, Michael Todd Stolper, Dov Byron Gold, Aaron Nelson, Ramon Uriarte Inchausti, Daniel Escandon Garcia, Steven J. Brooks, Gregory Merle, Theodore Hansen, and Brian Mikkelsen.

**INTERROGATORY NO. 2:** Identify all persons who have or had the ability to access the Office 365 Accounts and Domain Names as an administrator or with similar privileges to view all emails and data.

**RESPONSE TO INTERROGATORY NO. 2:** Objects to this Interrogatory insofar as it is vague and ambiguous and unbounded as to time.

Subject to the above objections and the General Objections, and without waiving any statements therein, persons whom Answering Defendants are currently aware of who have or had the ability to access the Office 365 Accounts and Domain Names as an administrator or with similar privileges to view all emails and data are Brian R. Mikkelson and representatives of Heartland Business Services and representatives of Marco Technology along with their predecessors. Respecting the convergenenergy.com domain, Libra employees had administrative access to the account housing convergenenergy.com.

**INTERROGATORY NO. 4:** Identify anyone with a current or past financial interest in CEW and any entities in the chain of ownership of CEW, including all current and past members and officers of CEW and any entities in the chain of ownership.

**RESPONSE TO INTERROGATORY NO. 4:** Objects to this Interrogatory on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence relating to Plaintiffs' application for preliminary injunction, and is therefore outside the bounds of permissible discovery pursuant to the Court's May 19, 2020 Order.

Subject to the above objections and the General Objections, and without waiving any statements therein, Convergen Energy WI, LLC, Ted Hansen and Brian Mikkelson state that during the period of January 31, 2020 to the present the sole member of CEW is Nianticvista Energy LLC; Nianticvista Energy LLC's sole member is 4406 Cypress Lane LLC; 4406 Cypress

5

Lane LLC's sole member is Greg Merle. Based upon reasonable inquiry, Steve Brooks, Clark Kent LLC, Ramon Escandon, and Daniel Inchausti, Chipper Investment SCR, SA, and Javier Busto may have a financial interest in one or more of the foregoing entities.

Prior to January 31, 2020, the ownership structure of CEW included, Convergen Energy LLC (hereinafter "**CE LLC**"), which was owned by Convergen Energy, Inc, which was owned by First North American Holdings II. The precise ownership of First North American Holdings II is unknown to respondents. CE LLC was formerly Greenwood Fuels.

Since January 31, 2020 to the date of this response, the officers of CEW are Ted Hansen and Steve Brooks. Greg Merle is manager of CEW.

Immediately prior to January 31, 2020, the officers of CE LLC were Fidel Andueza (President), Bert Diaz (Secretary), and Steve Brooks (Vice President). Immediately prior to January 31, 2020, the officers of CE Wisconsin LLC were Fidel Andueza and Bert Diaz.

**INTERROGATORY NO. 4A**: Describe the current and historical financial relationship of each of the defendants in this action in CEW and in any entities in the chain of ownership of CEW.

**RESPONSE TO INTERROGATORY NO. 4A**: Objects to this Interrogatory on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence relating to Plaintiffs' application for preliminary injunction, and is therefore outside the bounds of permissible discovery pursuant to the Court's May 19, 2020 Order, that the Interrogatory does not identify a time frame, and the term "financial relationship" is vague.

Subject to the above objections and the General Objections, and without waiving any statements therein, Convergen Energy WI, LLC incorporates its answer to Interrogatory No. 4.

When CE LLC owned L'Anse Warden Electric Company the lenders involved at various times were Riposte, Yellowstone, Clark Kent LLC, and Javier Busto.  Respondent's understanding is that Riposte was comprised of friends and family of George Logothetis,  Yellowstone was an independent lender, Clark Kent LLC was affiliated to the family of Steve Brooks, and Javier Busto was a friend of Fidel Andueza.

With respect to the financial structure after the January 31, 2020 transaction it is respondent's understanding that Clark Kent LLC and Javier Busto continue to be lenders.

Convergen Energy WI, LLC has notes evidencing debt to BMO Harris, Wisconsin Economic Development Corporation, Toyota Corporation (forklift) and John Deere (loader). Convergen Energy WI LLC has no notes or payables to the parties identified in Interrogatory No. 4.  The membership interest in 4406 Cypress Lane, LLC is held solely by Greg Merle.

Neither Ted Hansen nor Brian Mikkelson have a financial interest, other than their employment, in CEW.  Neither Ted Hansen nor Brian Mikkelson have a financial interest in Nianticvista Energy LLC, 4406 Cypress Lane LLC, or in any of the parties with a financial interest identified in Interrogatory No. 4.

**INTERROGATORY NO. 6**:     Describe the consideration Steven J. Brooks received directly or indirectly for providing a personal guaranty of Convergen Energy WI, LLC's Credit Agreement of $2,375,000 to BMO Harris Bank N.A. dated January 31, 2020.

**RESPONSE TO INTERROGATORY NO. 6**:     Objects to this Interrogatory on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence relating to Plaintiffs' application for preliminary injunction, and is therefore outside the bounds of permissible discovery pursuant to the Court's May 19, 2020 Order.

7

Subject to the above objections and the General Objections, and without waiving any statements therein, Convergen Energy WI, LLC states that, Convergen Energy WI LLC, Ted Hansen, or Brian Mikkelson are not aware of consideration paid to or received by Steven J. Brooks with respect to the Credit Agreement between Convergen Energy WI LLC and BMO Harris.

Dated this 24th day of June, 2020.

AS TO OBJECTIONS:
von BRIESEN & ROPER, s.c.,

*s/Benjamin D. LaFrombois, Esq.*
Benjamin D. LaFrombois, Esq.
WI State Bar No. 1027910
William E. Fischer, Esq.
WI State Bar No. 1045725
*Attorneys for Defendants, Theodore John Hansen, Brian R. Mikkelson and Convergen Energy WI, LLC*

Direct contact information:
Benjamin D. LaFrombois, Esq.
2905 Universal Street, Suite 2
Oshkosh, WI 54904
920.233.4704 direct dial
blafrombois@vonbriesen.com

William E. Fischer, Esq.
920.232.4843 direct dial
wfischer@vonbriesen.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and accurate copy of Response to Plaintiffs' First Set of Interrogatories (as amended) to Hansen, Mikkelson and Convergen Energy WI, LLC was served via email upon the following counsel of record on June 24, 2020:

Dov B. Gold
Seiden Law Group LLP
dgold@seidenlegal.com

Michael Stolper
Seiden Law Group LLC
mstolper@seidenlegal.com

Ryan Billings
Kohner, Mann & Kailas, S.C.
Rbillings@kmksc.com

                                          *s/Benjamin D LaFrombois, Esq.*
                                          von Briesen & Roper, s.c.

## VERIFICATION

STATE OF WISCONSIN )
) ss.
OUTAGAMIE COUNTY )

Theodore J. Hansen makes the following declaration under penalty of perjury:

1. I have read the foregoing *Responses to Plaintiffs' First Set of Interrogatories (as amended) to Defendants Hansen, Mikkelson and Convergen Energy WI, LLC* and know the contents thereof.

2. I am the Chief Executive Officer of Defendant Convergen Energy WI, LLC, and am authorized to verify the above Responses on behalf of the company.

3. The Responses were prepared with the assistance and advice of counsel, and based in part upon information and verification obtained from others.

4. The answers set forth in the Responses, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of such answers.

5. Consequently, I reserve the right to make changes in such answers if it appears at any time that omissions or errors have been made therein or that additional or more accurate information is available.

6. Subject to the limitations set forth herein, such answers are true to the best of my knowledge, information and belief.

7. My signature below is subscribed both on behalf of myself and Convergen Energy WI, LLC.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 24th day of June, 2020.

_____
Theodore J. Hansen

## VERIFICATION

STATE OF WISCONSIN   )
                     )   ss.
BROWN        COUNTY  )

Brian R. Mikkelson makes the following declaration under penalty of perjury:

1. I have read the foregoing *Responses to Plaintiffs' First Set of Interrogatories (as amended) to Defendants Hansen, Mikkelson and Convergen Energy WI, LLC* and know the contents thereof.

2. The Responses were prepared with the assistance and advice of counsel, and based in part upon information and verification obtained from others.

3. The answers set forth in the Responses, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of such answers.

4. Consequently, I reserve the right to make changes in such answers if it appears at any time that omissions or errors have been made therein or that additional or more accurate information is available.

5. Subject to the limitations set forth herein, such answers are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this __24th__ day of June, 2020.

*[signature]*
Brian R. Mikkelson