RE: Meet and Confer Process

Michael Stolper <mstolper@seidenlegal.com>
Thu 8/13/2020 10:41 AM
To: Ryan M. Billings <RBillings@kmksc.com>; Benjamin D. LaFrombois <blafrombois@vonbriesen.com>
Cc: Dov B. Gold <dgold@seidenlegal.com>; William E. Fischer <wfischer@vonbriesen.com>

Ryan,

You're seriously claiming to be waiting on Aaron Weiss's "delivery information" when you yourself have already sent Brooks' imaged hard drive to Aaron?

Where do you come up with an agreement that declarations were limited to IT consultants and lawyers? We never agreed to that.

Since you're writing on behalf of Ben's clients, we'll assume you're speaking on behalf of Ben. In emails a week ago to Ben, we requested non-encrypted copies of the Hansen and Mikkelson hard drives to allow a forensic review, in part based on what we found on your client's hard drives (real incriminating stuff). Your offer below to provide what Ben already agreed to provide is non-responsive to what we asked for.

Bottom line, consistent with our past dealings with you (total waste of time), as distinct from Ben, I will just let the court know that we couldn't agree on a schedule and would therefore request that the court provide one.

Michael

---

**From:** Ryan M. Billings <RBillings@kmksc.com>
**Sent:** Thursday, August 13, 2020 9:50 AM
**To:** Michael Stolper <mstolper@seidenlegal.com>; Benjamin D. LaFrombois <blafrombois@vonbriesen.com>
**Cc:** Dov B. Gold <dgold@seidenlegal.com>; William E. Fischer <wfischer@vonbriesen.com>
**Subject:** RE: Meet and Confer Process

Michael,

Setting aside the misrepresentations of the record in the excerpts you provide, the Court asked for a schedule, not a brief. Further, Defendants' position is that their Motion to Dismiss presents threshold issues that should be decided in advance of the Preliminary Injunction. The dates we proposed are expressly subject to that caveat, and the other agreements the parties reached yesterday (no depositions, new Declarations of IT consultants and counsel only, no replies). Please ensure that our position is accurately reported to the Court.

As to the issues you raise, such as the data Libra did not remove from the Convergenenergy.com email account, Defendants have sorted approximately 264,000 emails. Of those, 47,791 have been identified as Libra-related emails. Preparations are being made to provide those emails from Andreas, and they may be ready as early as today. Regarding the hard drives of Mr. Hansen and Mr. Mikkelson, the encrypted backup drives are ready for delivery. Defendants have requested delivery information from Mr. Weiss, which has yet to be provided despite repeated requests. Further, the ESI at issue has been preserved for merits discovery, and Defendants remain willing to conciliate further with Plaintiffs to address any concerns that cannot wait.

Ryan

**Ryan M. Billings, Esq.**
Kohner, Mann & Kailas, S.C.
4650 N. Port Washington Rd.
Washington Bldg., 2nd Floor
Milwaukee, WI   53212-1059
Phone:  414.962.5110
Fax:  414.962.8725
**Email:  rbillings@kmksc.com**
**Web** / **Bio**

---

**From:** Michael Stolper <mstolper@seidenlegal.com>
**Sent:** Wednesday, August 12, 2020 11:52 AM
**To:** Benjamin D. LaFrombois <blafrombois@vonbriesen.com>; Ryan M. Billings <RBillings@kmksc.com>
**Cc:** Dov B. Gold <dgold@seidenlegal.com>
**Subject:** Meet and Confer Process

Counsel,

As we just discussed, I am sending you portions of the letter we intend to submit to the Court for the purpose of seeing whether we can resolve any of the stated issues before placing the issues with the Court. We are making this disclosure to you with the understanding that you will use it to try and resolve issues and not attempt to front issues with the Court before we file our letter. If I am mistaken, please advise immediately so we can simply file our letter.

The following are those portions of the letter that are potentially resolvable without judicial intervention:

We discovered that Brooks accessed other cloud-based services from his company issued laptop such as Dropbox, Box, Skydrive, and Google Drive, but Brooks has refused to provide Plaintiffs access to these accounts and to allow Plaintiffs to forensically image these accounts, even those to which we know for certain he copied Plaintiffs files. Similarly, Brooks has refused to allow Plaintiffs to forensically image or otherwise provide Plaintiffs with complete copies of data on two iPhones and the associated iCloud accounts he used in connection with work for Plaintiffs

We agreed with Mr. LaFrombois on a process for segregating and reviewing trade secrets of Plaintiffs and CEW pre-closing files that remain in CEW's possession. That said, despite the passage of time, Mr. LaFrombois has not yet provided any such files to Plaintiffs, including Plaintiffs' own trade secrets within CEW's possession. Further, Plaintiffs have not been provided with forensic copies of the Convergen Energy, LLC ("**CE**") laptops used by Mikkelson and Hansen, although counsel has offered encrypted (unreadable) data.

Defendants Brooks, Nianticvista Energy LLC, Gregory Merle, and Riverview Energy Corporation have produced only a single email in this litigation and have not adequately described their financial relationship with CEW in their interrogatory responses. Emails and phone calls with Mr. Billings, who represents these defendants, have been a total waste of time. *See, e.g.,* email correspondence attached as **Exhibit A.** Counsel for the remaining defendants has been more cooperative but to date we have only received a limited production.

In accordance with the August 7, 2020 order the parties jointly propose the following briefing schedule of the aforementioned issues: Plaintiffs submit a moving brief with supporting declarations on August 21, 2020 and

Defendants submit opposition papers on or before September 4, 2020.

Please let me know if there is anything to resolve. If I don't hear from you, we will proceed with filing the letter tomorrow morning.

Michael