
 

Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone   (414) 962-5110
Facsimile    (414) 962-8725
Email  kmksc@kmksc.com

www.kmksc.com

September 2, 2020

**_By ECF_**
Hon. Lewis J. Liman
United States District Judge

   Re: *Convergen Energy LLC, et al. v. Brooks, et al.*
      Case No. 1:20-CV-03746-LJL (S.D.N.Y.)
      *Notice of Intent to File Short Exhibit Under Seal on September 4*

Dear Judge Liman:

Our firm represents Specially Appearing Defendants Steven J. Brooks, Gregory Merle, NianticVista Energy, LLC, and Riverview Energy Corporation in the above action. I write pursuant to this Court's Individual Practices in Civil Cases Rule 2(F)(ii) to notify the Court, in advance of Defendants' brief in opposition to Plaintiffs' motion for a preliminary injunction (due September 4), of Defendants' intent to file a two-page exhibit accompanying Defendants' briefing papers under seal, and to move the Court by this letter for permission to do so. Pursuant to this Court's Individual Practices in Civil Cases Rule 2(G), the exhibit in question is being filed under seal contemporaneously with this letter-motion.

The document in question is the file titled "smoking gun.txt" that Plaintiffs mention multiple times in their preliminary injunction brief and accompanying Declaration of Aaron Weiss. (*See* ECF No. 128, at 6, 19; ECF No. 131, ¶ 22.) This document was created by a third-party, and concerns a personal matter, including medical information about the third party who created it and other third-parties. It has nothing to do with the events in dispute in this case, and is offered merely to rebut Plaintiffs' erroneous contentions that: (1) documents related to this case have been deleted; and (2) the deleted documents are unavailable.

The third-party has designated the exhibit as Highly Confidential under the Court's Protective Order, and (for reasons that will become obvious upon reviewing it) has specifically asked Defendants to file the document under seal. I provided a copy of the exhibit to Plaintiffs' counsel and sought their consent to file the exhibit under seal. Plaintiffs' timely informed me that they oppose sealed treatment, but did not share their basis for that position.

Under settled law in this Circuit, the presumption of public access only applies to "judicial documents" or "judicial records." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). In evaluating whether a document is a judicial record, courts consider the "'relevance of the document's specific contents to the nature of the proceeding' and the "degree to which 'access to the [document] would materially assist the public in understanding the issues before the…court.'" *Id.* (quoting *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166–67 (2d Cir.


www.kmksc.com



Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone   (414) 962-5110
Facsimile    (414) 962-8725
Email  kmksc@kmksc.com

Hon. Lewis J. Liman
September 2, 2020
Page 2

2013)). Here, the document is irrelevant to the matters at issue, its specific contents have no bearing on the proceedings, and the public need not review the contents of the exhibit to understand the material issues before the Court in this action. It is an entirely personal set of notes related to a private relationship between one third-party and another third-party. It was cited by Plaintiffs merely because of its provocative title, but it does not relate to this dispute. Thus, it is not a judicial record.

Assuming arguendo that the document were a judicial record and some presumption attached, the Court would next have to evaluate the weight of that presumption. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). To do so, the court would consider whether the document "directly affect[s] an adjudication of this dispute" and plays a significant role in "determining [the] litigants' substantive rights." *Id.* Again, the exhibit in question is simply unrelated to this matter, and is highlighted in Plaintiffs' brief based solely on speculation of its contents due to its title.

After having evaluated the strength of the presumption, the Court would then balance the presumption against countervailing interests, including "the privacy interest of the person resisting disclosure." *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006). In particular, the "privacy interests of innocent third parties" here "should weigh heavily in a court's balance equation." *Amodeo*, 71 F.3d at 1051. Courts in this Circuit have explained that "[F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* Similarly, documents discussing "highly personal family matters" are appropriately sealed. Further, courts in this Circuit have recognized a "privacy interest in medical records," and routinely shield "confidential and sensitive patient information" from public view. *Sattar,* 471 Supp. 2d at 288; *Pal v. New York Univ.*, No. 06 CIV. 5892 (PAC)(F, 2010 WL 2158283, at *1 (S.D.N.Y. May 27, 2010) (ordering the redaction of "all information identifying the patients" from exhibits containing "confidential and sensitive patient information.") Here, the short exhibit references embarrassing and personal matters of non-parties to this lawsuit, contains private medical information, and has no public ramification.

In sum, the exhibit is offered to prove a negative (that its contents have no bearing on this dispute), the presumption of public access is non-existent or low, and the privacy interest of the third-party

 

Hon. Lewis J. Liman
September 2, 2020
Page 3

who created it, the third-parties he discusses, and medical information related to this third-party is strong and outweighs any presumption of public access that may exist.

Defendants move the Court to accept the filing of the short exhibit accompanying this letter-motion under seal.

Respectfully Submitted,

KOHNER, MANN & KAILAS, S.C.

*Ryan M. Billings*

Ryan M. Billings/RMB

cc: Counsel of Record via ECF