UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

CONVERGEN ENERGY LLC, et al.,
          Plaintiffs,

v.                                     CASE NO.: 1:20-CV-03746 (LJL)

STEVEN J. BROOKS, et al.,
          Defendants.

## DECLARATION OF BENJAMIN D. LAFROMBOIS

Benjamin D. LaFrombois makes the following declaration under penalty of perjury.

1. I am one of the attorneys representing specially appearing defendants Convergen Energy Wisconsin, LLC, Theodore Hansen and Brian Mikkelson in the above-referenced action. I base this Declaration on personal knowledge, and submit it in opposition to Plaintiffs' (the "Libra Group's") Motion for a Preliminary Injunction and Other Relief.

2. Throughout the extensive meet and confer process over the summer, the parties have focused on the following categories of materials covered by Plaintiffs' original motion for a TRO: (1) the "Latvian Emails"; (2) preserving Hansen and Mikkelson Hard Drives; (3) segregating and providing exclusively Libra-related materials in the CEW email system  These three categories of work to be accomplished were agreed by the parties and confirmed many times in email and phone calls. These categories have been addressed through the meet and confer process.

3. With regard to the Latvian Emails, after an arduous and highly technical process (made more difficult as a result of Plaintiffs' adversarial approach), those accounts have been segregated and removed from the CEW System, and migrated to Plaintiffs.

4. Hansen and Mikkelson hard drives, they have been placed in Andreas Mueller's (CEW's outside forensic IT consultant's) possession. I have made requests to opposing counsel for the address of their consultant and instructions as to how they want them transferred, but have been ignored. When we receive those instructions, we will forward the encrypted forensic images to Plaintiffs. Plaintiffs will not be able to open the images without the encryption key.

5. On August 17, 2020, CEW, through its representatives, delivered the approximately 47,000 "Libra-Only" email to the Plaintiffs.

6. On August 25, 2020, CEW through its representatives delivered "Mutual Interest" category of emails that it had located. These are email where both parties have an interest, neither a trade secret of either but have a business purpose for both.

7. On September 1, 2020, Attorney Gold contacted me to request a new password for the download link to the Mutual Interest production, because he had yet to download them and the original password had expired. We provided a new password on the same day.

8. I have reviewed the declaration submitted by Attorney Gold, including that portion dealing with supposed deficiencies in CEW's responses to Plaintiffs' expedited discovery requests. Prior to early July, we had engaged in communications with Plaintiffs' counsel regarding the perceived deficiencies in the responses. I believe the last communication I had with Plaintiffs' counsel was in July to request additional clarification of Plaintiffs' vague objections, and specification of exactly what additional materials Plaintiffs required. Plaintiffs did not substantively respond to my request. To the extent Plaintiffs contend there are any further deficiencies in the production, it is my impression that the meet and confer process has not concluded.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 4th day of September, 2020.

*s/Benjamin D. LaFrombois*  
Benjamin D. LaFrombois