PAYMENT GUARANTEE

January 10, 2020

To:   Clark Kent LLC

Dear Clark Kent LLC:

NianticVista Energy LLC ("Subsidiary") is a wholly owned subsidiary of 4406 Cypress Lane LLC, a Delaware corporation ("Guarantor").

You, Clark Kent LLC ("Payee"), have agreed to extend credit to Subsidiary pursuant to the terms of that certain Promissory Note, of even date herewith, from Subsidiary to Payee in the principal amount of $700,000 (as amended, restated, supplemented or modified from time to time, the "Note"), In consideration of Payee extending credit to Subsidiary pursuant to the Note, Guarantor, subject to the terms and conditions hereof, hereby irrevocably and unconditionally guarantees Payee, with effect from the date hereof, the due and punctual payment of all amounts due under the Note, including the Principal (as such term is defined under the Note, and subject to adjustment under the terms of the Note) and any accrued interest pursuant to the terms of the Note, when the amounts due thereon shall become due and payable, upon written demand, in accordance with the terms of the Note (the "Guaranteed Obligations").

Upon failure of Subsidiary to punctually pay the Guaranteed Obligations (or any portion thereof), and upon written demand by Payee to Guarantor at its address set forth in the signature block of this Payment Guarantee (or to such other address as Guarantor may specify in writing to Payee), Guarantor agrees promptly to pay or cause to be paid such amounts; provided that delay by Payee in giving such demand shall in no event affect Guarantor's obligations under this Payment Guarantee. This is a guarantee of payment and not of collection.

Guarantor hereby agrees that its obligations hereunder shall not be affected by the Note's validity, enforceability or the lack of authority of Subsidiary to execute or deliver the Note, or any change in or amendment to the Note.

Guarantor hereby waives diligence, presentment, and demand on Subsidiary for payment or otherwise (except as provided hereinabove), filing of claims, requirement of a prior proceeding against Subsidiary and protest or notice, except as provided for in the Note with respect to amounts payable by Subsidiary. If at any time any payment by Subsidiary to Payee of the Guaranteed Obligations under the Note is rescinded or must be otherwise restored or returned by Payee to Subsidiary due to the insolvency, bankruptcy or reorganization of Subsidiary or otherwise, Guarantor's obligations hereunder with respect to such payment shall be reinstated upon such restoration or return to Subsidiary being made by Payee.

Guarantor represents to Payee as of the date hereof, that:

1. it is duly organized and validly existing under the laws of the jurisdiction of its formation and has full power and legal right to execute and deliver this Payment Guarantee and to perform the provisions of this Payment Guarantee on its part to be performed;

2. its execution, delivery and performance of this Payment Guarantee have been and remain duly authorized by all necessary company action and do not contravene any provision of its certificate of formation or by-laws or any law, regulation or contractual restriction binding on it or its assets; and

3. this Payment Guarantee is Guarantor's legal, valid and binding obligation enforceable against it in accordance with its terms except as enforcement hereof may be limited by applicable bankruptcy,

EBR 1

insolvency, reorganization or other similar laws affecting the enforcement of creditors' rights or by general equity principles.

In the event of any breach or default under the Note or any breach of this Payment Guarantee, Payee shall have the right to proceed first and directly against Guarantor under this Payment Guarantee without proceeding against any other person or entity or exhausting any other remedies which it may have and without resorting to any other security held by it.

By accepting this Payment Guarantee and entering into the Note, Payee agrees that Guarantor shall be subrogated to all rights of Payee against Subsidiary in respect of any amounts paid by Guarantor pursuant to this Payment Guarantee, provided that Guarantor shall be entitled to enforce or to receive any payment arising out of or based upon such right of subrogation only to the extent that it has paid all amounts payable by Subsidiary under the Note that are payable pursuant to this Payment Guarantee.

This Payment Guarantee shall be binding upon Guarantor and upon its successors and assigns and shall be for the benefit of Payee and its successors and assigns.

This Payment Guarantee shall expire upon final payment to Payee pursuant to the terms of the Note (as subsequently modified or amended).

In case any clause, provision, or section of this Payment Guarantee, or any application thereof, is for any reason held to be illegal, invalid or inoperable, such illegality, invalidity or inoperability shall not affect the remainder thereof or any other clause, provision, or section, and each such clause, provision, or section shall be deemed to be effective and operative in the manner and to the full extent permitted by law.

This Payment Guarantee shall be governed by and construed according to the laws of the State of New York, excluding any conflict of laws provisions which would result in the application of the laws of another jurisdiction. Guarantor hereby submits to the non-exclusive jurisdiction of the United States District Court for the Southern District of New York and that of the state courts of New York sitting in the Borough of Manhattan in New York City for the purposes of any legal proceedings arising out of, under or otherwise in connection with this Payment Guarantee (a "Proceeding"). Guarantor hereby irrevocably waives, to the fullest extent permitted by applicable law, any objection that they may have now or hereafter to the laying of venue of any Proceeding brought in the United States District Court for the Southern District of New York or in the state courts of New York sitting in the Borough of Manhattan in New York City. Guarantor agrees that, subject to their rights to appeal, a final judgment in any such action or Proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner permitted by law; provided however that such judgment shall not constitute a waiver of any rights of appeal. Guarantor hereby irrevocably and unconditionally waives any and all right to trial by jury in any action, suit or counterclaim arising in connection with this Payment Guarantee. If Payee brings a Proceeding to collect the Payment Guarantee, Payee shall be entitled to recover, in addition to the outstanding amount due under the Payment Guarantee, all of Payee's costs of collection, including reasonable attorney fees.

This Payment Guarantee shall not be binding and shall be null and void and without any force and effect unless and until it is fully executed and delivered by Guarantor and Payee and may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document, it being understood that all parties need not sign the same counterpart. This Payment Guarantee and any counterpart thereof may be delivered by fax or email in Portable Document Format (PDF) and, if this Payment Guarantee or any counterpart thereof is delivered by fax or email, it

EBR 2

shall, together with the signature(s) or copies of the signature(s) thereon, be treated for all purposes as originals that have been delivered.

EBR 3

AS WITNESS WHEREOF, **4406 CYPRESS LANE LLC** has caused this Payment Guarantee to be executed in its names by persons duly authorized to do so on its behalf as of the day and year written on the first page hereof.

**4406 CYPRESS LANE LLC**, as Guarantor

By: *[signature]*
Name: Steven J. Brooks
Title: Manager

Notice address:

4406 Cypress Lane LLC
201 E. 36th Street
New York, NY 10016
Attn: Steven J. Brooks

With a copy to:

Clemente Mueller P.A.
43 W. 43rd Street
Suite 156
New York, NY 10036
Attn: Jonathan Clemente

AGREED AND ACCEPTED:

By: *[signature]* Elmerina Brooks
Name: Clark Kent LLC Authorized Signatory

Notice address:

Clark Kent LLC
75 Inwood Road
Darien, CT 06820
Attn: Elmerina A. Brooks

[Signature Page Convergen Energy Inc. – Javier Busto Ferraz Guarantee]

**EBR 4**