# Litigation Chronology

| Date | Litigation Activity | Discovery And Conciliation Activity |
|---|---|---|
| 5/14/2020 | Convergen Energy WI, LLC ("CEW"), and Theodore Hansen brought a Declaratory Judgment Action in the Circuit Court of Brown County, Wisconsin (the county in which CEW is located and Hansen resides), as Case No. 2020-CV-00495, captioned *Convergen Energy WI, LLC, et al. v. Convergen Energy LLC, et al.* (the "Brown County Action"). | |
| 5/14/2020 | A few hours later, Libra initiated this action (ECF No. 1). | |
| 5/15/2020 | Libra served its Complaint on Brian Mikkelson. (ECF No. 37.) | |
| 5/19/2020 | Libra brought an emergency motion requesting an *ex parte* Temporary Restraining Order ("TRO"). This Court arranged for a conference call to take place at 4 p.m. on May 19 to discuss Libra's motion. I was retained by Steve Brooks and Greg Merle on May 15, and was retained by NianticVista Energy, LLC, and Riverview Energy Corporation only a couple of hours before the call. | |
| 5/21/2020 | | Libra served a set of interrogatories and document requests on Defendants. |
| 5/22/2020 | This Court set a briefing schedule on Libra's motion for a preliminary injunction, and set a hearing date of June 2 for argument on Libra's motion. (ECF No. 32.) On the same day, so that they could pursue conciliation on the issues raised in Libra's motion, the parties jointly requested a one-week extension of the schedule set by the Court (ECF No. 33), which the Court granted (ECF No. 36), resetting the preliminary injunction hearing for June 9. | The parties had a phone conversation to discuss logistical and technical issues to address the concerns raised in Libra's *ex parte* TRO motion. During the call, I suggested that the parties triage the issues by priority, addressing: (1) the alleged "hack" of EuroEnergy's systems first, then: (2) the Latvian emails, and then: (3) CEW emails. The parties also discussed a process under which CEW's emails would be divided into categories of: (1) Libra-related; (2) neutral; and (3) CEW-only. Later that day, Defendants arranged a call in which the IT consultants for each side spoke directly to each other to work out details without interference by counsel. As part of these conciliation efforts, Defendants have reviewed approximately 264,000 emails, and have made nearly 48,000 emails available to Libra. |
| 5/26/2020 | | Plaintiffs' counsel provided Defendants with a 16-page, single-spaced list of tasks and instructions to be completed immediately. |
| 5/27/2020 | | Defense counsel listed the Latvian email accounts at issue, and suggested that the parties' respective IT firms handle the transfer directly, with each IT consultant monitoring what the other was doing. |
| 5/29/2020 | | Plaintiffs' counsel indicated that the parties needed to reach an "agreement" on Libra's 16-pages of demands by the end of the day, or Libra would need to go forward with the preliminary injunction motion. Defendants responded that day with a detailed plan for how each of the three issues (the hack, Latvian emails, and CEW materials) would be addressed. |
| 6/1/2020 | The parties jointly requested an additional two-week extension on the preliminary injunction schedule. (ECF No. 50.) The Court granted the parties' joint request, and reset the hearing for June 24. (ECF No. 51.) | The parties had a third call about technical issues. During this call, the parties further discussed the process of segregating hundreds of thousands of emails into: 1) Libra; 2) neutral; and 3) CEW buckets. I also informed Plaintiffs' counsel during that call that Brooks had exchanged his Lenovo work computer for the HP several years ago. Libra was unaware that Brooks had the HP until I told Plaintiffs' counsel. |
| 6/2/2020 | Libra removed the Brown County Action to the United States District Court for the Eastern District of Wisconsin. The removed action was assigned Case No. 1:20-CV-00823, and captioned *Convergen Energy WI, LLC, et al. v. Convergen Energy LLC, et al.* (the "Eastern District Action"). | |
| 6/4/2020 | CEW filed a demand for arbitration with the American Arbitration Association ("AAA"). The proceeding was assigned Case Number 01-20-0005-5043 and captioned *Convergen Energy WI, LLC v. L'Anse Warden Electric Company, LLC* (the "Supply Agreement Arbitration"). | Defendants identified a contact at their IT consultant who would work primarily on this project, and asked for times for him to connect with Libra's IT consultants. |
| 6/5/2020 | Libra's time to amend its Complaint under Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service expired. | |
| 6/9/2020 | | The IT consultants from both parties had an additional call to discuss logistical and technical issues. |

# EXHIBIT D

| Date | Event | Discovery/Notes |
|---|---|---|
| 6/10/2020 | CEW brought a limited action in the Circuit Court of Dane County, Wisconsin, for the sole purpose of obtaining a temporary injunction (as expressly permitted by the Supply Agreement) while the Supply Agreement Arbitration was pending. The action was assigned Case Number 2020-CV-001199, and captioned *Convergen Energy WI, LLC, v. L'Anse Warden Electric Company, LLC* (the "Dane County Action"). | |
| 6/11/2020 | | Defendants timely served their objections and responses to Plaintiffs' interrogatories and document requests. Brooks also produced on that date several documents relating to the location of his Libra work devices, as Libra had requested. |
| 6/11/2020 | | Defendants served Libra with a short set of document requests. Other than a prophylactic request for documents in support of its preliminary injunction motion (which Libra would need to provide anyway), Defendants asked for only one thing—a full copy of the "recorded confession" that Libra referenced numerous times in its Complaint and argument in support of its emergency TRO. Despite repeated reminders and follow-up requests, Libra has not responded in any way to the June 11 requests, and has not provided the recording or any expedited discovery in this case. |
| 6/12/2020 | CEW filed a motion for a temporary injunction (the Wisconsin state-court equivalent of a preliminary injunction under the Federal Rules). The Dane County Circuit Court set a hearing for June 16 on CEW's motion. | |
| 6/15/2020 | The day before the June 16 hearing in on CEW's injunction motion, L'Anse removed the Dane County Action to the United States District Court for the Western District of Wisconsin. The action was assigned Case Number 3:20-CV-00543 and captioned *Convergen Energy WI LLC v. L'Anse Warden Electric Company, LLC* (the "Western District Action"). | The parties conducted a telephonic meet and confer conference on outstanding technical issues and Libra's discovery requests. I noted that Libra had told the Court that the limited purpose of expedited discovery was to ensure that Libra had identified all the custodians and devices that potentially possess Libra trade secrets. Defendants had identified in sworn interrogatory responses all persons and entities to whom non-public information about Libra had been disclosed since 2019, meeting that need. It was unduly burdensome at this stage, I argued, to ask Defendants to sort through all "non-public" information about Libra and produce it in expedited discovery, when nearly of all it would have nothing to do with trade secrets. The request was just too broad. |
| 6/15/2020 | | Libra agreed to "narrow" its document requests. Defendants agreed to provide even more detail as to the persons and entities who had received non-public information concerning Libra since 2019. I also suggested that the parties treat Brooks' Gmail emails the same way they were treating the CEW emails, dividing them into categories of: 1) Libra-related; 2) Neutral; 3) CEW related. Plaintiffs' counsel rejected my suggestion. Finally, I mentioned that most of the Gmail emails would be between Brooks and Andueza, and Libra had access to Andueza's emails and did not need them from Defendants, especially during limited expedited discovery. Plaintiffs' counsel indicated that they were entitled to duplicative emails for "authentication" purposes, and that Plaintiffs would go to the Court on this issue immediately unless Defendants agreed. The parties also discussed the need for a Protective Order, and Plaintiffs' counsel promised to mark up the standard Protective Order used by this Court and provide Defendants with a draft. |
| 6/15/2020 | | Plaintiffs' counsel requested that we make arrangements to create forensic images of the HP, Brooks' work iPhone 8, and Brooks' personal cell phone (an iPhone 11). |
| 6/16/2020 | CEW filed a renewed motion for a preliminary injunction in the Western District Action, and requested expedited consideration. | Libra served amended interrogatories and document requests on Defendants. Rather than reducing the scope of the document requests as discussed during our June 15 call, however, the amended document requests expanded the scope, seeking even more information than the original requests. June 16 was also the deadline at the time for serving Declarations and exhibits in support of or opposition to Libra's preliminary injunction motion. Prior to the deadline, I called Plaintiffs' counsel and asked whether we wanted to extend the deadline to continue the conciliation process. Plaintiffs' counsel said he would get back to me. |
| 6/17/2020 | | Libra served Defendants with a long list of demands that needed to be completed within the next three business days. I reminded Plaintiffs' counsel that they owed me a response on extending the preliminary injunction schedule, as the parties were already past the Court's deadlines. Plaintiffs' counsel responded that they would only extend the schedule if Defendants agreed without objection to all of the demands and schedule in Libra's June 17 email. I replied that we would work through the list in good faith, but we would not "pre-agree" to Libra's demands just to get a short extension, when both sides were already past the deadlines set by the Court. Libra eventually agreed to an extension. On that date, Defendants also gave some feedback (provided by their IT consultants), on the June 17 list of demands. Plaintiffs' counsel also asked for information concerning Brooks' two iPhones (his work and personal phones), to evaluate whether they could be copied remotely, and specified a specific hard drive Libra wanted Defendants to purchase to hold the copies. |

# EXHIBIT D

| Date | Event | Details |
|---|---|---|
| 6/18/2020 | L'Anse moved to transfer the Western District Action to this Court. Also on June 18, the AAA in the Supply Agreement Arbitration asked the parties to advise the AAA as to their availability to attend a scheduling conference the week of June 22. Libra ignored the AAA's request. | Although Libra had offered to do so at the June 15 meet and confer conference, Plaintiffs' counsel asked Defendants to do a mark-up of this Court's standard Protective Order. Defendants promptly provided the requested draft on June 18. On that date, I also ordered the hard drive Plaintiffs' counsel had requested, for overnight delivery. |
| 6/18/2020 | The parties jointly asked this Court for an additional one-week extension of the Court's schedule on Libra's preliminary injunction motion, so that they could continue conciliation efforts. (ECF No. 61.) The Court granted the request, and reset the preliminary injunction hearing for July 17. (ECF No. 62.) | |
| 6/19/2020 | | The parties' IT consultants had another call to work out technical issues and the protocol for migrating the Latvian emails and activity logs. Also, on that date, I allowed Plaintiffs' IT Consultant Aaron Weiss to connect remotely to the HP and begin the copying process. Weiss was unable to complete the process, because he could not copy the HP's drive without the administrator password, which Weiss did not have. We agreed to continue the copying process over the weekend. |
| 6/21/2020 | | Over the course of three additional sessions on June 21 and 22, Weiss completed the remote imaging of the HP. I overnight mailed Weiss the drive containing the copy, and confirmed Weiss's receipt of the copied drive. By copying the entire hard drive, Defendants produced to Libra approximately 140 Gigabytes of data (one Gigabyte can contain more than 100,000 pages of emails). |
| 6/22/2020 | | Defendants continue to work with Weiss to image the HP. Defendants produced more than 1,000 pages of documents in response to Libra's amended document requests. Also on June 22, Libra objected to one provision in the draft Protective Order Defendants had circulated, claiming it was superfluous. Defendants provided an explanation why the provision was needed later that day. |
| 6/23/2020 | Libra filed a motion with this Court to stay the Supply Agreement Arbitration. (ECF No. 63.) | |
| 6/24/2020 | | Defendants served their written objections and responses to Libra's amended interrogatories, providing even more detail as to the parties to whom non-public information relating to Libra have been disclosed. |
| 6/25/2020 | Libra moved to transfer the Eastern District Action to this Court. The parties subsequently agreed to stay that motion pending this Court's decision on Defendants' Motion to Dismiss. | |
| 6/26/2020 | | The parties circulated emails to discuss final steps in the migration of the Latvian emails. Also on June 26, Defendants' IT consultant created a forensic image of the computers used by Theodore Hansen and Brian Mikkelson for work. Finally, as Defendants had not heard anything from Libra on the draft Protective Order, Defense counsel reminded Plaintiffs that the parties needed to execute the Protective Order immediately. |
| 6/27/2020 | | Over this weekend, Brooks broke quarantine and travelled from Connecticut to New York to retrieve his Libra iPhone 8, and then mailed it to me. Since I received it, I turned the phone on only once, to gather the information about the phone requested by Plaintiffs' counsel. After that, the phone remained powered off and will stay in that state until agreement with the Plaintiffs or further Order of the Court. |
| 6/29/2020 | | The parties exchanged correspondence in which Defendants confirmed that they had placed appropriate litigation holds on the CEW emails. In the evening, Libra served Defendants with notice of subpoenas to be served on Elmerina Brooks (Brooks' mother) for documents and testimony. I confirmed on that date that Brooks had retrieved his iPhone 8 and it was being sent to me. I also asked Plaintiffs' counsel to explain what iPhone 11 device Chrousos was referencing in her May 18 Declaration, as the serial number did not match anything Defendants had, and where Libra came up with that number. Plaintiffs' counsel refused to answer my question, despite repeated prompting. I also asked Libra to articulate why it would have the right to insist on being provided a complete forensic copy of Brooks' personal cell phone, and Plaintiffs' counsel gave a vague response that Brooks "used the phone for work." |
| 7/1/2020 | Libra's time to answer the Complaint in the Supply Agreement Arbitration expired. Libra did not serve or file any answer. | |
| 7/2/2020 | | Defendants asked for an extension on a briefing deadline, and also offered to extend Libra's times to answer the Eastern District Action and Western District Action Complaints until 14 days after the respective courts ruled on Libra's motions to transfer. Libra agreed to the extension of Libra's deadlines, but refused Defendants' extension request. Defendants also informed Libra on that date that they were ready to migrate the Latvian emails. During the evening, Libra served notice of a subpoena duces tecum that Libra would be serving on BMO Harris Bank, N.A. ("BMO"). |
| 7/6/2020 | | Libra provided an email summarizing the issues in dispute. |

# EXHIBIT D

| Date | | |
|---|---|---|
| 7/7/2020 | | The SA Defendants responded on July 7 with their views, and offered to participate in a meet and confer session to discuss all open issues. Among other items, Defendants provided Libra with the information Libra had been requesting as to Brooks' work iPhone 8. Libra did not respond to either the email or the offer to meet and confer until August 6. |
| 7/8/2020 | The court in the Western District Action granted Libra's motion to transfer that action to this Court. The action was assigned Case Number 1:20-CV-05240-LJL and captioned *Convergen Energy WI LLC v. L'Anse Warden Electric Company LLC* ("Supply Agreement Action"). In the transfer order, the court noted that "[O]nce transferred, plaintiff's pending preliminary injunction motion will be in exactly the same position with the New York court as it is before this one—fully briefed and ready for adjudication." (SA ECF No. 36, at 9-11.) | The SA Defendants served objections and responses to Libra's amended document requests. |
| 7/9/2020 | Defendants timely served their Declarations and exhibits in opposition to Libra's preliminary injunction motion. Libra did not serve any Declaration or exhibit. Given this, Defendants asked Libra to clarify its intentions, and Libra belatedly asked Defendants to agree to an extension of the preliminary injunction schedule and hearing. Also on July 9, the AAA circulated a list of potential arbitrators in the Supply Agreement Arbitration, and asked the parties to rank the listed arbitrators by July 23. Libra ignored this request. | |
| 7/10/2020 | The parties jointly asked for a three-week extension on Libra's motion for a preliminary injunction. (ECF No. 74.) The Court reset the preliminary injunction hearing for August 12, 2020. (ECF No. 75.) | |
| 7/12/2020 | | Defendants renewed their offer to meet and confer, in particular with respect to the subpoena served on Elmerina Brooks. Libra did not respond. |
| 7/13/2020 | CEW wrote a letter to this Court in the Supply Agreement Action, informing the Court that CEW's motion for a preliminary injunction was ripe for decision. (SA ECF No. 38.) | Ms. Brooks moved to quash the subpoenas served on her. (ECF No. 78.) Late in the evening, Plaintiffs' counsel finally approved the draft Protective Order circulated by Defendants on June 18. |
| 7/14/2020 | Defendants promptly filed on July 14 the Protective Order to which Libra had now agreed (ECF No. 82), and the Court entered it on July 15 (ECF No. 86). | BMO produced over 9,600 pages of documents in response to Libra's subpoena. BMO has informed Defense counsel that Libra continues to ask for more discovery from BMO. |
| 7/16/2020 | | Plaintiffs' counsel contacted me and asked for a meet and confer call on Monday, July 20. I replied on July 17 that (as I had previously informed Plaintiffs' counsel) I would be on a family vacation the week of July 20-24, but I offered to meet and confer the day I got back (July 27). Libra did not respond. |
| 7/17/2020 | Defendants moved to dismiss the Complaint, on grounds including the fact that this dispute must be arbitrated. (ECF No. 91.) | |
| 7/23/2020 | CEW timely submitted its ranking of arbitrators in the Supply Agreement Arbitration. Libra did not submit any ranking. | |
| 7/24/2020 | | This Court granted in part and denied in part Elmerina Brooks' motion to quash. (ECF No. 99.) |
| 7/30/2020 | | Ms. Brooks produced 110 pages of documents in response to Libra's subpoena. |
| 7/31/2020 | Libra filed its brief in opposition to Defendants' Motion to Dismiss. (ECF No. 107.) In its briefing, Libra did not ask the Court for leave to amend its Complaint, or indicate any intention of doing so. | |
| 8/3/2020 | The parties jointly advised the court in the Eastern District Action that they had agreed to stay Libra's motion to transfer pending this Court's resolution of Defendants' Motion to Dismiss. | Plaintiffs' counsel objected to the two pages of Ms. Brooks' production that she had designated as Highly Confidential under the Court's Protective Order, and asked for the reason for one redaction in the production. Shortly before midnight on August 3, Plaintiffs' counsel sent me an email claiming that Brooks had engaged in "unlawful acts," including "defaming," and "[i]mproperly communicating" with certain unidentified third parties. Plaintiffs asked for confirmation by noon on August 4 that Brooks would cease and desist engaging in these acts, or Libra would seek injunctive relief. I noted that noon on August 4 was the deadline for service of Declarations and exhibits in support of or opposition to Libra's preliminary injunction motion, which did not seem to be a coincidence. The very formal tone of the email was also unusual, suggesting that Libra was gearing up to file something with the Court, regardless of Defendants' response. I replied by the August 4 deadline, asking for more information so that we could understand what Libra was talking about, but Libra declined to provide any additional information. |
| 8/4/2020 | Defendants timely circulated their Declarations and exhibits in opposition to Libra's preliminary injunction motion. For the second time, Libra did not serve any Declaration or exhibit. Defendants contacted Libra and asked for clarification of Libra's intent with respect to the preliminary injunction, but Libra did not respond. | |

# EXHIBIT D

| Date | | |
|---|---|---|
| 8/5/2020 | This Court denied Libra's motion to stay the Supply Agreement Arbitration. (ECF No. 109.) CEW promptly informed the AAA of this Court's decision. | I responded to Plaintiffs' August 3 email regarding designations and one redaction in the Elmerina Brooks production. I explained the basis of Ms. Brooks' Highly Confidential designation, but, in the spirit of compromise, Ms. Brooks produced a slightly redacted version of one of the documents in question that was designated as Confidential and therefore viewable by Libra. I explained that the second document had the same information as the first. Contrary to Plaintiffs' representation in their preliminary injunction brief, I did not "refuse" to address the second document, I just noted I did not see any reason why Libra needed to view the same information twice. I also explained the basis for the redaction about which Libra inquired. Libra did not ever respond to my August 5 email. |
| 8/6/2020 | Libra's deadline to file a brief in support of its preliminary injunction motion lapsed. Libra did not file any brief, and made no request for an extension to either the Court or Defendants. | Plaintiffs' counsel sent an email responding to my email of July 7 on open discovery issues. Defendants found this email to be very confusing. First, it was sent 30 days after the email to which it responded. Second, the purpose of expedited discovery was to gather evidence to be submitted in support of or opposition to Libra's preliminary injunction motion. But the time to exchange evidence in support of or opposition to Libra's motion had lapsed, and Libra had not exchanged any evidence. We also noted that Libra had not responded to our August 4 email asking for Libra to clarify its intentions given its failure to meet the Court's preliminary injunction schedule, and Libra had not responded to our request. We did not understand the purpose of Plaintiffs' untimely email, which could not generate evidence that could be used in evaluating the preliminary injunction. |
| 8/7/2020 | Libra's time to amend its Complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B) within 21 days after service of a responsive pleading expired. Defendants filed their reply brief in support of their Motion to Dismiss on August 7 (ECF No. 111), completing briefing on Defendants' Motion to Dismiss. | I replied to Plaintiffs' email, explaining our confusion. Libra did not respond. From August 7 to the date of this Declaration, Libra has not made any meaningful attempt to conciliate on any outstanding discovery or injunction issues. |
| 8/7/2020 | Noting that Libra's time to file a brief in support of its motion for a preliminary injunction had expired, this Court cancelled the August 12 hearing on Libra's motion, and directed Libra to consult with Defense counsel and either submit a new joint schedule or advise the Court as to the parties' respective positions by August 14. After business hours on August 7, Libra contacted Defendants and proposed an extended schedule under which Libra could submit a brief, declarations and exhibits in support of its preliminary injunction motion by August 21, and Defendants would have until August 28 to file their brief, declarations and exhibits in opposition to the motion. | |
| 8/11/2020 | Defendants provided their preliminary injunction scheduling proposal in writing to Libra and offered to participate in a call to discuss. (ECF No. 114-1, at 4-5.) | |
| 8/12/2020 | The parties conducted a short scheduling call to discuss the preliminary injunction schedule. During the call, Plaintiffs' counsel indicated that they intended to discuss the outstanding injunction and discovery issues in Libra's upcoming letter to the Court. Defense counsel asked to see a draft of the letter, to see if there were any areas in which Defendants could further conciliate and narrow the issues in dispute. Plaintiffs' counsel agreed to provide a draft of the letter. There was no discussion of discovery or substantive injunction issues during this call (Plaintiffs did not articulate any of their concerns), and this was not a meet and confer conference on either discovery or the injunction. It was merely a short scheduling call. Libra did not indicate any intent to amend its Complaint during this call. | |
| 8/12/2020 | Plaintiffs' counsel provided excerpts of the letter Libra intended to file with the Court indicating its intent on its preliminary injunction motion. In the draft letter provided to Defense counsel, Libra characterized "Emails and phone calls" with counsel for the SA Defendants as "a total waste of time." (ECF No. 114-1, at 2-3.) Also on August 12, the AAA contacted Libra and gave Libra another chance to rank arbitrators by August 19. (Supply Agreement ECF No. 47-2.) | |
| 8/13/2020 | Defense counsel wrote to Plaintiffs' counsel, indicating the points on which Defendants understood the parties to have agreed during the short August 12 call. (ECF No. 114-1, at 1-2.) Plaintiffs' counsel responded by disputing some of the terms of the parties' agreement, and indicating that Libra would tell the Court there was no agreement. Plaintiffs' counsel reiterated that dealing with Defense counsel was a "total waste of time." (ECF No. 114-1, at 1.) | |

# EXHIBIT D

| Date | | |
|---|---|---|
| 8/13/2020 | Libra filed its letter to the Court concerning its the preliminary injunction motion. (ECF No. 113.) Libra provided no explanation and no grounds for excusable neglect for its failure (twice) to meet the deadlines established in the Court's preliminary injunction schedule, and did not indicate any intention to amend its Complaint. Instead, Libra devoted the bulk of its letter to bringing up unrelated issues and gripes against Defendants. The letter closed by repeating that "Emails and phone calls" with Defense counsel "have been a total waste of time." (ECF No. 113, at 3.) In Libra's brief in support of its motion for a preliminary injunction, Libra suggests that these terse, insult-ridden exchanges on August 12 and 13, during which Libra did not raise or discuss any substantive issue, were attempts "to avoid unnecessarily raising issues with the Court." (ECF No. 129, at ¶ 20.) | |
| 8/13/2020 | Although the Court had ordered Libra to provide Defendants' position on the matter if the parties could not agree, Libra was silent as to Defendants' position in Libra's August 13 letter. Thus, Defendants filed their own letter with the Court on August 13 to explain their views. (ECF No. 114.) Also on August 13, Libra wrote to the AAA indicating: "Other work commitments necessitate at least a two week extension on the deadline" to rank arbitrators. (SA ECF No. 47-3.) The AAA responded by extending until August 26 Libra's second opportunity to rank arbitrators. (SA ECF No. 47-4.) | |
| 8/14/2020 | This Court set a new schedule on Libra's preliminary injunction motion, permitting Libra until August 25 to submit its brief and supporting papers, and giving Defendants until September 4 to submit their opposition brief and supporting papers. (ECF No. 115.) | |
| 8/19/2020 | Libra filed a motion for reconsideration of this Court's August 5 Order denying Libra's motion to stay the Supply Agreement Arbitration. (ECF No. 118.) Libra contemporaneously moved for leave to amend its Complaint, and submitted a proposed Amended Complaint. (ECF Nos. 117, 117-1.) Libra then contacted the AAA, notified the AAA that Libra had moved for reconsideration of this Court's order denying a stay of the Supply Agreement Arbitration, and asked the AAA to stay the arbitration further on account of Libra's motion. CEW objected, and the AAA refused to stay the Arbitration. | |
| 8/26/2020 | Libra filed its brief in support of its motion for a preliminary injunction, and supporting Declarations and exhibits. (ECF Nos. 127-132.) | Early on the morning of August 26, we received the Weiss Declaration (ECF No. 131), making various claims about activity on the HP from February to May, 2020. I asked Digital Intelligence to analyze the HP and confirm or deny Weiss's contentions. |
| 8/30/2020 | | Digital Intelligence informed me on August 30 that the HP is encrypted and they would be unable to analyze it unless Libra provided the encryption key or administrator password. Accordingly, on August 31, I asked Libra to provide (to Digital Intelligence only, not to me), either the encryption key or administrator password. Plaintiffs' counsel timely provided Digital Intelligence with the requested encryption key, and Digital Intelligence began its analysis. |
| 8/31/2020 | The AAA notified the parties in the Supply Agreement Arbitration that it had tentatively appointed Paula Litt as Arbitrator, but the parties had until September 22 to object to the appointment of Ms. Litt. No scheduling or final hearing has been set. | |

# EXHIBIT D