



Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone (414) 962-5110
Facsimile (414) 962-8725
Email kmksc@kmksc.com

www.kmksc.com

September 8, 2020

**<u>By ECF</u>**
Hon. Lewis J. Liman
United States District Judge

      Re:    *Convergen Energy LLC, et al. v. Brooks, et al.*
               *Case No. 1:20-CV-03746-LJL (S.D.N.Y.)*

Dear Judge Liman:

Our firm represents third party Elmerina Brooks (Ms. Brooks) in the above action. Ms. Brooks moves by this letter-motion to seal the documents bearing ECF Nos. 148-1 and 148-2, which were designated as Confidential by Ms. Brooks under the Court's Protective Order but publicly filed without warning by Plaintiffs. Ms. Brooks requests that the (modestly) redacted copies of these documents that accompany this letter-motion be made available for public view.[1]

Under this Court's Protective Order (ECF No. 86), documents that are designated as Confidential by the producing party may be disclosed only to a specified list of individuals and entities, not including the public at large. (*Id.* at ¶ 8.) Both of the documents in question were designated as Confidential by Ms. Brooks. Despite this, and with no warning or notice to Ms. Brooks or counsel, Plaintiffs publicly filed both documents on September 4.

Counsel immediately contacted Plaintiffs' counsel, notified counsel of the issue, and asked Plaintiffs to take corrective action.[2] Plaintiffs' counsel refused, claiming that they disagree with Ms. Brooks' designation of the documents in question, and that they are permitted to file Confidential documents publicly with the Court under ¶ 8(i) of the Court's Protective Order. However Plaintiffs did not ever challenge Ms. Brooks' designations of these documents under the procedure specified in ¶ 11 of the Protective Order, and ¶ 8(i) obviously does not permit a party to file any document publicly, regardless of its designation. That would render meaningless significant aspects of the Court's Protective Order.

When a party wishes to file a document that was designated by another party, the preferred practice is to notify opposing counsel and provide them an opportunity to seek sealed treatment, or to file a prophylactic motion to seal to give the other side an opportunity to brief the issue and present their case as to why sealed treatment is warranted. Given this Court's Individual Practices in Civil Cases Rule F(ii), Plaintiffs should have done so at least three business days in advance of Plaintiffs' September 4 filing. But Plaintiffs did none of these things, and when confronted with the issues, refused to correct their error or cooperate with Ms. Brooks in remedying it. Further, Plaintiffs'

---

[1] The proposed redacted versions are attached to this letter-motion as Exhibits B and C.
[2] The parties' correspondence on this issue is enclosed with this letter-motion as Exhibit A.

 

Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone   (414) 962-5110
Facsimile   (414) 962-8725
Email  kmksc@kmksc.com

www.kmksc.com

Hon. Lewis J. Liman
September 8, 2020
Page 2

counsel have taken the position that Plaintiffs are permitted unilaterally to decide if a designated document should be publicly filed. That is an unsupportable reading of the Protective Order that would negate important protections for producing parties, necessitating this letter-motion.

The Second Circuit applies a three-prong test to determine whether a document should be filed under seal. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). The first prong is to determine whether the document is a "judicial document" or "judicial record," determined by analyzing the relevance of the document's specific contents to the judicial proceeding. Here, Plaintiffs offered the documents in opposition to the Spanish Investors' motion to dismiss (*inter alia*) for lack of personal jurisdiction. (ECF No. 122.) Ms. Brooks is not a party to this case and not a part of that motion.

Plaintiffs note that Ms. Brooks, in the loan documents *she* signed, agreed to a permissive New York forum-selection provision in one of the documents, and agreed in the other that New York law should govern it. Plaintiffs speculate that the Spanish Investors could have signed similar agreements. That is not the case, and there is no parallel between the loan documents Ms. Brooks signed and anything agreed to by the Spanish Investors. Despite Plaintiffs' speculation and guesses, the documents in question bear no relation to the motion, and therefore they are not "judicial documents." Moreover, Ms. Brooks seeks only to redact the amount of her loan, which is not even part of Plaintiffs' misguided argument.

If the documents are not judicial documents, no presumption of public access attaches, and the analysis ends. Assuming arguendo that the documents are judicial documents, the second prong is to evaluate the strength of the presumption. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Here, any such presumption would be weak, given the lack of connection between the documents and the motion at issue. Further, the amount of Ms. Brooks' loan is not pertinent even under Plaintiffs' erroneous theory.

The third prong is to balance the presumption against countervailing interests, including "the privacy interest of the person resisting disclosure." *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006). In particular, the "privacy interests of innocent third parties" here "should weigh heavily in a court's balance equation." *Amodeo*, 71 F.3d at 1051. Ms. Brooks is a non-party

 

Hon. Lewis J. Liman
September 8, 2020
Page 3

who has already been the subject of harassment by Plaintiffs, forcing her to file a motion to quash (which this Court granted in part). (ECF No. 99.) Her private financial affairs should not be brought into the public sphere, especially when the amount of her loan is not even relevant to Plaintiffs' incorrect contentions.

In sum, the redacted material is not a "judicial record," as it is only the venue and choice-of-law clauses of the documents that are even arguably relevant. The public has no interest in the amount of non-party Ms. Brooks' loan in connection with a motion to dismiss brought by unrelated parties, addressing unrelated issues. Ms. Brooks as a third-party has a strong privacy interest in her personal financial affairs, which would outweigh any public interest in an irrelevant issue. Ms. Brooks respectfully asks the Court to seal ECF Nos. 148-1 and 148-2, and to accept the redacted versions of those documents attached to this letter-motion as Exhibits B and C as the publicly-available versions of these documents.

This motion should not have been necessary, and it is particularly troubling that Plaintiffs not only refused to remedy their error, but claim they have a right to violate the Court's Protective Order at will. This is of significant concern to Ms. Brooks, and she respectfully asks this Court to clarify that Plaintiffs do not have a free hand to file publicly any of Ms. Brooks' sensitive information without giving Ms. Brooks an opportunity to request sealed or redacted treatment.

Respectfully Submitted,

KOHNER, MANN & KAILAS, S.C.

*Ryan M. Billings*

Ryan M. Billings/RMB

Encls.
cc: Counsel of Record via ECF