UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONVERGEN ENERGY LLC, L'ANSE WARDEN ELECTRIC COMPANY, LLC, EUROENERGY BIOGAS LATVIA LIMITED, and LIBRA CAPITAL US, INC.,<br><br>        Plaintiffs,<br><br>-against-<br><br>STEVEN J. BROOKS, NIANTICVISTA ENERGY LLC, GREGORY MERLE, RIVERVIEW ENERGY CORPORATION, DANIEL ESCANDON GARCIA, RAMON URIARTE INCHAUSTI, CHIPPER INVESTMENT SCR, SA, URINCHA SL, THEODORE JOHN HANSEN, BRIAN R. MIKKELSON, and CONVERGEN ENERGY WI, LLC,<br><br>        Defendants. | Index No. 1:20-cv-03746 (LJL) |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING STAY OF ARBITRATION**

Dated: September 9, 2020
New York, New York

              SEIDEN LAW GROUP LLP

              Michael Stolper
              Jake Nachmani
              Dov B. Gold
              469 Seventh Avenue, Fifth Fl.
              New York, NY 10018
              (646) 766-1703

              *Counsel for Plaintiffs*

Pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 6.3, Plaintiffs Convergen Energy LLC, L'Anse Warden Electric Company, LLC ("**L'Anse**"), Euroenergy Biogas Latvia Limited, and Libra Capital US, Inc. (collectively, "**Plaintiffs**"), by and through their undersigned counsel, submit this brief in further support of their motion for reconsideration of the Court's August 5, 2020 Opinion & Order ("**Order**") denying Plaintiffs' motion to stay the arbitration initiated by Convergen Energy WI, LLC ("**CEW**") on June 4, 2020 and in reply to Defendants' Brief in Opposition to Plaintiffs' motion (ECF 137) ("**Defendants' Brief**").[1]

## PRELIMINARY STATEMENT

Defendants fail to raise a single substantive challenge to the bases on which Plaintiffs seek reconsideration. Defendants do not challenge Mr. Andueza's role in Brooks' fraud or that Plaintiffs' senior management did not know that Andueza was engaged in fraud. They do not challenge their knowledge of Brooks' fraudulent role. They do not challenge the century of common law that an agreement entered into by an agent with the intent to defraud his principal is void *ab initio*. Nor do Defendants dispute that, under controlling federal law, issues related to the formation of an arbitration provision are for a court and not an arbitrator to decide, warranting reconsideration and a stay of the Wisconsin Arbitration.

Critically, Defendants do not maintain that the Court correctly concluded that Mr. Andueza had the authority to bind L'Anse. Defendants know that the Court was mistaken in assuming that Andueza's authority is "undisputed" — and they seek to take advantage of that mistake.

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Complaint. (ECF 1), Plaintiffs' motion to stay the arbitration (ECF 63-65, 83) ("Motion to Stay Arbitration"), and Plaintiffs' Memorandum of Law in Support of Motion to Stay Arbitration (ECF 119) ("Plaintiffs' Opening Brief"). References to "Opening Br. __" are references to Plaintiffs' Opening Brief; "Def. Br. __" are references to Defendants' Brief filed in opposition to Plaintiffs' Motion for Reconsideration (ECF 137). All emphasis is added and all internal citations and quotations are omitted unless otherwise noted.

1

Contrary to what Defendants maintain, there is nothing late about Plaintiffs' contention on reconsideration that the Court based its decision on an incorrect and incomplete record. Indeed, Mr. Andueza's authority to bind L'Anse was not at issue in the briefing of the Motion to Stay; it was raised by Defendants improperly and in bad faith only when Plaintiffs were no longer entitled to respond to that argument and prior to the Court's Order. And even if Plaintiffs raised this argument belatedly, which they have not, reconsideration is appropriate to correct a mistake of material fact and prevent an injustice.

There is also no basis to Defendants' contention that Plaintiffs ratified the Supply Agreement, including the arbitration provision. No ratification ever took place, as Plaintiffs had no intention of ratifying the Supply Agreement, and their conduct after the signing of the Supply Agreement demonstrates this. Notably, Defendants distort the facts concerning L'Anse's purportedly taking delivery under the Supply Agreement; the purported evidence they put forth that in their view demonstrates ratification is in reality the very evidence that demonstrates their fraud. Further and significantly, Defendants cannot maintain that the Amended Closing Statement ratified the Supply Agreement while at the same time ignore its forum selection provision that provides for disputes arising under the Amended Closing Statement to be adjudicated by courts in New York.

For the reasons set forth herein and in Plaintiffs' Opening Brief, Plaintiffs' Motion for Reconsideration should be granted.

## **ARGUMENT**

In the Order, the Court respectfully albeit incorrectly assumed that: (i) Mr. Andueza's authority to bind L'Anse was "undisputed"; and (ii) L'Anse had taken delivery under the terms of the Supply Agreement and thereby ratified the Supply Agreement and its arbitration provision.

2

Correcting these mistaken assumptions regarding material facts is an appropriate basis for reconsideration. Defendants arguments to the contrary are unavailing, as set forth below.

I. **ANDUEZA'S LACK OF AUTHORTY WARRANTS RECONSIDERATION**

In their brief, Defendants do not challenge the fact that the Court was mistaken in assuming that Mr. Andueza's authority was "undisputed." Instead, Defendants contend that it is too late for Plaintiffs to dispute Mr. Andueza's purported authority to bind L'Anse. Defendants are wrong on the facts and the law.

Defendants are wrong that Plaintiffs have waited too long to put forward the facts concerning Mr. Andueza. Mr. Andueza's purported authority to bind L'Anse was not at issue until Defendants raised it in their Motion to Dismiss (ECF 92 at 11-12) and in their not-granted sur-reply to Plaintiffs' Motion to Stay (ECF 97 at 5 n. 4). Both filings occurred *after* Plaintiffs filed their reply to the Motion to Stay on July 14, 2020. ECF 83. Accordingly, Plaintiffs never had an opportunity to respond to this issue until the Motion for Reconsideration.

Additionally, Defendants cannot credibly maintain that Mr. Andueza had the authority to bind L'Anse when they knew and indeed rely on the fact that Mr. Andueza was involved in Brooks' fraud. *See* ECF 97 at 5 n. 4 ("Mr. Andueza … orchestrated the transaction that is now alleged to be procured fraudulently."); ECF 92 at 12 (relying on the contention that "Plaintiffs have admitted in the related Supply Agreement litigation before this Court that Manager Andueza was aware of the 'fraud' about which they now complain."); *see also* ECF 92 at 12 n. 6 (relying on the position that Mr. Andueza was a co-conspirator of Brooks'). Plaintiffs' senior management was unaware of Brooks' fraudulent scheme and that Andueza was part of that scheme. *See* Declaration of Fidel Andueza, ECF 149 at ¶19. Defendants cannot have it both ways: Mr. Andueza could not have had

3

the authority to bind L'Anse if he was an undisclosed co-conspirator of Brooks.[2]

Moreover, even if Plaintiffs were late in raising facts concerning the issue of Mr. Andueza's authority – which they were not – the Court can and should consider these facts so it may correct a clear error or alternatively prevent an injustice. *See In re Platinum-Beechwood Litig.*, 2019 WL 5203745, at *2 (S.D.N.Y. Sept. 16, 2019) (reviewing argument raised for the first time on reconsideration and granting reconsideration because "the Court is now persuaded that the legal authorities now [plaintiff] brings to the Court's attention warrant a less onerous result."); *Baliga et al. v. Link Motion Inc. et al.*, 2020 WL 5350271, at *12 (S.D.N.Y. Sept. 4, 2020) ("Even where a motion [for reconsideration] is untimely … a court may grant reconsideration of its prior order if the movant demonstrates the need to correct a clear error of law or prevent manifest injustice."); *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 503 (S.D.N.Y. 2008) (noting that circumstances warranting reconsideration may exist where later developments in a case suggest that a failure to reconsider a prior ruling could result in an unlawful or significantly unjust result).

Here, as set forth in Plaintiffs' Opening Brief, the facts concerning Mr. Andueza's role in the fraud are critical to determining whether the Supply Agreement was formed and, by extension, whether the arbitration clause contained therein is enforceable. Indeed, upon reviewing the corrected record and actual facts concerning Mr. Andueza's authority (Opening Br. at 2-3, 8-9) (which Defendants concede) and the application of those facts to the controlling law on the issue of contract formation (Opening Br. at 6-9) (which Defendants do not challenge), the Court can and should find that Plaintiffs have set forth a *prima facie* showing that: (i) Mr. Andueza lacked authority to bind L'Anse to the Supply Agreement; (ii) Mr. Andueza's lack of authority prevented

---

[2] The parties here have previously introduced facts concerning Mr. Andueza's being a co-conspirator of Brooks'. *See* Opening Br. at 2-3. Nonetheless, Plaintiffs concede that, for their part, those allegations do not specifically challenge Mr. Andueza's authority and asking the Court to interpret those allegations as such would be a bridge too far.

the Supply Agreement from coming into existence; and (iii) the arbitration provision in the Supply Agreement is null and void. Accordingly, the Wisconsin Arbitration should be stayed pending the Court's determination of these issues. *See* Opening Br. at 4-9.

Accordingly and notwithstanding of when Plaintiffs raised the issue of Mr. Andueza's authority, the Court should grant reconsideration so that it can base its decision on an accurate and complete record rather than an erroneous assumption concerning a material issue of fact. *See Agron v. Trustees of Columbia Univ. in City of New York*, 1998 WL 427620, at *2, *4, *6 (S.D.N.Y. July 29, 1998) (granting reconsideration as "the Court's previous holding was based on an erroneous assumption"); *Linde v. Arab Bank, PLC*, 2009 WL 1743988, at *1 (E.D.N.Y. June 18, 2009) (reconsideration granted because the court overlooked factual information and arguments submitted by movant). Moreover, reconsideration is necessary to prevent injustice. *See In re Platinum-Beechwood Litig.*, 2019 WL 5203745 at * 2 (court's reviewing legal authorities presented for the first time on reconsideration was warranted because plaintiff "should not be deprived of its day in court").

## II.  L'ANSE DID NOT RATIFY THE SUPPLY AGREEMENT

In response to Plaintiffs' second basis for reconsideration that L'Anse did not take delivery under the Supply Agreement, Defendants raise a host of meritless arguments, maintaining that Plaintiffs ratified the Supply Agreement. These arguments fail.

*First*, Defendants point to the fact that Plaintiffs' in-house attorney, Bert Diaz, signed an Amended Closing Statement in the days immediately following the revelation of Defendants' fraudulent scheme. In particular, Defendants highlight the following sentence from the Amended Closing Statement to maintain that ratification occurred:

> Other than as expressly modified pursuant to this Amended and Restated Closing Statement, all of the terms, conditions and other provisions of the Acquisition Agreement and the O&M Agreement are hereby ratified and confirmed and shall continue to be in full force and effect in accordance with their respective terms.

Def. Br. at 10-11. Defendants take this sentence out of context and distort its meaning.

Mr. Diaz rejected the suggestion of ratification and explained that the entire provision, including the above-quoted sentence, was meant to limit the amendment of the Acquisition Agreement to just those terms set forth in the Amended Closing Statement (*i.e.*, harmonize the terms of the Amended Closing Statement with the Acquisition Agreement): "In the event of any conflict or inconsistency between the provisions of the Acquisition Agreement…and the provisions of this Amended and Restated Closing Statement, the provisions of this Amended and Restated Closing Statement shall control." *See* Declaration of Bert Diaz, ECF 108 at ¶3 ("Diaz Decl.").

Moreover, it is a basic principle of contract law that ratification "must be performed with full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts of language." *Cammeby's Mgmt., Co., LLC v. Affiliated FM Ins. Co.*, 152 F. Supp. 3d 159, 165 (S.D.N.Y. 2016) (quoting *Chem. Bank v. Affiliated FM Ins. Co.*, 169 F.3d 121, 128 (2d Cir.).

Here, Plaintiffs did not assent to ratification. As referenced above and as Mr. Diaz has explained, the Amended Closing Statement was *not* meant to release or otherwise impact claims related to Defendants' fraudulent conduct. To the contrary, at the time of the Amended Closing Statement, Plaintiffs had put Brooks on notice of the fraud claims against him and demanded that Brooks repay the shortfall between the fraudulent purchase price and the fair market price as determined by an independent valuation of the pellet plant. *See* Diaz Decl. at ¶4. Additionally, the Amended Closing Statement is completely silent as to the Supply Agreement. If the Amended

Closing Statement were somehow intended to relinquish Plaintiffs' fraud claim, which it was not, it would have included a release or comparable language. However, it does not contain any release language, address the issue of fraud, or discuss the material undervaluation of the plant.

*Second*, Defendants also wrongly maintain that Plaintiffs' conduct after having learned of Mr. Andueza's role in Brooks' fraud demonstrates Plaintiffs' ratification. Def. Br. at 12. They maintain that because Plaintiffs continued to take delivery of pellets, Plaintiffs ratified the Supply Agreement. Defendants turn the facts on their head.

In the months following the closing of the Supply Agreement in January 2020, Defendant Mikkelson was still overseeing both the power plant and the pellet plant. Defendants Mikkelson, Hansen, and Brooks ensured that L'Anse bought pellets. When Plaintiffs discovered that Mikkelson was involved in the fraud, he was terminated, the amount of pellets purchased was dramatically reduced, and no more payments by L'Anse were forthcoming. In other words, the very reason Defendants seek to exculpate themselves here is demonstrative of their guilt: L'Anse "purchased" pellets because Defendants controlled L'Anse.

Moreover, Defendants completely skate by the fact that, when Mikkelson's role in the fraud was uncovered, Plaintiffs changed how they purchased pellets. For example, Plaintiffs no longer purchased pellets in the amount or timetable provided for in the Supply Agreement and purchased pellets solely at their discretion. Opening Br. at 9-10; *see* Declaration of Camilo Patrignani, ECF 121 at ¶¶5-7. Defendants have no answer to these facts.

Additionally, because ratification is an issue concerning contract formation, it is for a court and not an arbitrator to decide. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 304 at n. 9 (2010) (noting that ratification presents a contract-formation issue for judicial determination); *Delgado v. Ocwen Loan Servicing, LLC*, 2016 WL 4617159, at *9 (E.D.N.Y. Sept.

7

2, 2016) (whether an agreement to arbitrate was ratified is for a court, not an arbitrator, to decide).

In any event, it is now clear that Defendants have raised a dispute concerning the meaning and import of the Amended Closing Statement. However, all disputes under the Amended Closing Statement call for jurisdiction in New York:

> Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement may be brought against any of the parties in the courts of the State of New York, County of New York, or, if it has or can acquire jurisdiction, in the United States District Court for the Southern District of New York, and each of the parties consents to the jurisdiction of such courts (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein.

Amended Closing Statement, ECF 64-2 at 2.

Defendants fail to bring this fact to the Court's attention. Defendants cannot have their cake and eat it to, selectively enforcing the Amended Closing Statement while ignoring its forum selection provision. Having made their ratification argument based on the Amended Closing Statement, Defendants cannot also maintain that this matter should be arbitrated.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion for reconsideration and, upon reconsideration, issue an order staying the arbitration.

Dated: September 9, 2020  
New York, New York

SEIDEN LAW GROUP LLP

By: /s/ Michael Stolper
Michael Stolper
Jake Nachmani
Dov B. Gold
469 Seventh Avenue, Fifth Fl.
New York, NY 10018
(646) 766-1703

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System"). The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsels of record.

Dated: September 9, 2020　　　　　　　　　　　　　　SEIDEN LAW GROUP LLP


　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Michael Stolper
　　　　　　　　　　　　　　　　　　　　　　　　　　　Michael Stolper