IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CONVERGEN ENERGY LLC, L'ANSE WARDEN ELECTRIC COMPANY, LLC, EUROENERGY BIOGAS LATVIA LIMITED, and LIBRA CAPITAL US, INC.<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN J. BROOKS, NIANTICVISTA ENERGY LLC, GREGORY MERLE, RIVERVIEW ENERGY CORPORATION, DANIEL ESCANDON GARCIA, RAMON URIARTE INCHAUSTI, CHIPPER INVESTMENT SCR, SA, URINCHA SL, THEODORE JOHN HANSEN, BRIAN R. MIKKELSON, and CONVERGEN ENERGY WI, LLC.,<br><br>Defendants. | Case No. 1:20-cv-03746(LJL)<br><br>**REPLY DECLARATION OF RAMON URIARTE INCHAUSTI IN SUPPORT OF THE SPANISH DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM** |

I, **RAMÓN URIARTE INCHAUSTI**, the undersigned, hereby declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I respectfully submit this declaration in further support of the Spanish Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6) for Lack of Personal Jurisdiction and Failure to State a Claim, respectively.[i]

2.      I do not derive any revenue from international commerce.

3.      I do not personally have any equity or other financial interest in Convergen Energy

WI LLC, Chipper Invest SCR, S.A.'s ("Chipper"), or Nianticvista Energy LLC ("Niantic").

4.    I do not personally have any equity or other financial interest in the Pellet Plant.

5.    I do not personally have any equity or other financial interest in, nor have I ever lent any funds to 4406 Cypress Lane, LLC ("Cypress").

6.    I never entered into any stock purchase, loan, or other financial agreement with respect to Chipper investment in the Pellet Plant Acquisition.

7.    I did not enter into, execute, nor am I aware of, the existence of any promissory note or personal guarantee concerning Chipper's (or any other) investment in the Pellet Plant Acquisition.

8.    I did not provide any personal funds to Chipper in connection with the investment in the Pellet Plant acquisition. I do not personally exercise any control whatsoever over Chipper's day-to-day business operations. Upon information and belief, Chipper is operated by a board of directors and its management decisions are made by its board of directors. I am only one of Chipper's three directors.

9.    Clemente Mueller, P.A. is not my nor Urincha SL's ("Urincha") legal counsel, nor have I or Urincha ever engaged that firm or entered into any legal representation with any other attorney in connection with the investment in the Pellet Plant Acquisition.

**Urincha SL**

10.    I am CEO of Urincha, but I do not utilize it as my personal investment vehicle. Urincha observes corporate formalities through its board of directors. I do not comingle my personal funds with Urincha's funds. Urincha has separate and independent corporate bank

accounts and financial statements.

11.    Urincha does not have any equity or other financial interest in the Pellet Plant.

12.    Urincha does not have any equity or other financial interest in Cypress.

13.    Urincha does not have any controlling equity stake in Chipper and does not control its day-to-day operations.

14.    Urincha is a private corporation that is owned by the following individuals:

    a.    Jose Ramón Uriarte (51.0%);

    b.    Ramón Uriarte (16.33%);

    c.    Inés Uriarte (16.33%); and

    d.    Isabel Uriarte (16.33%).

15.    Urincha did not provide any funds to Chipper in connection with its investment in the Pellet Plant Acquisition.

16.    Urincha did not execute any agreement in connection with Chipper's investment in the Pellet Plant acquisition. Upon information and belief, Chipper's investment was structured as a purchase of shares in Niantic, which -to date- have not been issued to Chipper.

17.    Urincha did not loan, and has never loaned, any funds to Cypress.

18.    Clemente Mueller, P.A. is not Urincha's legal counsel. Urincha has never engaged that firm or entered into any legal representation with any other attorney in connection with the investment in the Pellet Plant Acquisition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _10_ day of September 2020, in Madrid, Spain

RAMÓN URIARTE INCHAUSTI

---

[i] Unless otherwise indicated, the capitalized terms in this declaration have the same meaning as those used in the Memorandum of Law in support of the Spanish Defendants' Motion to Dismiss.