IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONVERGEN ENERGY LLC, L'ANSE WARDEN ELECTRIC COMPANY, LLC, EUROENERGY BIOGAS LATVIA LIMITED, and LIBRA CAPITAL US, INC.<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN J. BROOKS, NIANTICVISTA ENERGY LLC, GREGORY MERLE, RIVERVIEW ENERGY CORPORATION, DANIEL ESCANDON GARCIA, RAMON URIARTE INCHAUSTI, CHIPPER INVESTMENT SCR, SA, URINCHA SL, THEODORE JOHN HANSEN, BRIAN R. MIKKELSON, and CONVERGEN ENERGY WI, LLC.,<br><br>Defendants. | Case No. 1:20-cv-03746(LJL)<br><br>**REPLY DECLARATION OF DANIEL ESCANDON GARCIA IN SUPPORT OF THE SPANISH DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM** |

I, **DANIEL ESCANDÓN GARCIA**, the undersigned, hereby declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I respectfully submit this declaration in further support of the Spanish Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6) for Lack of Personal Jurisdiction and Failure to State a Claim, respectively.[i]

2. I do not derive any revenue from international commerce.

3. I do not personally have any equity or other financial interest in Urincha SL

1



("Urincha"), Convergen Energy WI, LLC, or Nianticvista Energy LLC ("Niantic").

4. I do not personally have any equity or other financial interest in the Pellet Plant.

5. I do not have any equity or other financial interest in, nor have I ever lent any funds to 4406 Cypress Lane, LLC ("Cypress").

6. I never entered into any stock purchase, loan, or other financial agreement with respect to Chipper Invest SCR, S.A.'s ("Chipper") investment in the Pellet Plant Acquisition.

7. I did not enter into, execute, nor am I aware of, the existence of any promissory note or personal guarantee concerning Chipper's (or any other) investment in the Pellet Plant Acquisition.

8. I did not provide any personal funds to Chipper in connection with the investment in the Pellet Plant Acquisition. I do not personally exercise any control whatsoever over Chipper's day-to-day business operations. Chipper is operated by a board of directors and its management decisions are made by its board of directors. I am only one of Chipper's three directors.

9. Clemente Mueller, P.A. is not my or Chipper's legal counsel, nor have I or Chipper ever engaged that firm or entered into any legal representation with any other attorney in connection with any investment in the Pellet Plant Acquisition.

### Chipper Investment SCR, S.A.

10. I am a director of Chipper, but I do not utilize it as my personal investment vehicle. Chipper observes corporate formalities through its board of directors. I do not comingle my personal funds with Chipper's funds. Chipper has separate and independent corporate bank



accounts and financial statements.

11. Chipper does not have any equity or other financial interest in the Pellet Plant.

12. Chipper does not have any equity or other financial interest in Cypress.

13. Chipper does not have any controlling equity stake in Urincha and does not control its day-to-day operations.

14. Chipper is a private corporation that is 50% owned by Numala Invest SL ("Numala") and 50% owned by Urincha. Numala Invest SL is owned by the following corporations and individuals:

   a. Denagon Capital SL (51.0%);

   b. Agustin Escandón (34.0%);

   c. Alexein Invest SL (5.0%);

   d. Global SAEP SL (5.0%); and

   e. Almay Capital SL (5.0%).

15. I fully own Denagon Capital SL.

16. Chipper wired funds to Clemente Mueller, P.A. on January 27, 2020 for its investment in the Pellet Plant Acquisition. Upon information and belief, Clemente Mueller P.A. transferred the funds to the seller, Convergen Energy, LLC on behalf of Niantic.

17. Numala provided the funds to Chipper that it wired to Clemente Mueller P.A., for its investment in the Pellet Plant Acquisition. Approximately six months later, Chipper paid the funds back to Numala on or about August 2020.

18. Chipper did not execute any agreement in connection with its investment in the Pellet Plant Acquisition. Chipper's investment was structured as a purchase of shares in Niantic,

which -to date- have not been issued to Chipper.

19. Chipper did not loan, and has never loaned, any funds to Cypress.

20. Clemente Mueller P.A. is not Chipper's legal counsel. Other than Chipper's wire transfer of funds to Clemente Mueller, P.A., Chipper had no other interactions with that firm. Chipper has never engaged that firm or entered into any legal representation with any other attorney in connection with the investment in the Pellet Plant Acquisition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of September 2020, in Madrid, Spain

DANIEL ESCANDÓN GARCIA

---

[i] Unless otherwise indicated, the capitalized terms in this declaration have the same meaning as those used in the Memorandum of Law in Support of the Spanish Defendants' Motion to Dismiss.