UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONVERGEN ENERGY LLC, L'ANSE WARDEN ELECTRIC COMPANY, LLC, EUROENERGY BIOGAS LATVIA LIMITED, and LIBRA CAPITAL US, INC.

                       Plaintiffs,

-against-

STEVEN J. BROOKS, NIANTICVISTA ENERGY LLC, GREGORY MERLE, RIVERVIEW ENERGY CORPORATION, DANIEL ESCANDÓN GARCIA, RAMON URIARTE INCHAUSTI, CHIPPER INVESTMENT SCR, SA, URINCHA SL, THEODORE JOHN HANSEN, BRIAN R. MIKKELSON, and CONVERGEN ENERGY WI, LLC,

                       Defendants.

Index No. **1:20-cv-03746** (LJL)

# DECLARATION OF DOV GOLD

I, Dov Gold, declare as follows:

1.     I am an attorney with the Seiden Law Group LLP and am counsel for Plaintiffs.

2.     I am licensed to practice in the State of New York, and I submit this declaration in opposition to the Motion to Dismiss the Complaint. I have personal knowledge of all facts set forth herein.

### The Co-conspirators' New York Investment Contracts

3.     In response to a subpoena, Elmerina Brooks produced two of her pellet plant investment contracts to Plaintiffs, which consist of a Guarantee and a Promissory Note.

4.     The Guarantee is signed by Steven Brooks on behalf of 4406 Cypress Lane, L.L.C. ("**Cypress**") as Guarantor and requires notice to be given to Cypress in New York at Brooks' address and Clemente Mueller P.A.'s ("**CM**") office in New York to the attention of

1

Jonathan Clemente. The Guarantee also contains a New York choice of law and forum selection clause. A redacted copy of Elmerina Brooks' Guarantee is attached as **Exhibit A**.

5. The Promissory Note too provides a New York choice of law clause. The Promissory note is signed by Brooks on behalf of Nianticvista Energy LLC ("**Niantic**") as Maker and requires notice be given to Niantic at Brooks' New York address and CM's office in New York to the attention of Jonathan Clemente. A redacted copy of Elmerina Brooks' Promissory Note is attached as **Exhibit B**.

6. Plaintiffs discovered on Brooks' Libra-owned laptop a Guarantee executed by another investor in the pellet plant, a Spaniard named Javier Busto Ferraz ("**Ferraz**"). Ferraz's guaranty is identical to the Guaranty of Elmerina Brooks except for the investment amount. It too selects New York as the forum for all disputes. Ferraz's Guarantee is attached as **Exhibit C**.

### Selective Disclosure by the Spanish Defendants

7. Interrogatory responses have revealed that Ramon Uriarte Inchausti ("**Uriarte**"), Daniel Escandón Garcia ("**Escandón**"), and Chipper Investment SCR, SA ("**Chipper**"), "are direct or indirect lenders to [4406] Cypress Lane, L.L.C. [], the indirect owner of [Convergen Energy WI, LLC]" and may also have a financial interest in Convergen Energy WI, LLC, Niantic, and Cypress  See **Exhibits D** and **E**, Interrogatory 4. Interrogatory responses also revealed that "Chipper is an entity through which Mr. Inchausti and Mr. Escandon have lent money to Cypress." See **Exhibit D**, Interrogatory 4A. In light of Uriarte and Escandón's declarations that only Chipper invested, an inference is logically drawn that they directly or indirectly own Chipper.

8. Upon information and belief, the Spanish Defendants entered a similar set of contracts to invest in the pellet plant as Elmerina Brooks and Ferraz. In a noteworthy omission,

the Spanish Defendants elected not to attach their investment agreements to the Motion to Dismiss. On September 1, 2020, I requested the Spanish Defendants' counsel at King & Wood Mallesons ("**KWM**") to produce all agreements the Spanish Defendants entered to make their investment in the pellet plant. KWM refused. Michael Stolper, counsel for Plaintiffs then explained the contracts are relevant to New York jurisdiction, but he was also rebuffed by KWM. The complete email thread is attached as **Exhibit F**.

9. Uriarte and Escandón have both submitted declarations that they were unaware that Steven Brooks was an owner of Niantic. Plaintiffs have learned in discovery that Niantic is owned by Cypress, which is in turn owned by Gregory Merle. However, Defendants have not disclosed whether Steven Brooks or the other Defendants have a contingent or other convertible interest in the pellet plant. The Spanish Defendants' selective representation is by design; the Defendants obfuscated their participation in the transaction and continue to use the same fraudulent architecture to selectively present facts to the Court.

### Spanish Defendants Engaged Counsel in New York

10. Upon my review of the discovery produced to date in this action, I have learned that the Spanish Defendants used CM as their transactional attorneys to facilitate their pellet plant investment and closing in New York. CM is a New York law firm that previously provided rendered services to Plaintiffs in New York. CM's website indicates they have an office in New York and that Jonathan Clemente is admitted to practice in New York. The notice section of the Guarantee and Promissory Note discussed above indicates that the Spanish Defendants were likely aware that that CM is located in New York.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

| | |
|---|---|
| Dated: New York, New York<br>September 14, 2020 | */s/ Dov Gold*<br>Dov Gold |