**CONFIDENTIAL**

PROMISSORY NOTE

███                                                       January 10, 2020

FOR VALUE RECEIVED, NIANTICVISTA ENERGY, LLC, a Delaware liability company (*"Maker"*), promises to pay to Clark Kent LLC, a Delaware incorporated limited liability corporation, (*"Payee"*) the principal sum of ███ ███ together with interest in arrears on the unpaid Principal balance in the manner provided below.

1. **PAYMENTS**

    1.1   PRINCIPAL; MATURITY DATE. The outstanding Principal balance shall be due and payable in full on January 31, 2021 (the "*Maturity Date*"); provided, however, that the Maker, by providing written notice to Payee at any time prior to September 30, 2020, may cause the Maturity Date to be extended until April 30, 2021.

    1.2   INTEREST; INTEREST PAYMENT. Interest shall accrue in arrears on the unpaid Principal balance at an annual rate equal to ten percent (10.0%) until the outstanding Principal balance is paid in accordance with Section 1.3 below. All interest hereunder shall be computed on the basis of a year of 365 days (or 366 days in a leap year), and in each case shall be payable for the actual number of days elapsed (including the first day but excluding the last day). Maker shall pay accrued interest on or before the 10th day of each succeeding month, commencing on March 2020.

    1.3   PAYMENT OF PRINCIPAL. All unpaid Principal on this Promissory Note shall be made in immediately available funds on the Maturity Date to an account designated by Payee no later than five (5) calendar days prior to the Maturity Date. If payment of principal or interest on this Promissory Note is due on a day which is not a Business Day, such payment shall be due on the next succeeding Business Day, and such extension of time shall be taken into account in calculating the amount of interest payable under this Promissory Note. *"Business Day"* means any day other than a Saturday, Sunday or legal holiday in the State of New York.

    1.4   USE OF PROCCEDS. The Principal shall be used for general corporate purposes.

    1.5   PREPAYMENT. Maker may, without premium or penalty, at any time and from time to time, prepay all or any portion of the outstanding principal balance due under this Promissory Note.

2. **DEFAULTS**

    2.1   EVENTS OF DEFAULT. The occurrence of any one or more of the following events with respect to Maker shall constitute an event of default hereunder (hereinafter sometimes called *"Event of Default"*):

**EBR 18**

**EXHIBIT C**

**CONFIDENTIAL**

    (a)    If Maker shall fail to pay when due any payment of principal or interest on this Promissory Note and such failure continues for thirty (30) days after Payee notifies Maker therein in writing.

    (b)    If, pursuant to or within the meaning of the United States Bankruptcy Code or any other federal or state law relating to insolvency or relief of debtors (hereinafter sometimes called *"Bankruptcy Law"*), Maker or Maker's parent company, 4406 CYPRESS LANE LLC, a Delaware liability company ("*Guarantor*") shall (i) commence a voluntary case or proceeding; (ii) consent to the entry of an order for relief against it in an involuntary case; (iii) consent to the appointment of a trustee, receiver, assignee, liquidator or similar official; (iv) make an assignment for the benefit of its creditors; or (v) admit in writing its ability to pay its debts as they become due.

    (c)    If a court of competent jurisdiction enters an order of decree under any Bankruptcy Law that (i) is for relief against Maker or Guarantor, as the case may be, in an involuntary case, (ii) appoints a trustee, receiver, assignee, liquidator or similar official for Maker or Guarantor or substantially all of Maker's or Guarantor's properties, as the case may be, or (iii) orders the liquidation of Maker or Guarantor, as the case may be, and in each case the order or decree is not dismissed within one hundred twenty (120) days.

    2.2    NOTICES BY MAKER. Maker shall notify Payee in writing within five (5) days after the occurrence of any Event of Default of which Maker acquires knowledge.

    2.3    REMEDIES. Upon the occurrence of an Event of Default hereunder (unless all Events of Default have been cured or waived by Payee), Payee may, at its option, (i) by written notice to Maker, declare the entire unpaid Principal balance of this Promissory Note, together with all accrued interest thereon, immediately due and payable regardless of any prior forbearance, and (ii) exercise any and all rights and remedies available to Payee under applicable law, including, without limitation, the right to collect from Maker all sums due under this Promissory Note. Maker shall pay all reasonable costs and expenses incurred by or on behalf of Payee in connection with Payee's exercise of any or all of its rights and remedies under this Promissory Note, including, without limitation, reasonable attorneys' fees.

**3.**    **MISCELLANEOUS**

    3.1    WAIVER. The rights and remedies of Payee under this Promissory Note shall be cumulative and not alternative. No waiver by Payee of any right or remedy under this Promissory Note shall be effective unless in writing signed by Payee. Neither the failure nor any delay in exercising any right, power or privilege under this Promissory Note will operate as a waiver of such right, power or privilege and no single or partial exercise of any such right, power or privilege by Payee will preclude any other or further exercise of such right, power or privilege or the exercise of any other right, power or privilege. To the maximum extent permitted by applicable law, (a) no claim or right of Payee arising out of this Promissory Note can be discharged by Payee, in whole or in part, by a waiver or renunciation of the claim or right unless in writing, signed by Payee; (b) no waiver that may be given by Payee will be applicable except in the specific instance for which it is given; and (c) no notice to or demand on Maker will be deemed to be a waiver of any obligation of Maker or of the right of Payee to take further action without notice or demand as provided in this Promissory Note. Maker hereby waives presentment, demand, protest and notice of dishonor and protest.

**EBR 19**

**EXHIBIT C**

**CONFIDENTIAL**

3.2     NOTICES.  Any notice required or permitted to be given hereunder to any Maker or Payee will be in writing and will be given:

if to Maker, to:

> NIANTICVISTA ENERGY, LLC
> 201 E. 36th Street
> New York, NY 10016
> Attn: Steven J. Brooks

with a copy to:

> CLEMENTE MUELLER, P.A.
> 43 W. 43rd Street
> Suite 156
> New York, NY 10036
> Attn: Jonathan Clemente

if to the Payee to:

> CLARK KENT LLC
> 75 Inwood Road
> Darien, CT 06820
> Attn: Elmerina A. Brooks

or such other address as Maker or Payee may hereafter specify for the purpose by notice to the other party hereto.

3.3     SEVERABILITY.  If any provision in this Promissory Note is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this Promissory Note will remain in full force and effect.  Any provision of this Promissory Note held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

3.4     GOVERNING LAW.  This Promissory Note will be governed by the laws of the State of New York without regard to conflicts of laws principles.

3.5     PARTIES IN INTEREST.  This Promissory Note shall bind Maker and its successors and assigns.  This Promissory Note shall not be assigned or transferred by Payee without the express prior written consent of Maker.

3.6     SECTION HEADINGS, CONSTRUCTION.  The headings of Sections in this Promissory Note are provided for convenience only and will not affect its construction or interpretation.  Unless otherwise expressly provided, the words *"hereof"* and *"hereunder"* and similar references refer to this Promissory Note in its entirety and not to any specific section or subsection hereof.

[**Signature on Next Page**]

**EXHIBIT C**              **EBR 20**

# CONFIDENTIAL

IN WITNESS WHEREOF, Maker has executed and delivered this Promissory Note as of the date first stated above.

NIANTICVISTA ENERGY, LLC

By: Steven J. Brooks
Its: Manager

**EXHIBIT C**  **EBR 21**