UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

PLAINTIFFS ENERGY LLC, et al.,

            Plaintiffs,

v.                                          CASE NO.: 1:20-CV-03746 (LJL)

STEVEN J. Brooks, et al.,

            Defendants.

**SPECIALLY APPEARING DEFENDANTS' OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF AMENDED INTERROGATORIES**

TO:    CONVERGEN ENERGY LLC, L'ANSE WARDEN ELECTRIC COMPANY, LLC, EUROENERGY BIOGAS LATVIA LIMITED, and LIBRA CAPITAL US, INC.
c/o Michael T. Stolper, Esq.
SEIDEN LAW GROUP LLP
469 7th Avenue
New York, NY 10018

Pursuant to Federal Rule of Civil Procedure 33, Specially Appearing Defendants Steven J. Brooks ("Brooks"), NianticVista Energy, LLC ("Niantic"), Gregory Merle ("Merle"), and Riverview Energy Corporation ("Riverview," collectively "Defendants") hereby provide their Objections and Responses ("Responses") to the First Set of Interrogatories (Amended) ("Requests") of Plaintiffs Convergen Energy LLC, ("CE"), L'Anse Warden Electric Company, LLC ("L'Anse"), Euroenergy Biogas Latvia Limited ("Latvia"), and Libra Capital US, Inc. ("Libra") (collectively, "Plaintiffs") as follows:

**GENERAL OBJECTIONS**

Defendants incorporate all of the General Objections stated in their Objections and Responses to Plaintiff's First Set of Interrogatories dated June 11, 2020 ("Original Responses") into their Responses to these Requests as if fully stated herein. The Responses are also subject to

the agreement of the parties at the June 15, 2020 Meet and Confer Conference concerning Plaintiffs' First Set of Interrogatories.

## ANSWERS TO AMENDED INTERROGATORIES

**INTERROGATORY NO. 1:** Identify any person that has received non-public information about Plaintiffs or Convergen Energy WI, LLC ("CEW") outside the ordinary course of business prior to January 30, 2020, including information about a potential sale of CEW.

**ANSWER TO INTERROGATORY NO. 1:** Defendants incorporate their General Objections into their Response to this Request as if fully stated herein. Defendants further incorporate into their Response to this Request their Specific Objections to Interrogatory 1 contained in their Original Responses as if fully stated herein. Defendants further object to this Request on the ground that the phrase "outside the ordinary course of business" is vague, ambiguous, and depending on its intended meaning, potentially overly broad, unduly burdensome, and seeking documents or information that are not relevant to the claims or defenses of any party, not proportional to the needs of the case, or not within the scope of the Court's limited Order permitting expedited discovery. Subject to and without waiving these objections, Defendants respond to this Request as follows: George Logothetis, Nicholas Logothetis, Bert Diaz, Adamantios Tomazos, Camilo Patrignani, Fidel Andueza, Phaedra Chrousos, Nikolaos Baziotis, Neil Mortimer, Turner Booth, Daniel Lee, Chris Watson, Emma Belchier, Kerry O'Toole, Aaron Nelson, David Mason, Ramon Uriarte Inchausti, Daniel Escandon Garcia, Javier Busto Ferraz, Steven J. Brooks, Gregory Merle, Theodore Hansen, and Brian Mikkelsen.

**INTERROGATORY NO. 4:** Identify anyone with a current or past financial interest in CEW and any entities in the chain of ownership of CEW, including all current and past members and officers of CEW and any entities in the chain of ownership.

**ANSWER TO INTERROGATORY NO. 4:** Defendants incorporate their General Objections into their Response to this Request as if fully stated herein. Defendants further

incorporate into their Response to this Request their Specific Objections to Interrogatory 4 contained in their Original Responses as if fully stated herein. Defendants further object to this Request on the grounds that information concerning the owners of Convergen Energy WI, LLC ("CEWI") prior to January 30, 2020 is within Plaintiffs' possession, custody or control, and it is unduly burdensome and not proportional to the needs of the case to ask Defendants information that is already within Plaintiffs' possession, custody or control. Defendants further object to this Request on the grounds that they have already disclosed all entities in the chain of ownership of CEWI, and need not repeat that information here.  Defendants further object to this Request on the grounds that the phrase "current or past financial interest" is vague and ambiguous. Subject to and without waiving these objections, Defendants respond to this Request as follows: with respect to dates on or after January 30, 2020, *see* Original Responses to Interrogatory 3, and *see also* Response to Plaintiffs' First Set of Interrogatories to Defendants Hansen, Mikkelson and Convergen Energy WI, LLC ("CEWI Responses"), Responses to Interrogatories 3 and 4. The referenced answers have not changed since January 31, 2020. In addition to the foregoing, Steven J. Brooks, Ramon Uriarte Inchausti, Daniel Escandon Garcia, and Chipper Investment SCR, SA, are direct or indirect lenders to Cypress Lane, L.L.C. ("Cypress"), the indirect owner of CEWI. Further, Clark Kent, LLC, and Javier Busto Ferraz are lenders to NianticVista Energy, LLC, the direct owner of CEWI.

**INTERROGATORY NO. 4A:**  Describe the current and historical financial relationship of each of the defendants in this action in CEW and in any entities in the chain of ownership of CEW.

**ANSWER TO INTERROGATORY NO. 4A:** Defendants incorporate their General Objections into their Response to this Request as if fully stated herein. Defendants further incorporate into their Response to this Request their Specific Objections to Interrogatory 4

contained in their Original Responses as if fully stated herein. Defendants further object to this Request on the grounds that information concerning the owners of CEWI prior to January 30, 2020 is within Plaintiffs' possession, custody or control, and it is unduly burdensome and not proportional to the needs of the case to ask Defendants to provide information that is already within Plaintiffs' possession, custody or control. Defendants further object to this Request on the grounds that they have already disclosed all entities in the chain of ownership of CEWI, and need not repeat that information here.  Subject to and without waiving these objections, Defendants respond to this Request as follows: with respect to dates on or after January 30, 2020, *see* Original Responses to Interrogatory 3, and *see also* CEWI Responses, Responses to Interrogatories 3 and 4. The answers have not changed since January 31, 2020. In addition, Steven J. Brooks is a lender to Cypress and personal guarantor of the debts of CEWI to BMO Harris Bank N.A. ("BMO"), Ramon Uriarte Inchausti and Daniel Escandon Garcia are lenders to Cypress, and Chipper Investment SCR, SA, is an entity through which Mr. Inchausti and Mr. Escandon have lent money to Cypress.

**INTERROGATORY NO. 6:**  Describe the consideration Steven J. Brooks received directly or indirectly for providing a personal guaranty of Convergen Energy WI, LLC's Credit Agreement of $2,375,000 to BMO Harris Bank N.A. dated January 31, 2020.

**ANSWER TO INTERROGATORY NO. 6:** Defendants incorporate their General Objections into their Response to this Request as if fully stated herein.  Defendants further object to this Request on the ground that it seeks information or documents that are not relevant to the Plaintiffs' preliminary injunction motion, and therefore not within the scope of the Court's limited Order permitting expedited discovery. Defendants further object to the provision of sensitive information in advance of the parties' negotiation and the Court's entering of an appropriate Protective Order. Defendants further object to this Request on the grounds that no personal guarantee in the amount of $2,375,000 was made. Subject to and without waiving these objections,