

469 Seventh Avenue
New York, NY 10018
212.523.0686
www.seidenlegal.com

October 13, 2020

<u>Via ECF</u>

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007
(212) 805-0226
LimanNYSDChambers@nysd.uscourts.gov

Re: <u>Convergen Energy LLC et al. v. Brooks et al.</u>

Dear Judge Liman:

On behalf of the Plaintiffs in the above-referenced action, we write regarding the finality of the Court's September 16, 2020 Order (the "Order") with respect to Daniel Escandon Garcia, Ramon Uriarte Inchausti, Chipper Investment SCR, SA, and Urincha SL (the "Spanish Defendants"). In part, the Order dismissed the Spanish Defendants on jurisdictional grounds, but it is unclear if the Court intended it to be final and appealable pursuant to Federal Rule of Civil Procedure 54(b). Plaintiffs seek to have the Order unambiguously declared final with respect to the Spanish Defendants.

Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Second Circuit has provided two factors to determine whether there is a just reason for delay in the interest of "sound judicial administration": (1) whether preventing an immediate appeal would place a hardship on a party, and (2) whether the pending and dismissed claims are so intertwined that they cannot be considered separately on appeal. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (allowing a 54(b) appeal and recognizing that "hardship or injustice" can be found where it would cause a delay in recovering a monetary award and where it could avoid an expensive and duplicative trial); *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1095–96 (2d Cir. 1992) (holding interrelatedness cannot, in itself, inextricably intertwine the claims so as to preclude appellate review; otherwise, every multiparty case (and virtually every multiclaim case) would elude the entry of a rule 54(b) judgment.") (citations and internal quotations omitted).

Plaintiffs' hardship is apparent. If the Plaintiffs cannot immediately appeal, they would be forced (if the Order is reversed) to litigate in potentially a fourth proceeding at great cost to Plaintiffs and judicial economy. Plaintiffs may also not be able to recover all their damages from

the non-dismissed defendants as the Spanish Defendants were the financial backers of the transaction. Entering a final order now will likely prevent the anticipated hardship as the arbitrations have not yet scheduled a preliminary hearing and the Order may be reversed before a judgement is reached in the arbitrations. The Spanish Defendants will also be able to avoid the hardship and uncertainty of waiting for the conclusion of the arbitration to defend an appeal. Therefore, entering a final order now with respect to the Spanish Defendants is an efficient way to provide finality for all parties.

Finally, the claims against the Spanish Defendants that Plaintiffs seek to appeal are for aiding and abetting fraud and breach of fiduciary. The Court's Order focused on the Spanish Defendants' substantial assistance and whether they should have expected their actions to have consequences in New York. These are discrete issues that can be considered separately from the rest of the case.

Respectfully,

*/s/ Michael Stolper*
Michael Stolper, Esq.

cc:     Defense counsel via ECF