


www.kmksc.com

Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone   (414) 962-5110
Facsimile   (414) 962-8725
Email   kmksc@kmksc.com

October 14, 2020

**<u>By ECF</u>**
Hon. Lewis J. Liman
United States District Judge

   Re: *Convergen Energy LLC, et al. v. Brooks, et al.*
     Case No. 1:20-CV-03746-LJL (S.D.N.Y.)

Dear Judge Liman:

Our firm represents Defendants Steven J. Brooks ("Brooks"), Gregory Merle ("Merle") and NianticVista Energy, LLC ("Niantic") in the above action. We write in response to Plaintiffs' ("Libra") October 13 letter (ECF No. 169) requesting clarification as to whether the Court's September 16, 2020 Order (ECF No. 166), granting (inter alia) the Spanish Investors' motion to dismiss for lack of personal jurisdiction, was meant to be a final order under Federal Rule 54(b).

Libra asks the Court, in considering the hardship to Libra if the Order dismissing the Spanish Investors is not immediately appealable, to consider the fact that the "arbitrations have not yet scheduled a preliminary hearing and the Order may be reversed before a judgment is reached in the arbitrations." (ECF No. 169, at 2.) To the extent the Court gives consideration to Libra's argument, the Court should know the facts on this issue.

There are two pending arbitrations. The first (*Convergen Energy WI, LLC, v. L'Anse Warden Electric Company, LLC*, American Arbitration Association ("AAA") Case No. 01-20-0005-5043 (the "Supply Agreement Arbitration")) was brought on June 4, 2020, by Convergen Energy WI, LLC ("CEW") under the arbitration agreement and procedure set forth in the Supply Agreement, and is adjudicating the dispute concerning the Supply Agreement that is the subject of the action before this Court captioned *Convergen Energy WI, LLC, v. L'Anse Warden Electric Company, LLC*, Case No. 20-CV-5240 (LJL). As the Court is aware, the Supply Agreement calls for expedited proceedings, with a final hearing to occur within three months of service of the demand for arbitration, and the issuance of a final award no later than four months after service. Our firm does not represent CEW and has not appeared in either the Supply Agreement Arbitration or the related case before this Court.

The second arbitration (*Steven J. Brooks, et al., v. Libra Capital US, Inc., et al.*, AAA Case No. 01-20-0014-8891 (the "Acquisition Agreement Arbitration")[1]) was brought on September 16, 2020, by Brooks, Merle and Niantic, under the arbitration agreement and procedure set forth in the

---

[1] This Court stayed Case No. 20-CV-3746 (LJL) pending resolution of the Acquisition Agreement Arbitration. The parties will likely petition this Court to vacate the stay and dismiss 20-CV-3746 and/or confirm any ultimate arbitral award resolving the claims brought in the Complaint in that arbitration (courtesy copy attached as Exhibit A).




Hon. Lewis J. Liman
October 14, 2020
Page 2

Acquisition Agreement. This arbitration is adjudicating the dispute concerning Niantic's purchase of CEW that is the subject matter of the action Plaintiffs filed in this Court under the caption *Convergen Energy LLC, et al., v. Steven J. Brooks, et al.*, Case No. 20-CV-3746 (LJL). Our firm represents Claimants in the Acquisition Agreement Arbitration.

The reason that no preliminary hearing has yet been scheduled in either arbitration is that Libra has stone-walled.

In the Supply Agreement Arbitration, Libra ignored the AAA's requests to participate in a scheduling conference, ignored the deadline for filing its answer, ignored the deadline for ranking arbitrators, moved to stay the arbitration, moved for reconsideration of this Court's Order denying its motion to stay, asked AAA for a stay of the arbitration upon the filing of its reconsideration motion, demanded an extension of Libra's second chance to rank arbitrators, objected to the arbitrator AAA appointed, and then ignored AAA's October 12 deadline to provide its availability for a prompt preliminary hearing.

Libra has engaged in similar behavior in the Acquisition Agreement Arbitration. In that arbitration, Libra did not attend the September 28 administrative conference set by the AAA, failed to select an arbitrator by the applicable deadline, belatedly selected "Richard Byrne" as its arbitrator but has continued to ignore (for 15 days and counting) AAA's repeated requests to confirm which of the several attorneys named "Richard Byrne" Libra means so AAA can contact him to begin the appointment process, and ignored the deadline for filing its answer or counterclaims.

In short, Libra is obstructing the orderly administration of both arbitrations, and using the resulting delay as a reason to support the need for an immediate appeal. Libra should not be permitted to leverage its strategic stall tactics as the predicate for a showing of hardship that warrants granting the relief Libra requests in its October 13 letter.

Thank you for your time and consideration. All counsel of record are copied on this letter.



Hon. Lewis J. Liman
October 14, 2020
Page 3

Respectfully Submitted,

KOHNER, MANN & KAILAS, S.C.

*Ryan M. Billings*

RMB

Encl.

cc: All Counsel of Record (via ECF)