King & Wood Mallesons LLP
500 Fifth Avenue
50th Floor
New York NY 10110
www.kwm.com

October 14, 2020

VIA ECF
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007
(212) 805-0226
LimanNYSDChambers@nysd.uscourts.gov

Re: *Convergen Energy LLC, et al. v. Brooks et al.*, No. 1:20-cv-3746 (LJL)
    Letter Motion for Rule 54(b) Certification

Dear Judge Liman:

    King & Wood Mallesons LLP ("KWM") is counsel to Daniel Escandon Garcia, Ramon Uriarte Inchausti, Chipper Investment SCR, SA, and Urincha SL ("Spanish Defendants") in the above-referenced action ("Action"). I write in response to Plaintiffs' letter to the Court dated October 13, 2020 ("Letter").

    On September 16, 2020, the Court dismissed the Action against the Spanish Defendants for lack of personal jurisdiction pursuant to CPLR § 302(a)(3) because, among other things, Plaintiffs had not made a *prima facie* showing that the Spanish Defendants committed a tortious act outside New York and that the Spanish Defendants should have reasonably expected their actions to have consequences in New York ("Order"). D.E. 166. Plaintiffs' Letter requests that the Court deem the Order final and appealable pursuant to Federal Rule of Civil Procedure 54(b), so that they may appeal "[t]he claims against the Spanish Defendants . . . for aiding and abetting fraud and breach of fiduciary [duty]." Letter at 2. For the reasons discussed herein, the Court should deny Plaintiffs' request and refuse to certify the Order as final and appealable under Rule 54.[1]

    As an initial matter, the FAA and the Second Circuit make clear that, except where the arbitration is the only claim for relief, or where the Court otherwise dismisses all claims, "**an appeal may not be taken from an interlocutory order** . . . **granting a stay of any action under section 3 of this title**," or "compelling arbitration under section 206 of this title." 9 U.S.C. §§ 16(b)(1)-(3) (emphasis added); *see Jonesfilm v. Lions Gate Films, Inc.*, 65 F. App'x 361, 362 (2d Cir. 2003) (holding order compelling arbitration was nonfinal interlocutory order not subject to appeal under the FAA because the order did not dismiss the action or plaintiff's underlying claims); *accord Perera v. Siegel Trading Co.*, 951 F.2d 780, 784 (7th Cir. 1992) (collecting cases). Here, given the form of the Order, and that the Court stayed the Action pending arbitration, it would not be appealable. The Court did not dismiss all the claims in the Action. Indeed, the Court did not

---

[1] Contrary to this Court's Individual Practice Rules, Plaintiffs did not confer with the Spanish Defendants or otherwise attempt to resolve any of the issues raised in the Letter prior to filing it with the Court. Individual Rule 1.B. The Letter, in turn, cannot and does not contain a statement affirming and providing details of any such conferral.

King & Wood Mallesons LLP is a New York registered limited liability partnership.
Member firm of the King & Wood Mallesons network. See www.kwm.com for more information.
Asia Pacific  |  Europe  |  North America  |  Middle East

rule on the merits of the Spanish Defendants' motion to dismiss Plaintiffs' aiding and abetting claims.[2] Instead, the Court dismissed the claims against the Spanish Defendants for lack of personal jurisdiction and stayed the Action pending resolution of all of the underlying claims in arbitration. D.E. 166 at 53. On this basis alone the relief requested in the Letter should be denied. *See Littlejohn v. Timberquest Park At Magic, LLC*, No. 5:14-CV-200, 2016 WL 541136, at *5 (D. Vt. Feb. 9, 2016) (denying Rule 54(b) motion because the FAA mandates "a stay of all claims against a party to arbitration until the arbitration has concluded.") (citing *Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015)); *Ermenegildo Zegna Corp. v. Zegna*, 133 F.3d 177, 181 (2d Cir. 1998) (explaining that in the context of cases where the plaintiffs seek relief other than arbitration, "orders directing arbitration are not appealable absent certification by the district court pursuant to 28 U.S.C. § 1292(b)."); *see also Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 61 (2d Cir. 1993) ("In effect, the pro-arbitration tilt of the [FAA] requires that. . . the party opposing arbitration must bear the initial consequence of an erroneous district court decision requiring arbitration.").

Even if the Order were to be amended to sever the decision with respect to the Spanish Defendants so as to render it susceptible to Rule 54(b) certification, the Supreme Court and the Second Circuit have "emphasized that, in light of the historic federal policy against piecemeal appeals . . . the court's power under Rule 54(b) to enter a final judgment before an entire case is concluded should be exercised sparingly." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997); *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8, (1980). Accordingly, certification is only appropriate where "[t]here are interests of sound judicial administration and efficiency to be served, or in the <u>infrequent</u> harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal," *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir.1991) (emphasis added), and where the pending claims and those subject to appeal are not "closely related and [do not] stem from essentially the same factual allegations." *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980).

This Action is not the rare case that justifies Rule 54(b) certification. All of Plaintiffs' claims against the Spanish Defendants are inchoate claims wholly dependent upon the resolution of the underlying fraud and breach of fiduciary duty claims now subject to resolution in arbitration. *See* D.E. 1 ¶¶ 74-85. Accordingly, there is no danger of "hardship or injustice" which would be alleviated by permitting an immediate appeal; even if Plaintiffs prevailed on appeal, they would still have to wait until the arbitrations fully adjudicated the merits of the underlying fraud and breach of fiduciary claims before proceeding with their inchoate claims against the Spanish Defendants. *See Krys v. Pigott,* 749 F.3d 117, 127 (2d Cir. 2014) (explaining that the first element of aiding and abetting fraud is "the existence of a fraud.").[3] Similarly, Rule 54(b) certification would not advance any interests of judicial economy, rather "[j]udicial economy will best be served

---

[2] For this same reason, Plaintiffs' assertion in the Letter that they "seek to appeal [the] aiding and abetting fraud and breach of fiduciary [claims]" is erroneous. Letter at 2. Plaintiffs cannot seek adjudication of the merits of their inchoate claims against the Spanish Defendants in the Second Circuit when the action against them was dismissed on personal jurisdiction grounds.

[3] As discussed in detail in Mr. Billings' October 14, 2020 letter to the Court, any hardship asserted by Plaintiffs as a result of the pending arbitrations is of their own doing. *See* D.E. 170.

by delaying appeal until all issues can be confronted by this court in a unified package." *Cullen*, 618 F.2d at 228. *See Liberian Vertex Transports, Inc. v. Associated Bulk Carriers, Ltd.,* 738 F.2d 85, 87 (2d Cir. 1984) ("regardless of the outcome of this appeal. . . claims and counterclaims still remain before the arbitrators. Thus, the usual justification for appealability—that nothing remains to be done in the action—does not apply to this case . . . .").

    Certification would be particularly problematic here because the adjudicated and pending claims "are closely related and stem from essentially the same factual allegations." *Cullen*, 618 F.2d at 228. The Complaint relies on the same facts to support its claim for personal jurisdiction over, and aiding and abetting fraud and fiduciary duty against, the Spanish Defendants – namely, that the Spanish Defendants allegedly wired money to New York and had multiple unspecified contacts with Brooks to advance the allegedly fraudulent scheme. *Compare* D.E. 1 ¶ 25 ("This Court has personal jurisdiction over defendants because . . . each defendant wired money to New York, directly or indirectly through Niantic, to consummate the fraudulent transaction . . . each of the defendants had extensive contacts with Brooks while he was in New York), *with* D.E. 1 ¶ 52 (the Spanish Defendants' "role in the fraudulent scheme" was "the Spanish Investors had extensive contacts with Brooks while he was in New York and employed by the Company in New York, and each wired funds directly or indirectly to New York for the fraudulent purchase of the Pellet Plant.").

    The Court premised its dismissal for lack of personal jurisdiction in part on a finding that Plaintiffs had not stated "a colorable cause of action" against the Spanish Defendants." D.E. 166 at 18. The Court reviewed the elements of both aiding and abetting fraud and breach of fiduciary duty under New York law and determined that none of Plaintiffs' conclusory allegations pled a colorable cause of action as required for personal jurisdiction under CPLR § 302. Although a determination of whether a Plaintiff has pled a colorable cause of action for purposes of adjudicating a motion for lack of personal jurisdiction is not the same as a determination of the merits of those claims, they are closely related for the purposes of Rule 54 certification. *Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017) (denying Rule 54 certification because dismissed and remaining claims arose out of the same factual circumstances and were closely interrelated, even if implicating different legal questions); *LPD New York, LLC v. Adidas Am., Inc.*, 295 F. Supp. 3d 275, 289 (E.D.N.Y. 2017) (explaining that claims are "closely related" for Rule 54 purposes where "they require similar factual and legal inquiries"); *TADCO Const. Grp. Corp. v. Dormitory Auth. of N.Y.*, No. 08 Civ. 73 (KAM) (JMA), 2012 WL 3011735, at *6 (E.D.N.Y. July 23, 2012) (denying Rule 54(b) motion where the "claims share nearly identical background facts and involve nearly identical parties."). Plaintiffs admit as much in their Letter, offering no argument to the contrary. Indeed, the issues that Plaintiffs seek to appeal concern the Spanish Defendants' alleged involvement in a purported underlying fraudulent scheme in New York, the merits of which are currently being adjudicated in arbitration. Accordingly, the appeal "may turn on, or be rendered moot by" the resolution of the alleged fraudulent scheme currently pending before the arbitral tribunals. *Id.*

    In these premises, the Court should deny the relief sought in Plaintiffs' Letter because the Order is a non-final and unappealable interlocutory order and Plaintiffs have met none of the criteria justifying the rare use of Rule 54(b) certification.

Respectfully submitted,

By: /s/ Vincent Filardo Jr.

   Vincent Filardo, Jr.

   KING AND WOOD MALLESONS LLP
   500 Fifth Avenue, 50th Floor
   New York, NY 10110
   Tel.: (347) 926-7570
   vincent.filardo@us.kwm.com

   *Attorneys for Defendants Daniel Escandon Garcia, Ramon Uriarte Inchausti, Chipper Investment SCR, S.A., and Urincha, SL*