USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
CONVERGEN ENERGY LLC, et al.,                          :
:
                   Plaintiffs,                                :
:     20-cv-3746 (LJL)
    -v-                                                          :
:     <u>ORDER</u>
STEVEN J. BROOKS, et al.,                                  :
:
                  Defendants.                             :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     Plaintiffs ask this Court to declare its September 16, 2020 Opinion and Order final and appealable under Fed. R. Civ. P. 54(b) with respect to its dismissal of the Spanish Defendants for lack of personal jurisdiction. Dkt. No. 169. The Spanish Defendants oppose that request. Dkt. No. 171. The request is DENIED.

     Fed. R. Civ. P. 54(b) provides "an exception to the general principle that a final judgment is proper only after all claims have been adjudicated." *Harriscom Svenka AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). It empowers a district court to enter partial final judgment only if "(1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay." *Acumen Re Mgmt. Corp. v. General Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014). The third factor is left to the "sound judicial discretion of the district court" and requires the court to "take into account judicial administrative interests as well as the equities involved," and "[c]onsideration of the former is necessary to assure that application of the Rule effectively 'preserves the historical federal policy against

piecemeal appeals.'"  *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

The Court finds that granting a Rule 54(b) final judgment would lead to piecemeal appeals.  The action was stayed during the pendency of the arbitration pursuant to *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d. Cir. 2015) (a stay is mandatory after "all claims have been referred to arbitration and a stay [has been] requested" by a party).  The claims against the Spanish Defendants and against the Defendants compelled to arbitration are based on the same allegations—that is, the claims against the Spanish Defendants are based on aiding and abetting the alleged conduct of the other Defendants.  The primary claims in arbitration allege that Defendants other than the Spanish Defendants engaged in fraud and breach of fiduciary duty through the Acquisition.  The claims against the Spanish Defendants are that they aided and abetted this fraud and breach of fiduciary duty.  If Plaintiffs fail in their efforts to hold the Defendants other than the Spanish Defendants liable for fraud or breach of fiduciary duty, then the Spanish Defendants cannot have aided and abetted that fraud or breach of fiduciary duty.  A successful appeal by Plaintiffs would result in litigation of the aiding and abetting claims while the arbitration proceeds on the underlying claims.  Such a result would not serve the "interests of sound judicial administration and efficiency" especially where "the same or closely related issues remain to be litigated."  *Harriscom*, 947 F.2d at 629; *see also Zimmerman v. UBS AG*, 789 F. App'x 914, 916 (2d Cir. 2020).  Instead, Plaintiffs shall wait for a final decision in the arbitration pursuant to 9 U.S.C. § 16(a) to appeal the final judgment of this Court, including its dismissal of the Spanish Defendants.

The Court thus finds that there is just reason for delay and that Plaintiffs have not demonstrated that this is the "infrequent harsh case, where there exists some danger of hardship

2

or injustice through delay." *Harriscom*, 947 F.2d at 629 (internal citations omitted).

SO ORDERED.

Dated: October 22, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge