

469 Seventh Avenue
New York, NY 10018
212.523.0686
www.seidenlegal.com

November 24, 2020

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007
(212) 805-0226
LimanNYSDChambers@nysd.uscourts.gov

Re: <u>Convergen Energy LLC et al. v. Brooks et al.</u>

Dear Judge Liman:

On behalf of the Plaintiffs in the above-referenced action, we move by letter motion to seal the confidential arbitration demand (the "**Confidential Demand**") filed by Defendants (Dkt. 170-1) in a currently pending arbitration because it contains confidential and proprietary information of Plaintiff Libra Capital US, Inc. ("**Libra**").

The Defendants filed the Confidential Demand in connection with Plaintiffs' request for clarification of the Court's order dismissing the Spanish Defendants. As the Court may recall, Plaintiffs inquired whether the dismissal of the Spanish Defendants on jurisdictional grounds was immediately appealable. The Confidential Demand, which contains claims by Brooks against Libra, was wholly unrelated to the appealability of the order dismissing the Spanish Defendants. Nevertheless, Defendants attached the Confidential Demand, which they described in a footnote as a "courtesy copy." *See* Dkt. 170.

This is improper because the Confidential Demand contains highly proprietary information about Libra's business operations, finances and payroll, including false allegations about such subjects (*e.g.*, paragraphs: 13 - 21, 24 - 30, 33 - 36, 38 - 41, 43, and 50). Brooks' employment agreement with Libra precluded the public disclosure of such information.[1] If there was a legitimate basis for filing the Confidential Demand in this case (there was not), Brooks was obligated to file the document under seal or redact the non-public information contained therein. Brooks did neither because the only discernable purpose of making the arbitration filing public was to harm Libra.

---

[1] Brooks' January 7, 2014 employment agreement with Libra is attached as **Exhibit A**. The agreement provides for court relief (and not arbitration) with respect to breaches of confidentiality.

1



The Court has already placed documents under seal at the request of Brooks.[2] We merely seek the same treatment. Plaintiffs' request is also grounded in Second Circuit authority in determining whether a document should be filed under seal. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). An arbitration filing is not a judicial document for which the presumption of public access attaches. On the contrary, arbitration is a private forum that is presumptively confidential.[3] The fact that the Confidential Demand had no bearing on the filing itself further supports placing it under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, No. 13 CIV. 6073 PKC, 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013), *aff'd*, 776 F.3d 126 (2d Cir. 2015); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* No. 14-CV-6867 (VEC), 2016 WL 1071107, at *7 (S.D.N.Y. Mar. 18, 2016), aff'd, 814 F.3d 132 (2d Cir. 2016) (citing to cases in which attachments to motion papers not considered by courts did not constitute judicial documents).

Plaintiffs attempted to resolve this issue directly with Brooks but his counsel rejected our request to have the Confidential Demand either stricken from the record or placed under seal (the letters exchanged are attached here as **Exhibit B**).

Respectfully,

*/s/ Michael Stolper*

Michael Stolper, Esq.

cc:    Defense counsel via ECF

---

[2]    The Court previously granted Brooks' letter motion to seal before Plaintiffs had an opportunity to object. *See* Dkt. 156.

[3]    Section 10 of Brooks' employment agreement requires "that any claim, dispute or controversy arising under or in connection with this Agreement, or otherwise in connection with the Employee's employment by the company or termination of the Employee's employment . . . shall be resolved solely and exclusively by binding, **confidential, Arbitration**" and pursuant to the National Rules for the Resolution of Employment Disputes (the "**Rules**") of the American Arbitration Association. (emphasis added). Rule 23 of the Rules also requires the proceedings remain confidential.