

469 Seventh Avenue
New York, NY 10018
212.523.0686
www.seidenlegal.com

November 16, 2020

<u>Via FEDEX & Email</u>
Ryan Billings
Kohner, Mann & Kailas, S.C.
4650 N. Port Washington Rd.
Washington Bldg., 2nd Floor
Milwaukee, WI   53212-1059

Re: <u>Breach of January 7, 2014 Employment Agreement</u>

Dear Ryan:

As you know, I am counsel to Libra Capital US, Inc. I understand that on or about October 14, 2020, you publicly filed an arbitration complaint on behalf of Steven Brooks ("Brooks") and others in the Southern District of New York (1:20-cv-03746-LJL, DKT. 170-1). The filing (as an attachment) was without basis to the application before Judge Liman but, more importantly, the filing was in violation of Brooks' employment agreement. That agreement expressly precludes disclosure of Libra's Confidential Information, which your filing so discloses with respect to Libra's business deal practices, finances, and employee payroll, etc. (*e.g.*, paragraphs: 13 - 21, 24 - 30, 33 - 36, 38 - 41, 43, and 50). Aside from this breach and the veracity of much of the baseless content of your filing, which will be contested elsewhere, the mere fact that you knowingly and publicly disclosed confidential and proprietary information raises ethical issues. At a minimum, you need to immediately request that Judge Liman place that filing under seal or otherwise strike it from the public record and agree that all existing and future arbitration filings/proceedings will be kept confidential in accordance with the applicable arbitration agreements and AAA arbitration rules.

Absent your outreach to Judge Liman and express agreement to maintain confidentiality by 5 pm EST on November 18, 2020, we will seek appropriate relief. In addition, please ensure the immediate preservation of all evidence related to your inappropriate filing.

Sincerely,

/s/ Michael Stolper
Michael Stolper





Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone   (414) 962-5110
Facsimile    (414) 962-8725
Email  kmksc@kmksc.com

www.kmksc.com

November 18, 2020

**_By Email Only: mstolper@seidenlegal.com_**
Michael T. Stolper, Esq.
SEIDEN LAW GROUP LLP
469 7th Avenue, Suite 502
New York, NY 10018
*Attorneys for Plaintiffs*

      Re:    *Steven J. Brooks, et al. v. Libra Capital US, Inc., et al.*
               AAA Case No. 01-20-0014-8891

Dear Michael:

This letter responds to your emailed letter of November 16. In your letter, you complain, 33 days after the fact, about a court filing by Mr. Brooks that you "understand" Mr. Brooks made "on or about October 14, 2020."[1]

The assertions in your letter lack any basis in fact or law. It is disingenuous for the Libra Group to complain about public filings, when it was Libra's decision to disregard the parties' arbitration contract and file a federal lawsuit that placed this dispute in the public sphere. Despite the false allegations that Libra publicly made against him, Mr. Brooks reserved his claims and defenses for the arbitration our clients privately filed on September 16. It was only when Libra made misrepresentations *about that arbitration* to Judge Liman on October 13 (SDNY ECF No. 169) that it became necessary to file the arbitration complaint with the court. In what has regrettably become a typical occurrence, Libra created the situation about which it now carps, opening the door and then complaining about what came through it.

As to the substance of Libra's assertions, there is none. As you know, restrictive covenants are not enforceable when an employee was involuntarily terminated, as is the case here. *See, e.g.*, *Arakelian v. Omnicare, Inc.*, 735 F. Supp. 2d 22, 41 (S.D.N.Y. 2010) (collecting case). One simple reason for this rule is that an employer cannot breach an employment contract with its employee and then compel the employee to comply with its terms. Libra seems to believe that its contracts are entirely one-sided, and while Libra's counterparties must honor their terms, Libra is free to ignore them. That is not the law.

This aside, as you also know, restrictive covenants are viewed with disfavor, and enforceable only if they are reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the public and not unreasonably burdensome to the employee. *See, e.g.*, *Ashland Mgmt.*

---

[1] As all ECF filings are date-stamped and the filing was sent to you by ECF on October 14, it is not clear why you claim uncertainty in that regard.




Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone (414) 962-5110
Facsimile (414) 962-8725
Email  kmksc@kmksc.com

www.kmksc.com

Michael T. Stolper, Esq.
November 18, 2020
Page 2

*Inc. v. Altair Investments NA, LLC*, 869 N.Y.S.2d 465, 470 (2008), *aff'd as modified,* 14 N.Y.3d 774, 925 N.E.2d 581 (2010). While you do not identify precisely *what* confidential information Libra seeks to protect, your letter cites generally to numerous paragraphs of the arbitration complaint, such as allegations that Libra extorted Mr. Brooks and members of his family, and that (as publicly reported by multiple news outlets) Libra has been the subject of several investigations concerning violations of banking laws and money laundering. Libra cannot sincerely claim that it has a legitimate, protectible interest in preventing disclosure of Libra's actionable misconduct, or that a former employee whom Libra has sued cannot reference this wrongful behavior in support of his claims and defenses. Nor would such a position pass the other tests for enforceable restrictive covenants, or meet the standard for rebutting the presumption of public access to court filings. While any further response is hampered by Libra's refusal to identify its allegedly confidential information with specificity, Libra cannot possibly contend that it has the legal right to force employees to sweep violations of law under the rug.

Mr. Brooks also finds it particularly ironic for you to ask him to file a motion to seal on Libra's behalf, given your prior position on this issue. In September, your firm violated Judge Liman's Protective Order and publicly filed information that third-party Elmerina Brooks had designated as Confidential pursuant to that Order. I immediately brought this violation to your attention, and politely asked you to remedy it. You refused. (SDNY ECF No. 155-1, at 1.) Of course, the substantive situations are not entirely parallel, as: (1) your firm unambiguously violated a Court Order, while Mr. Brooks did nothing wrong, and; (2) I initiated conciliation efforts to correct the problem on the day of your firm's improper filing and filed a motion to seal the next business day,[2] while you did nothing for 33 days. But it is particularly hypocritical for Libra to ask Mr. Brooks to do something that it refused to do when the shoe was on the other foot.

As to your vague request for Mr. Brooks to agree to "maintain confidentiality" under unspecified agreements and arbitration rules, I am happy to assure you that Mr. Brooks is committed to continue to comply with the law and applicable orders and rules (something that Libra has consistently *not* done). If it gives your clients any comfort, Mr. Brooks has no intention of making additional filings with Judge Liman until the time comes to confirm an arbitral award in his favor, unless it becomes necessary to correct further misrepresentations made to the court by Libra.

That said, if Libra makes a filing with Judge Liman that is brought for an improper purpose, contains factual contentions lacking evidentiary support, or legal contentions not warranted by existing law or a non-frivolous argument to extend, modify or reverse existing law, you can expect that the filing will be the subject of intense scrutiny under Rule 11.

---

[2] The Court agreed with Ms. Brooks' position and granted her motion. (SDNY ECF No. 156.)

 

Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone  (414) 962-5110
Facsimile   (414) 962-8725
Email  kmksc@kmksc.com

www.kmksc.com

Michael T. Stolper, Esq.
November 18, 2020
Page 3

If your client insists on filing something with Judge Liman, please include this letter with your filing.

Very truly yours,

KOHNER, MANN & KAILAS, S.C.

Ryan M. Billings

RMB