



www.kmksc.com

Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone   (414) 962-5110
Facsimile    (414) 962-8725
Email  kmksc@kmksc.com

November 24, 2020

**_By ECF_**
Hon. Lewis J. Liman
United States District Judge

      Re:    *Convergen Energy LLC, et al. v. Brooks, et al.*
                Case No. 1:20-CV-03746-LJL (S.D.N.Y.)

Dear Judge Liman:

Our firm represents Defendants Steven J. Brooks, Gregory Merle and NianticVista Energy, LLC (collectively, the "Brooks Defendants") in the above action. This letter responds to Plaintiffs' ("Libra") belated November 24, 2020 letter motion (ECF No. 173) to seal a document filed by the Brooks Defendants on September 16, 2020 (ECF No. 170-1).

Libra's motion should be denied, as Libra fails to make the showing required in this Circuit to warrant sealed treatment. Moreover, while Libra argues that only portions of the document in question are confidential, it did not submit a proposed redacted version, as required.

**1.**        **<u>Libra does not make the required showing for sealed treatment.</u>**

The Second Circuit adopts a three-prong test for determining whether a document can be sealed. The first prong is determining whether the document is a "judicial document" or "judicial record," triggering the presumption of public access. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). In evaluating whether a document is a judicial record, courts consider the "relevance of the document's specific contents to the nature of the proceeding and the degree to which access to the [document] would materially assist the public in understanding the issues before the…court." *Id.* (internal citation omitted).

Here, Libra moved this Court to declare its decision granting the Spanish Investors' motion to dismiss (ECF No. 166, the "Order") to be final and appealable under Rule 54(b). (ECF No. 169.) As part of Libra's argument that granting its motion would avoid hardship, Libra referenced and made representations about certain "arbitrations," but never identified those arbitrations (one of which was unknown to the Court). (*Id.* at 1-2.) The Brooks Defendants responded by explaining that there were two arbitrations, one (of which the Court was familiar) under the Supply Agreement, and one (of which the Court was not familiar) that the Brooks Defendants brought, pursuant to the Acquisition Agreement, after issuance of the Order. (ECF No. 170, at 1-2 & n.1.) The Brooks Defendants described the arbitration they brought and included a copy of the complaint, so that the Court could understand and evaluate Libra's motion. (ECF No. 170-1.) In the same filing, the Brooks Defendants rebutted mischaracterizations Libra had made about that




www.kmksc.com

Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone   (414) 962-5110
Facsimile   (414) 962-8725
Email  kmksc@kmksc.com

Hon. Lewis J. Liman
November 24, 2020
Page 2

arbitration. (ECF No. 170, at 2.) Significantly, the Brooks Defendants brought their arbitration pursuant to the Order, which also held that the parties' dispute concerning the Acquisition Agreement must be arbitrated and stayed this litigation until arbitration is concluded. (ECF No. 166, at 34.) As the Brooks Defendants noted, the prevailing party will likely petition this Court to confirm any award issued in the Brooks Defendants' arbitration. (ECF No. 170, at 1 n.1.)

Thus, the arbitration complaint was offered in direct response to an argument Libra made in its request for relief from this Court, it relates to an arbitration brought pursuant to the same Order that was the subject of Libra's motion, and it was offered to explain the context of Libra's argument and to rebut Libra's claims in its motion about that arbitration. It is a judicial record.

The second prong of this Circuit's test for sealed treatment is evaluate the weight of the presumption of public access. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). To do so, courts consider whether the document "directly affect[s] an adjudication of this dispute" and plays a significant role in "determining [the] litigants' substantive rights." *Id.* Here, the ultimate resolution of this action (which has been stayed pending arbitration) and the final determination of the litigants' rights will result from adjudication of the claims raised in the arbitration complaint in question. The complaint could not be more central to this dispute. *See Bernstein*, 814 F.3d at 140 (explaining that "[a] complaint…is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.").

Further, the paragraphs Libra seeks to seal (to the extent Libra identifies them) contain allegations such as: "Oftentimes, Libra's transactions and comingling of funds violate contracts, loan covenants, collateral requirements, the expectations of and Libra's representations to outside sources of capital, and banking laws." (ECF No. 170-1, at ¶ 22.) The Second Circuit has explained that these are the kinds of allegations that "would naturally be of legitimate interest to the public (especially those who contribute to and receive payments from [Libra]) and to federal courts in the future." *Bernstein*, 814 F.3d at 143 (discussing allegations of illegal kickbacks); *see also id.* (rejecting defendant's argument that the allegations should be sealed because they purportedly were not true). The presumption of public access is very strong.




Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
Telephone   (414) 962-5110
Facsimile    (414) 962-8725
Email  kmksc@kmksc.com

www.kmksc.com

Hon. Lewis J. Liman
November 24, 2020
Page 3

The third prong is to balance the presumption of public access against the countervailing interests of the party resisting disclosure. *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006). Here, Libra makes only the generalized and unsupported statement that certain paragraphs of the arbitration complaint (which Libra identifies only *by way of example*) contain false allegations concerning "highly proprietary information about Libra's business operations, finances, and payroll." These kinds of "broad and general," "conclusory assertion[s]" of confidentiality are insufficient as a matter of law to overcome the presumption of public access to judicial documents. *Bernstein*, 814 F.3d at 144–45.[1] Further, Libra disregarded its agreement to arbitrate this dispute and brought its claims in a publicly filed lawsuit. Libra cannot legitimately claim that, while Libra's assertions are in the public sphere, the Brooks Defendants' assertions should be barred from public view.  Libra's generalized claims do not come close to meeting Libra's burden.[2]

## 2.     Libra seeks to seal parts of the arbitration complaint, but did not file a redacted copy.

Relatedly, Libra asserts that only *portions* of the document in question contain confidential information. (ECF No. 173, at 1 (identifying "*e.g.*, paragraphs: 13-21, 24-30, 33-36, 38-41, 43, and 50" as purportedly containing confidential information).) Much of the document consists of allegations that are not even arguably confidential. (*See, e.g.*, ECF No. 170-1, at ¶ 1-11 (listing the parties).) It was Libra's obligation to file a proposed redacted copy, and it did not do so. *See* Individual Practices in Civil Cases, Section 2G. The failure to identify what precisely Libra seeks to redact further obscures analysis of Libra's claims of confidentiality. Libra's motion should be denied.

---

[1] Libra also points to Brooks' 2014 employment agreement to support its arguments, but that document does not relieve Libra of its required showing. As this Court held (in Libra's favor) in the Supply Agreement action, "The parties to a contract cannot secure by agreement among themselves the equitable power of the court." (Supply Agreement ECF No. 57, at 10 (citation omitted).)

[2] Libra's claim that the Court granted "Brooks' letter motion to seal" (ECF No. 156) is misleading at best, as the motion in question was brought by third-party Elmerina Brooks, not Defendant Steven Brooks. As Ms. Brooks noted in her motion to seal, the "privacy interests of innocent third parties" like Ms. Brooks "weigh heavily in a court's balance equation." (*Id.*, at 2 (citing *Amodeo*, 71 F.3d at 1051.).) Libra is not a non-party like Ms. Brooks.

 

Hon. Lewis J. Liman
November 24, 2020
Page 4

Respectfully Submitted,

KOHNER, MANN & KAILAS, S.C.

*Ryan M. Billings*

RMB

cc: All Counsel of Record (via ECF)