```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CONVERGEN ENERGY LLC, et al.,                                     :
                                                                  :
                              Plaintiffs,                         :
                                                                  :        20-cv-3746 (LJL)
         -v-                                                      :
                                                                  :        ORDER
STEVEN J. BROOKS, et al.,                                         :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2020

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move to seal the arbitration demand (the "Demand") that Defendants filed as an exhibit to their letter opposing Plaintiffs' motion to declare this Court's September 16, 2020 Opinion and Order final and appealable under Fed. R. Civ. P. 54(b). Dkt. No. 173; *see* Dkt. No. 170-1. The Demand concerns the pending arbitration regarding the Acquisition Agreement brought by certain of the Defendants against Plaintiffs and other parties. Plaintiffs argue that the Demand contains "highly proprietary information about Libra's business operations, finances and payroll, including false allegations about such subjects (e.g., paragraphs: 13 – 21, 24 – 30, 33 – 36, 38 – 41, 43, ad 50)" and that Brooks' employment agreement with Libra precluded the public disclosure of such information. Dkt. No. 173 at 1. Defendants oppose this motion.

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing and must be consistent with the presumption in favor of public access to judicial documents. A party resisting disclosure may articulate countervailing factors that can outweigh the presumption of public access, including privacy interests and "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978); *see United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

Plaintiffs' motion is denied. The Court has examined the paragraphs at issue and has concluded they do not contain highly (or in most cases, any) proprietary information. Most of these paragraphs also clearly contain allegations rather than facts about Plaintiffs or their business operations. To the extent these paragraphs discuss Plaintiffs' business transactions, they discuss past or completed transactions. Nor have Plaintiffs demonstrated how the public disclosure of this information "might harm [Plaintiffs'] competitive standing." *Nixon*, 435 U.S. at 598; *see Ashmore v. CGI Grp. Inc.*, 138 F. Supp. 3d 329, 351 (S.D.N.Y. 2015) ("[T]he party seeking non-disclosure 'must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.'") (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)). Indeed, the fact that Plaintiffs waited over one month from the time the Demand was filed publicly to file their motion to seal suggests that it did not contain such harmful information.

Plaintiffs' reliance on Brooks' employment agreement is misplaced. Although the agreement may prevent Brooks from sharing "proprietary, trade secrets and confidential information concerning the business of the Company and its Affiliates" pertaining to certain categories, the parties' consent or the fact that information is subject to a confidentiality agreement is not by itself a valid basis to overcome the presumption in favor of public access. Dkt. No. 173-1.[1]

Also pending before this Court is Defendants' motion to seal an exhibit titled "smoking gun.txt" that they submitted with their opposition to Plaintiffs' motion for a preliminary injunction. Dkt. No. 135. That exhibit was filed as a sealed exhibit on the docket pending this

---

[1] The Court declines to say whether the filing of the Demand violated the employment agreement.

2

Court's determination.  Dkt. No. 136.

"In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public."  *Amodeo*, 71 F.3d at 1051.  "Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."  *Id.*; *cf. Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (warning that "the presumption of public access to court documents has the potential to exacerbate [the] harms to privacy and reputation").  The privacy interests of "innocent third parties" in particular "should weigh heavily in a court's balancing equation."  *Amodeo*, 71 F.3d at 1050-51.

The Court grants the motion to seal.  The exhibit contains a two-page "personal set of notes related to a private relationship between one third-party and another third-party."  Dkt. No. 135 at 1.  The disclosure of the notes might cause embarrassment to the third-party author—whose name has already been revealed through public filings in this action—as well as to the third-party subject of the notes, neither of which is a party to this action.  Additionally, based on the nature of the notes, it seems unlikely that the exhibit is ripe for redaction.  Notably, Plaintiffs did not oppose Defendants' motion.

For the foregoing reasons, Plaintiffs' motion to seal at Dkt. No. 173 is denied and Defendants' motion to seal at Dkt. No. 135 is granted.

SO ORDERED.

Dated: December 17, 2020
      New York, New York

_____
            LEWIS J. LIMAN
          United States District Judge